Exhibit 1

**From:**          Robinson, Christopher
**Sent:**          Thursday, July 30, 2015 10:02 PM
**To:**            'lldfojai@earthlink.net'; 'david@centerformedicalprogress.org';
                   'pjonna@ConscienceDefense.org'; 'info@biomaxps.com';
                   'info.operationrescue@gmail.com'
**Cc:**            Foran, Derek F.
**Subject:**       NAF v. CMP et al. -- Notice of Application for Ex Parte Temporary Restraining Order
**Attachments:**   2015-07-30 Letter re Notice of Ex Parte TRO.pdf


To The Center for Medical Progress, Biomax Procurement Services LLC, David Daleiden, and Troy Newman:

Please see the attached letter from Derek Foran.

Thank you,

**Christopher Robinson**
Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
P: +1 (415) 268.6657 | F: +1 (650) 251.3925 | C: +1 (650) 387.5992
ChristopherRobinson@mofo.com | www.mofo.com

# MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

July 30, 2015

Writer's Direct Contact
+1 (415) 268.6323
DForan@mofo.com

The Center for Medical Progress
Attn. Catherine Short
15333 Culver Dr., Suite 340-819
Irvine, CA 92604
(707) 224-6676, (858) 759-9133
lldfojai@earthlink.net,
*Via email*

Biomax Procurement Services, LLC
10929 Firestone Blvd #246
Norwalk, Ca 90650
info@biomaxps.com
*Via email*

David Daleiden
15333 Culver Dr., Suite 340-819
Irvine, CA 92604
(949) 734-0859
david@centerformedicalprogress.org
*Via email*

Troy Newman
10529 SW 30th St.
Towanda, KS 67144
(316) 841-1700
info.operationrescue@gmail.com
*Via email*

Paul M. Jonna, Esq.
P.O. Box 9520
Rancho Sante Fe, Ca 92067
(858) 759-9133
pjonna@ConscienceDefense.org
*Via email*

## NOTICE OF APPLICATION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE, PRELIMINARY INJUNCTION, AND EXPEDITED DISCOVERY

**To The Center for Medical Progress, Biomax Procurement Services LLC, David Daleiden, and Troy Newman:**

I am outside litigation counsel for the National Abortion Federation (NAF).  I have been retained on behalf of NAF to pursue federal and state claims against each of you, collectively and individually.  I have included Mr. Jonna in this correspondence because I understand he is outside counsel for The Center for Medical Progress (CMP).

sf-3560410

MORRISON | FOERSTER

The Center for Medical Progress
July 30, 2015
Page Two

As is now clear from numerous interviews given by Mr. Daleiden, and from press releases issued by CMP and Mr. Newman's Operation Rescue, each of you engaged in a long-running illegal conspiracy to defraud NAF.  You accomplished that fraud by setting up a fake company ("Biomax Procurement Services, LLC") and by sending fake employees of that company with fake identities to gain access to NAF's annual meetings in 2014 and 2015. Mr. Daleiden, for example, assumed the fake name "Robert Sarkis" for this purpose.

As you know, NAF takes security around its annual meetings extremely seriously given the decades-long campaign of intimidation, harassment, and physical violence perpetrated by anti-abortion extremists against abortion providers in the United States.  No one outside of NAF membership is permitted to enter NAF's annual meetings unless they register in advance.  Everyone, including NAF members, must make truthful, complete, and non-misleading representations about their businesses; present valid photo identification; and sign confidentiality agreements promising (among other things) not to make video, audio, photographic, or other recordings at the meetings, to hold in trust and confidence any information received at the meetings, and to refrain from reproducing or disclosing any such information without NAF's express permission.  These precautions are regrettably necessary to protect NAF and its members from harassment, intimidation, violence, intrusion of privacy, and injury to reputation by anti-abortion extremists.

To circumvent NAF's security measures and gain access to NAF's annual meetings, Mr. Daleiden and his co-conspirators misrepresented the nature of their business, misrepresented their names and identifications, and signed confidentiality agreements with NAF that they had no intention of honoring.  Their illegal conspiracy had one aim:  to vilify abortion providers, including NAF members, in the national media by releasing surreptitiously taken, selectively-edited, and highly misleading video and audio recordings taken in violation of numerous state and federal laws.  CMP and Daleiden boast of having hundreds if not thousands of hours of such recordings, and have threatened to release one every week going forward.  In the tapes you have released to date, NAF's annual meetings are expressly referenced, as are the names of numerous NAF members.  You have acted without any regard for the law, and without any regard for the safety, security, and privacy of NAF's members.

The public release of any recordings taken at NAF's annual meetings would be a flagrant violation of your confidentiality agreements with NAF, as would the disclosure or misuse of any confidential information you obtained at NAF's annual meetings.  Such an irresponsible course of action would expose NAF's members to the same vitriolic and hateful rhetoric currently directed to the initial victims of your conspiracy, and would cause irreversible harm to their privacy, their reputations, and could even incite acts of violence against their persons.

sf-3560410

**MORRISON | FOERSTER**

The Center for Medical Progress
July 30, 2015
Page Three

We cannot permit this to happen.  We demand that you, your officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them, refrain from:

1.  publishing or otherwise disclosing to any third party any video, audio, photographic, or other recordings taken, or any confidential information learned, at any NAF annual meetings;

2.  publishing or otherwise disclosing to any third party the dates or locations of any future NAF meetings;

3.  publishing or otherwise disclosing to any third party the names or addresses of any NAF members learned at any NAF annual meetings;

4.  attempting to gain access to any future NAF meetings.

We also demand that you immediately return to NAF all information — including audio, video, or photographic recordings — that you and your co-conspirators illegally obtained at NAF's annual meetings, and immediately destroy all copies (whether electronic or otherwise) in your possession, custody, or control.

If you fail to provide us with adequate assurances that you have taken these steps, which would include your stipulation to a court order agreeing to be bound by the above provisions, we will have no choice but to obtain **an *ex parte* temporary restraining order, order to show cause, and preliminary injunction** seeking any or all of the relief outlined above.

We intend to move for an *ex parte* temporary restraining order, order to show cause, and preliminary injunction **on Friday, July 31, 2015**, in the United States District Court for the Northern District of California, San Francisco.  We also intend to request a hearing on that same day on our application.  In addition, we intend to file a motion to shorten time and a motion for expedited discovery to be heard by the Court at the same time.

Please let me know right away whether you intend to appear at the hearing and/or oppose the *ex parte* motion for a temporary restraining order, or if you will stipulate to the relief sought. Please also let me know if you will stipulate to our motion to shorten time in connection with our motion for expedited discovery.

NAF reserves all rights and remedies available under the law.

MORRISON | FOERSTER

The Center for Medical Progress
July 30, 2015
Page Four

Sincerely,

Derek F. Foran