UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ABORTION FEDERATION,<br><br>     Plaintiff,<br><br>     v.<br><br>CENTER FOR MEDICAL PROGRESS, et al.,<br><br>     Defendants. | Case No. 15-cv-03522-WHO<br><br>**ORDER KEEPING TEMPORARY RESTRAINING ORDER IN EFFECT UNTIL RESOLUTION OF REQUEST FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 3, 5 and 6 |

On Friday, July 31, 2015, plaintiff National Abortion Federation ("NAF") filed and I granted its motion for a temporary restraining order in order to preserve the status quo since the moving papers led me to conclude that NAF was likely to prevail on the merits of its claims, the balance of hardships tipped in its favor, it would be likely to suffer irreparable injury absent the order, and issuance of the order was in the public interest. Because the defendants did not have an opportunity to respond, I set a hearing on August 3, 2015 to allow a written response and oral argument. *See* Dkt. No. 15. Pending the hearing, I ordered that defendants were restrained and enjoined from:

(1) publishing or otherwise disclosing to any third party any video, audio, photographic, or other recordings taken, or any confidential information learned, at any NAF annual meetings;

(2) publishing or otherwise disclosing to any third party the dates or locations of any future NAF meetings; and

(3) publishing or otherwise disclosing to any third party the names or addresses of any NAF members learned at any NAF annual meetings.

Having now reviewed defendants' arguments and declarations, and after the hearing, I ORDER that the temporary restraining order remain in effect until I decide the motion for a preliminary injunction.

1    Critically, the parties do not disagree about NAF's central allegations: defendants assumed
2    false identities, created a fake company, and lied to NAF in order to obtain access to NAF's
3    annual meetings and gain private information about its members. To do so, defendants entered
4    into confidentiality agreements in which they promised not to disclose to third parties "any
5    information which [was] disclosed orally or visually" to them or to other members without NAF's
6    consent. Dkt. No. 3-7. Defendants also did not dispute that the Exhibitor Agreement that they
7    signed, giving them access to the NAF annual meetings, states that NAF would be entitled to
8    injunctive relief in the event of a breach because monetary damages would not be a sufficient
9    remedy.

10    Defendants recently revealed their true identities. They unquestionably breached their
11    agreements with NAF, apparently for the purpose of disclosing what they believe are NAF's
12    illegal activities. NAF seeks relief from this Court because defendants have obtained confidential
13    information in violation of the confidentiality agreements and threaten to publish this information,
14    and because publication would cause irreparable injury. The evidence presented by NAF,
15    including that defendants' recent dissemination of videos of and conversations with NAF affiliates
16    has led to harassment and death threats for the individuals in those videos, is sufficient to show
17    irreparable injury for the purposes of the temporary restraining order.

18    Defendants concede that NAF has standing on at least some of the claims in the complaint.
19    Their other arguments to defeat or narrow injunctive relief may be renewed during the argument
20    over the request for a preliminary injunction, but they appear insufficient to tip the analysis of
21    either the merits or irreparable injury in their favor. Defendants' counsel candidly agreed that he
22    was not aware of any case that has held that a party who (1) by false pretenses gains access to
23    confidential information, (2) promises to keep the information confidential, and (3) agrees that
24    breach of his agreement would subject him to injunctive relief, may nonetheless violate that
25    agreement because of his First Amendment rights. Neither am I. That set of issues is material to
26    my analysis.

27    The temporary restraining order that I issued on July 31, 2015 and repeated orally at the
28    hearing and in the first paragraph of this Order remains in effect pending resolution of the

preliminary injunction motion.  A hearing on that motion is set for **Thursday, August 27, 2015 at 4:00 p.m.**  NAF shall file a motion for preliminary injunction by **August 19, 2015**.  Defendants shall file a response by **August 24, 2015**.  NAF shall file a reply by **August 26, 2015**.

NAF also filed a motion for expedited discovery and a motion to shorten time for the briefing and hearing on that motion.  Dkt. Nos. 5, 6.  I GRANT the motion for expedited discovery.  The motion to shorten time is MOOT.  Discovery may be served by 12:00 p.m. on Wednesday, **August 5, 2015**.  The parties may submit any discovery disputes in a joint discovery letter by **12:00 p.m. on Friday, August 7, 2015**.  If there are disagreements, a hearing will be held at **4:00 p.m. on Friday, August 7, 2015**.

**IT IS SO ORDERED**.

Dated: August 3, 2015



WILLIAM H. ORRICK  
United States District Judge