1  LINDA E. SHOSTAK (CA SBN 64599)
   LShostak@mofo.com
2  DEREK F. FORAN (CA SBN 224569)
   DForan@mofo.com
3  CHRISTOPHER L. ROBINSON (CA SBN 260778)
   ChristopherRobinson@mofo.com
4  Morrison & Foerster LLP
   425 Market Street
5  San Francisco, California  94105-2482
   Telephone: 415.268.7000
6  Facsimile: 415.268.7522
   Attorneys for Plaintiff
7  NATIONAL ABORTION FEDERATION (NAF)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL ABORTION FEDERATION (NAF), | Case No.    3:15-cv-3522-WHO |
| Plaintiff, | **NATIONAL ABORTION FEDERATION (NAF)'S AMENDED ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL (REPLACING DKT. NO. 58)** |
| v. | |
| THE CENTER FOR MEDICAL PROGRESS, BIOMAX PROCUREMENT SERVICES LLC, DAVID DALEIDEN (aka "ROBERT SARKIS"), and TROY NEWMAN, | |
| Defendants. | Date Action Filed:    July 31, 2015<br>Trial Date: |

Pursuant to Civil L.R. 7-11 and 79-5 and in accordance with the Court's Order re Motion to Clarify TRO and Motion to Seal (Dkt. No. 64), Plaintiff National Abortion Federation ("NAF") respectfully submits this Amended Administrative Motion To File Certain Documents Under Seal (Replacing Dkt. No. 58), requesting leave of Court to file under seal NAF's Motion for an Order to Show Cause Why Defendants The Center For Medical Progress and David Daleiden (aka "Robert Sarkis") Should Not Be Held in Contempt ("Motion") (Dkt. No 58-3), Exhibit 1 to NAF"s Motion for Order to Show Cause (Dkt. No. 58-6), Defendants' Motion to Clarify Temporary Restraining Order and documents submitted in support (Dkt. Nos. 57, 57-3, and 57-4), as well as Exhibits 5 and 18 to the Declaration of Derek F. Foran in Support of NAF's Motion for Temporary Restraining Order and Preliminary Injunction ("Foran Declaration"). (Dkt. Nos. 3-7 and 3-20.)

**REQUIRED CERTIFICATIONS**

Pursuant to the Court's Standing Order of Administrative Motions to File Under Seal, NAF makes the following statements:

NAF certifies that it has reviewed and complied with the Court's Standing Order of Administrative Motions to File Under Seal.

NAF certifies that it has reviewed and complied with Civil Local Rule 79-5.

NAF identifies the documents to be sealed as follows:

- Docket No. 58-3 (NAF's Motion for an Order to Show Cause Why Defendants The Center For Medical Progress and David Daleiden (aka "Robert Sarkis") Should Not Be Held in Contempt);
- Docket No. 58-6 (Exhibit 1 to NAF's Motion for Order to Show Cause);
- Docket No. 57 (Defendants' Motion to Clarify Temporary Restraining Order);
- Docket No. 57-3 (August 7, 2015 Letter Between Derek Foran and Brian Chavez-Ochoa);
- Docket No. 57-4 (August 10, 2015 Letter Between Catherine Short and Derek Foran);
- Docket No. 3-7 (Exhibit 5 to the Declaration of Derek F. Foran in Support of

1  NAF's Motion for Temporary Restraining Order and Preliminary Injunction); and

2  • Docket No. 3-20 (Exhibit 18 to the Declaration of Derek F. Foran in Support of

3  NAF's Motion for Temporary Restraining Order and Preliminary Injunction).

NAF identifies that it is the entity that will designate the materials to be sealed as confidential. NAF identifies that the above documents should be filed under seal because they are comprised of confidential material that is subject to the Court's Order granting NAF's motion for a temporary restraining order. NAF certifies that it has provided all other material required by the Local Rule, including courtesy copies in the correct format.

## ARGUMENT

The Ninth Circuit has held that the presumption of access to judicial records does not apply where the documents at issue are being filed in connection with a non-dispositive motion. *See In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (recognizing an exception to the presumption of access to judicial records in the context of non-dispositive motions, and stating that, "[u]nder the exception, the usual presumption of the public's right of access is rebutted" (citation and internal quotation marks omitted)).  In such circumstances, the appropriate legal standard is "good cause" and the court may issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citing Fed. R. Civ. P. 26(c)).

Here, there is no question that NAF's Motion for an Order to Show Cause ("Motion") is not a dispositive motion, and that the "good cause" standard therefore applies. As described below, this standard is easily met because of the interest in protecting individuals from harassment and threats to their safety.

**I.   THE COURT ALREADY DETERMINED THAT THE INFORMAITON AT ISSUE WARRANTS PROTECTION WHEN IT ISSUED THE TRO.**

NAF seeks to file its Motion and accompanying exhibits under seal, as well as the exhibits in support of the Foran Declaration. Portions of those papers describe and reveal highly confidential information that is subject to the parties' confidentiality agreements and the Court's

1  Temporary Restraining Order ("TRO"). *See*, *e.g.*, *Phillips ex rel. Estates of Byrd v. Gen. Motors*
2  *Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (recognizing that, where a court has previously
3  prevented public access to certain materials, this weighs in favor of a finding that good cause
4  exists to grant a sealing motion). Other portions identify websites and articles relating to NAF
5  members that, if not sealed, would reveal the identities of NAF members subject to the TRO.
6  (*See also* Dkt. 67 at 2.) Filing these documents in the public record would defeat the purpose of
7  the Court's TRO, which enjoins Defendants from "publishing or otherwise disclosing to any third
8  party any video, audio, photographic, or other recordings taken, or any confidential information
9  learned, at any NAF annual meetings," (Dkt. No. 27 at 1:20-21) as well as from "publishing or
10 otherwise disclosing to any third party the names or addresses of any NAF members learned at
11 any NAF annual meetings." (*Id.* at 1:24-25.)

