1    [COUNSEL LISTED ON SIGNATURE PAGE]

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT,**
                   **NORTHERN DISTRICT OF CALIFORNIA**

9
     NATIONAL ABORTION FEDERATION          )  Case No. 3:15-cv-3522 (WHO)
10   (NAF),                                 )
                                            )  Hon. William H. Orrick, III
11                                          )
                    Plaintiff,              )
12        vs.                               )  JOINT STIPULATION AND ORDER
                                            )  REGARDING  DISCOVERY
13                                          )  SCHEDULE, MOTION SCHEDULE,
     THE CENTER FOR MEDICAL                 )  AND EXTENSION OF THE TRO
14   PROGRESS; BIOMAX PROCUREMENT           )
     SERVICES, LLC; DAVID DALEIDEN (aka     )
15   "ROBERT SARKIS"); and TROY             )
     NEWMAN,                                )
16                                          )
                                            )
17                  Defendants.             )

18

19

20

21

22

23

24

25

26

27

28

1

**<u>STIPULATION</u>**

2   Pursuant to Local Rules 6-2 and 7-12, National Abortion Federation ("NAF" or "Plaintiff")

3   and Defendants Center for Medical Progress, Biomax Procurement Services, LLC, David Daleiden

4   (aka "Robert Sarkis") and Troy Newman ("Defendants"), file this stipulation to, among other

5   things, (1) effect a limited stay of discovery and deadlines associated with certain calendared

6   motions pending resolution of the parties' dispute regarding the scope and applicability of asserted

7   Fifth Amendment protections, (2) slightly adjust the briefing schedule set by the Court to resolve

8   whether the Fifth Amendment privilege may be invoked by the corporate entities, (3) confirm that

9   the Court's Temporary Restraining Order ("TRO") will remain in effect pending the Court's final

10  disposition on Plaintiff's preliminary injunction motion, subject to Court-ordered clarification or

11  modification, if any, and (4) ensure that certain individuals who obtained NAF confidential

12  information and are currently known only to Defendants agree to be bound by the TRO as if they

13  were named parties in the suit:

14  WHEREAS, on July 31, 2015, NAF filed its Complaint and moved for a temporary

15  restraining order, order to show cause, preliminary injunction, and motion for expedited discovery

16  (Docket Nos. 1, 3, 5);

17  WHEREAS, on the same day, the Court granted a temporary restraining order and order to

18  show cause, setting a hearing for August 3, 2015 (Docket No. 15);

19  WHEREAS, on August 3, 2015, the Court extended the temporary restraining order to

20  remain in effect pending resolution of NAF's preliminary injunction motion, finding that Plaintiff

21  was likely to succeed on the merits of its claims and that the evidence presented was sufficient to

22  show irreparable injury for the purposes of a temporary restraining order (Docket No. 27);

23  WHEREAS, on the same day, the Court granted Plaintiff's motion for expedited discovery,

24  finding good cause to grant discovery because it was necessary for the preliminary injunction

25  motion (Docket No. 27);

26  WHEREAS, on the same day, the Court ordered Plaintiff to file a preliminary injunction

27  motion by August 19, 2015, and set a hearing on that motion for August 27, 2015 (Docket No. 27);

28

1    WHEREAS, on August 5, 2015, the parties exchanged discovery requests, including

2  document requests, interrogatories, and deposition notices;

3    WHEREAS, on August 6, 2015, the parties submitted a stipulated request to extend the

4  preliminary injunction schedule to accommodate conflicts in the calendars of the witnesses, to

5  accommodate travel schedules for certain counsel of record, and to allow the parties more time to

6  engage in discovery and prepare papers in connection with Plaintiff's preliminary injunction

7  motion, and the Court granted that request (Docket No. 34);

8    WHEREAS, the Court's August 6, 2015 stipulated order set a deadline of September 4 to

9  complete discovery relating to Plaintiff's preliminary injunction motion, and set an August 20,

10  2015 deadline for the parties to submit a joint discovery letter concerning any discovery disputes

11  relating to Plaintiff's motion and a hearing on any such disagreements on August 21 (Docket No.