12 **II.     SEALING IS NECESSARY TO PREVENT HARASSMENT, INTIMIDATION,
             VIOLENCE, AND INVASION OF PRIVACY TOWARDS INDIVIDUALS
13           IDENTIFIED IN NAF'S MOTION.**

14        As discussed in the Declaration of Vicki Saporta in support of National Abortion
15 Federation (NAF)'s Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt.
16 No. 3), the information that Defendants are publicizing—including the information learned from
17 NAF's annual meetings that is the subject of this Motion to Seal—constitute a threat to the safety
18 and security of the attendees of NAF's meetings. (Dkt. No. 3-34 ("Saporta Decl.") ¶ 19.) Many
19 of NAF's members have been targeted by anti-abortion extremists. (*Id.* ¶ 15.) They have been
20 stalked, threatened, and intimidated, including being picketed at their homes, churches, and their
21 children's schools. (*Id.*) Some members have had death threats made against them, and bomb
22 threats made against their clinics. (*Id.*) Others are forced to wear bullet-proof vests to work.
23 (*Id.*) Attendees have had their names put on threatening "wanted" posters and websites featuring
24 their photos and personal information that are intended to incite violence against them. (*Id.*)
25 Websites (such as http://www.christiangallery.com/atrocity/aborts.html) continue to tout attacks
26 on abortion providers, complete with graphical depictions of dripping blood, lists of attacks on
27 providers ("Aborted and Nearly Aborted Abortionists"), lists of future targets ("Blood Flunkys"),
28 and calls for more targets ("SEND US MORE NAMES!"). (Decl. of Christopher L. Robinson in

Supp. of NAF's Amended Admin. Mot. to File Under Seal ¶ 6.)[1]

Because of this extreme violence perpetrated against NAF and its members, NAF goes to great lengths to protect the discussions that take place at it meetings. This violence has forced NAF to adopt broad security and privacy measures at is annual meetings in order to protect the content of NAF meetings. These measures include, among other things, providing extensive security at meetings as well as requiring that attendees sign nondisclosure agreements, which forbid them from taking photographs, making recordings, or sharing information learned at NAF meetings with third parties. (Saporta Decl. ¶¶ 6-13.)

Notably, individuals who are mentioned in the videos and transcripts that Defendants have posted—like the individuals whose identities and conversations are at issue in this Motion to Seal—have become targets of anti-abortion extremist violence. Anonymous internet posts have leveled death threats against the CEO of a lawful tissue procurement organization, StemExpress, who was named in the Nucatola video. These threats called the person in question "a death-profiteer" who "should be hung by the neck using piano wire and propped up on the lawn in front of the building with a note attached . . . ." (*Id.* ¶ 19.) The person posting went on to identify where the CEO lives and stated: "I'm going there . . . I'll pay ten grand to whomever beats me to [CEO] . . . [CEO] must die to save the innocents." (*Id.*)

In addition, there is evidence that anti-abortion activists are closely watching the filings in this case. Since this suit was filed, numerous references to this case have appeared online, including within blogs, Twitter, and message boards. As one example, a blog post titled "NAF's Suit Against The Center For Medical Progress Is A Goldmine" calls for readers to "crowd-source our fellow-traveler's case" and "flood social media with mockery of NAF's self-damning assertions." (Robinson Decl. ¶ 4.) It identifies named counsel for NAF and states "This is your Adversary. Will you rise to the occasion?" (*Id.*) Facebook posts about this case—and this

---

[1] At least one court has found that this website, standing alone, would justify refusing to grant relief to counsel for Daleiden/CMP/Biomax, in a Public Records Act suit that sought the names of physicians, clinicians and stakeholders who participated in a health workplace pilot project at UCSF. *Life Legal Defense Foundation v. Univ. of Cal. Bd. of Regents*, RG12-625716 (May 17, 2012) (attached as Ex. 1 to Robinson Decl.)

NAF'S AMENDED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
CASE NO. 3:15-cv-3522-WHO    4
sf-3567379

1  Court— are also disturbing.  (*Id.* ¶ 5.)

2       As explained in more detail in the accompanying Declaration of Christopher L. Robinson in support of this motion, NAF's sealing request is "narrowly tailored to seek sealing only of sealable material," as Local Rule 79-5(b) requires.  There is no need to disclose to the public the granular details of the issues specific to NAF's and Defendants' motions or the exhibits in support.  Indeed, the purpose of NAF's Motion for an Order to Show Cause and accompanying exhibits is to address Defendants' continuing publication of materials in a manner that runs afoul of the Court's Temporary Restraining Order.  NAF's request to file these documents under seal serves to protect NAF and its members from additional harm, without hindering the public's understanding of the issues in this case.

     Because public disclosure of the information contained in the above referenced documents would cause NAF and its members continuing substantial harm, the "good cause" standard is readily satisfied.  Accordingly, NAF respectfully requests that the Court grant its motion to seal.

Dated:  August 18, 2015

CHRISTOPHER L. ROBINSON
MORRISON & FOERSTER LLP

By: */s/ Christopher L. Robinson*
     Christopher L. Robinson

Attorneys for Plaintiff
NATIONAL ABORTION FEDERATION