12  34);

13    WHEREAS, on August 17, 2015, Defendants Center for Medical Progress, Biomax, and

14  David Daleiden (aka "Robert Sarkis") filed a 65-page motion to strike the complaint and to dismiss

15  the case under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Docket No. 66-

16  1);

17    WHEREAS, on August 18, 2015 the Court set a briefing schedule on Defendants' motion to

18  strike the complaint and to dismiss and ordered that the discovery previously ordered in connection

19  with Plaintiff's preliminary injunction motion was unaffected by Defendants' motion to strike

20  (Docket No. 70);

21    WHEREAS, on August 19, 2015, the parties submitted a joint letter brief in which

22  Defendants maintained that all discovery was stayed as a result of the motion to strike the

23  complaint (Docket No. 74);

24    WHEREAS, on August 21, 2015, the Court issued an order holding that there was no merit

25  to Defendants' automatic stay argument because a stay would conflict with Rule 56 as well as the

26  Court's prior order finding good cause for preliminary injunction discovery under Rule 26 (Docket

27  No. 78);

28

1    WHEREAS, on the same day, the Court found that Plaintiff's written discovery requests

2  were narrow and appropriate, and directed Defendants to respond to those requests by August 25,

3  2015, including with a production of documents (Docket No. 78);

4    WHEREAS, on the same day, the Court acknowledged that Defendants had also issued

5  discovery requests to Plaintiff and stated that the parties' discovery obligations would be

6  reciprocal;

7    WHEREAS, on the same day, the Court directed that the depositions of Troy Newman,

8  David Daleiden, and a corporate representative of Center for Medical Progress/Biomax

9  Procurement Services LLC of three and a half hours be completed by September 4, 2015 (Docket

10  No. 78);

11    WHEREAS, on the same day, the Court ordered the parties to meet and confer concerning

12  any lingering disputes about Plaintiff's discovery requests or scheduling and to report back to the

13  Court when the discussion was concluded (Docket No. 78);

14    WHEREAS, on the same day, in the meet-and-confer ordered by the Court, counsel for

15  Defendants advised Plaintiff that each of them – including counsel for the corporate entities Center

16  for Medical Progress and Biomax Procurement Services LLC – would advise their clients to assert

17  their Fifth Amendment right against self-incrimination, including with respect to production of

18  documents, answers to interrogatories, and deposition testimony;

19    WHEREAS, on the same day, the parties agreed that in light of Defendants' anticipated

20  Fifth Amendment objections, the schedule on Plaintiff's preliminary injunction motion and certain

21  Defendants' motion to strike and to dismiss the Complaint needed to be adjusted, and that the

22  parties and the Court would benefit from an early resolution on the issue of whether Center for

23  Medical Progress and Biomax Procurement Services LLC could object to discovery on the basis of

24  the Fifth Amendment (Docket No. 78);

25    WHEREAS, the parties initially agreed – and the Court ordered – a briefing schedule on the

26  assertion of the Fifth Amendment by Center for Medical Progress and Biomax Procurement

27  Services LLC that would have required Plaintiff to file an opposition to that motion on September

28

1  7, 2015 (Labor Day), and the parties now wish to move the proposed deadlines for the responsive

2  brief to accommodate the holiday;

3      WHEREAS, two prior modifications have been made to the schedule in this matter,

4  including: (1) the parties stipulated to a schedule extending the briefing and hearing schedule on

5  NAF's preliminary injunction motion (Doc. 34), which was granted on August 6, 2015 (Doc. 34);

6  and (2) the parties stipulated to shorten time regarding Defendants' two motions for clarification

7  (Doc. 60-3 & 61), which was filed with the Court on August 20 (Dkt. No. 75) and granted on the

8  same day (Dkt. No. 76).

9      NOW THEREFORE, IT IS HEREBY STIPULATED and agreed to by and between the

10  parties, subject to the approval of the Court, that:

11      1.      The briefing and hearing schedule on Plaintiff's preliminary injunction motion is

12  vacated;

13      2.      The briefing and hearing schedule on Defendants' motion to strike and to dismiss

14  the Complaint is vacated;

15      3.      The current briefing and hearing schedule on Defendants' motion to clarify the

16  temporary restraining order (Dkt Nos. 60-3 and 61) remains in effect;

17      4.      The discovery schedule set by the Court on Plaintiff's preliminary injunction motion

18  is hereby vacated.  The parties shall meet and confer on a new schedule after the Court issues its

19  order on the motion regarding the assertion of the Fifth Amendment by Center for Medical

20  Progress and Biomax Procurement Services LLC.

21      5.      Regarding Center for Medical Progress and Biomax Procurement Services LLC's

22  assertion of the Fifth Amendment, Defendants shall submit an opening brief on **August 31, 2015**.

23  Plaintiff shall submit any opposition by **September 8, 2015**.  Defendants shall submit a reply by

24  **September 11, 2015**.  The Court shall set a hearing on this motion at its discretion.

25      6.      The Court's temporary restraining order (as modified, if at all, by the pending

26  motions for clarification or any subsequent modification or clarification), shall remain in effect

27  through the Court's final disposition on NAF's preliminary injunction motion.

28

1    7.    The individuals that the Complaint alleged identified themselves with the following

2  aliases to gain access to Plaintiff's annual meetings agree to be bound by the temporary restraining

3  order as if they were named parties in the suit: Susan Tennenbaum, Brianna Allen, Rebecca

4  Wagner, Adrian Lopez, and Philip Cronin.  Defendants shall provide each of the foregoing

5  individuals with a copy of the Court's temporary restraining order, with any order issued upon this

6  stipulation, and with any future order that affects, modifies, extends or alters the TRO in any way

7

8  Dated: August 24, 2015                    LINDA E. SHOSTAK (CA SBN 64599)
                                             DEREK F. FORAN (CA SBN 224569)
9                                            CHRISTOPER L. ROBINSON
                                             (CA SBN 260778)
10                                           MORRISON & FOERSTER LLP
                                             425 Market Street
11                                           San Francisco, California 94105-2482
                                             Telephone: 415.268.7000
12                                           Facsimile: 415.268.7522
                                             Email:  LShostak@mofo.com
13                                           Email:  Dforan@mofo.com
                                             Email:  ChristopherRobinson@mofo.com
14

15
                                             By:    /s/ Derek F. Foran
16                                                  DEREK F. FORAN

17                                           *Attorneys for Plaintiff  NATIONAL
                                             ABORTION FEDERATION (NAF)*
18

19

20

21

22

23

24

25

26

27

28

1  Dated:  August 24, 2015

By:   /s/ Carly F. Gammill
        Carly F. Gammill

2

3  BRIAN R. CHAVEZ-OCHOA (CA Bar 190289)
   brianr@chavezochoalaw.com
   CHAVEZ-OCHOA LAW OFFICES, INC.

4  4 Jean Street, Suite 4
   Valley Springs, CA 95252

5  Tel: (209) 772-3013; Fax: (209) 772-3090

6  EDWARD L. WHITE III (MI Bar P62485)
   ewhite@aclj.org

7  ERIK M. ZIMMERMAN (MI Bar P78026)
   ezimmerman@aclj.org

8  AMERICAN CENTER FOR LAW & JUSTICE

9  3001 Plymouth Road, Suite 203
   Ann Arbor, MI 48105

10 Tel:  (734) 680-8007
   Fax:  (734) 680-8006

11 E-Mail:

12 CARLY F. GAMMILL (TN Bar 28217)
   cgammill@aclj-dc.org

13 ABIGAIL A. SOUTHERLAND (TN Bar 022608)

14 asoutherland@aclj.org
   AMERICAN CENTER FOR LAW & JUSTICE

15 201 Maryland Avenue, NE

16 Washington, DC 20002
   Tel:  (202) 546-8890

17 Fax:  (202) 546-9309

18 *Attorneys for Defendant,*
   *Troy Newman*

19

20 Dated:  August 24, 2015

By:  /s/ D. John Sauer
      D. John Sauer

21

22 CATHERINE W. SHORT (CA Bar 117442)
   LIFE LEGAL DEFENSE FOUNDATION
   P.O. Box 1313

23 Ojai, CA 93024-1313
   Tel:  (707) 337-6880

24 Fax:  (805) 640-1940
   E-Mail:  LLDFOjai@earthlink.net

25

26 D. John Sauer
   James Otis Law Group, LLC

27 231 South Bemiston Ave., Suite 800
   St. Louis, Missouri 63105

28 Email: jsauer@jamesotis.com

1

2

3   Thomas Brejcha
    Thomas More Society
4   19 La Salle St., Ste 603
    Chicago, IL 60693
5   Email: tbrejcha@thomasmoresociety.org

6   Attorneys for Defendants,
    The Center for Medical Progress,
7   Biomax Procurement Services LLP,
    David Daleiden (aka "Robert Sarkis")

8

9

10

11  **ATTESTATION OF E-FILED SIGNATURE**

12      I, Derek F. Foran, am the ECF User whose ID and password are being used to file this

13  JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY SCHEDULE,

14  MOTION SCHEDULE, AND EXTENSION OF THE TRO.  In compliance with General Order 45,

15  X.B., I hereby attest that Carly Gammill and D. John Sauer concur in this filing.

16  Dated:  August 24, 2015              _____*/s/ Derek Foran*_____
                                                DEREK F. FORAN
17

18

19

20

21

22

23

24

25

26

27

28

1

**ORDER**

2

PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4

The hearing on the Fifth Amendment issues referred to in paragraph 5 of the above

5

Stipulation shall be held on **September 18, 2015** at 10 a.m. in Courtroom 2, 17th floor.

6

7

8

9

Dated:  August 25, 2015

Honorable William H. Orrick, III
United States District Court

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28