1 LINDA E. SHOSTAK (CA SBN 64599)
  LShostak@mofo.com
2 DEREK F. FORAN (CA SBN 224569)
  DForan@mofo.com
3 CHRISTOPHER L. ROBINSON (CA SBN 260778)
  ChristopherRobinson@mofo.com
4 MORRISON & FOERSTER LLP
  425 Market Street
5 San Francisco, California  94105-2482
  Telephone: 415.268.7000
6 Facsimile: 415.268.7522

7 Attorneys for Plaintiff
  NATIONAL ABORTION FEDERATION (NAF)

8

9

10       UNITED STATES DISTRICT COURT

11       NORTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  NATIONAL ABORTION FEDERATION (NAF), | Case No. 3:15-cv-3522-WHO |
| 14      Plaintiff, | Hon. William H. Orrick, III |
| 15    v. | **STIPULATED PROTECTIVE ORDER FOR PURPOSES OF EXPEDITED PRELIMINARY INJUNCTION DISCOVERY** |
| 16  THE CENTER FOR MEDICAL PROGRESS, BIOMAX PROCUREMENT SERVICES LLC, | |
| 17  DAVID DALEIDEN (aka "ROBERT SARKIS"), and TROY NEWMAN, | |
| 18 | Date Action Filed: July 31, 2015 |
|       Defendants. | Trial Date: |
| 19 | |

20

21

22

23

24

25

26

27

28

## 1.  **PURPOSES AND LIMITATIONS**

1.1     Plaintiff National Abortion Federation ("NAF") and Defendants the Center for Medical Progress, Biomax Procurement Services, LLC, David Daleiden (aka "Robert Sarkis") and Troy Newman (collectively, "Defendants") submit that disclosure and discovery in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted.  Accordingly, the Parties hereby stipulate to and petition the court to enter the following stipulated protective order for the purposes of expedited preliminary injunction discovery (this "Stipulation and Order").  The Parties acknowledge that this Stipulation and Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the information or items that are entitled under the applicable legal principles to treatment as confidential.

1.2     This Protective Order shall not be construed to preclude the named parties and client representatives from attending depositions taken in this Action.

## 2.  **DEFINITIONS**

2.1     "Action" means the above-captioned action, presently pending in the United States District Court for the Northern District of California.

2.2     Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.3     Non-Party:  Any person, not a Party, who serves as a witness or provides Disclosure or Discovery Material in this Action.

2.4     Disclosure or Discovery Material:  All items or information, regardless of the medium or the manner in which it is generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things), that is produced or generated in disclosures or responses to discovery in this Action.

2.5     "CONFIDENTIAL" Information or Items:  Disclosure or Discovery Material that is non-public and that a Party or Non-Party in good faith believes must be held

confidential to protect personal privacy interests, confidential, proprietary, and/or commercially sensitive information, or otherwise has a compelling need for privacy.

2.6     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  Disclosure or Discovery Material that is extremely confidential and/or sensitive in nature, including highly sensitive personal privacy information , disclosure of which to another Party or Non-Party the Producing Party reasonably believes is likely to cause a substantial risk of serious injury that could not be avoided by less restrictive means.  This includes all NAF Personal Identification Information as defined in paragraph 2.11 below.

2.7     Receiving Party:  A Party that receives Disclosure or Discovery Material provided, produced or made available for inspection by a Producing Party.

2.8     Producing Party:  A Party or Non-Party that provides, produces or makes available for inspection Disclosure or Discovery Material in the course of this Action.

2.9     Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

2.10     Protected Material:  Any Disclosure or Discovery Material that is designated as or deemed to be CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

2.11     NAF Personal Identification Information:  Any Disclosure or Discovery Material that NAF produces or discloses may contain information related to NAF that reveals private identifying information.  Given the highly sensitive nature of this Action and the privacy interests involved, such information is defined broadly to include:

(a)     Names of NAF staff, NAF members, and any attendees or other participants of any NAF Annual Meeting;

(b)     Security code words used by NAF;

(c)     All photos, videos or audio recordings of NAF staff, NAF members, and any attendees or other participants of any NAF Annual Meeting;

(d) Social-security numbers of NAF staff, NAF members, and any attendees or participants at any NAF Annual Meeting;

(e) Taxpayer-identification numbers of NAF, NAF staff, NAF members, and any attendees or participants at any NAF Annual Meeting;

(f) Any financial account numbers of NAF, NAF staff, NAF members, and any attendees or participants at any NAF Annual Meeting;

(g) Birthdates of NAF staff, NAF members, and any attendees or participants at any NAF Annual Meeting;

(h) Direct telephone numbers of NAF staff, NAF members, and any attendees or participants at any NAF Annual Meeting;

(i) Drivers' License numbers of NAF staff, NAF members, and any attendees or participants at any NAF Annual Meeting;

(j) Addresses of NAF staff, NAF members, and any attendees or participants at any NAF Annual Meeting; and

(k) Email addresses of NAF staff, NAF members, and any attendees or participants at any NAF Annual Meeting.

2.12 <u>Outside Counsel</u>:  Attorneys who are not employees of a Party but who are employed at law firms that appear on the pleadings as counsel for a Party in this Action and who have been admitted to practice before the United States District Court of the Northern District of California  in this Action (including by *pro hac vice* admission).

2.13 <u>In-House Counsel</u>:  Attorneys who are employees of a Party who have signed the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A-1.

2.14 <u>Non-Party Counsel</u>: Attorneys who represent a Non-Party and who have signed the "General Acknowledgment of Confidentiality and Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A-1.

2.15    Counsel (without qualifier):  Outside Counsel and In-House Counsel (as well as their support staffs).

2.16    Expert:  a person who has been retained by a Party or its Outside Counsel to serve as a testifying or non-testifying expert or consultant in this Action.  This definition includes any professional jury or trial consultant retained in connection with this Action but does not include mock jurors.

2.17    Professional Vendors:  Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4. **DURATION**

After the termination of this Action, the confidentiality obligations imposed by this Stipulation and Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

## 5. **DESIGNATING PROTECTED MATERIAL**

5.1     Procedures for Designating Material for Protection:  Any Party to this Action, or any Non-Party who produces Disclosure or Discovery Material, shall have the right to designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY any Protected Material it produces.  All Protected Material shall bear a legend on each page stating that the material is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  Materials designated as or deemed to be CONFIDENTIAL or HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY consistent with this Stipulation and Protective Order are subject to the provisions of this Stipulation and Protective Order and shall be protected, used, handled and disposed of in accordance with the provisions of this Stipulation and Protective Order.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards set forth herein.  A Designating Party must take care to designate for protection only those materials, documents, items, or oral or written communications that so qualify.

5.2     Manner and Timing of Designations:  Except as otherwise provided in this Stipulation and Protective Order (see, e.g., second paragraph of 5.2(a), below) or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulation and Protective Order must be clearly designated as such before the material is disclosed or produced.

Designation in conformity with this Stipulation and Protective Order requires:

(a)     For Information in Documentary Form (apart from transcripts of depositions or other pretrial proceedings):  That the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains Protected Material.  In order to speed up the process of producing large volumes of Protected Material, multi-page documents in which Protected Material is pervasive may be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" throughout.  Where it is not possible to affix a legend to particular Protected Material,

the Producing Party shall take reasonable steps to give all Receiving Parties notice of the Protected Material's status as such.  Except as otherwise agreed, within 45 days after receipt of Disclosure or Discovery Material, any Receiving Party may designate the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material, except that multi-page documents may be designated in accordance with the preceding paragraph.

(b)     For Testimony Given in Deposition or in Other Pretrial Proceedings:  Any Party or Non-Party offering or sponsoring the testimony may identify on the record, before the close of the deposition, hearing or other proceeding, all protected testimony and may further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Alternatively, within thirty (30) days of receipt of a transcript or recording of a deposition or other pretrial proceeding, the offering or sponsoring Party or Non-Party may designate such transcript or recording or any portion thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by notifying all Parties, in writing, of the specific pages and lines of the transcript or recording that should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  All transcripts or recordings of depositions or other pretrial proceedings shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for thirty (30) days after receipt of the transcript or recording, or until written notice of a designation

is received, whichever occurs first.   In the case of a Non-Party, testimony can be designated as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information by a Party, the Non-Party or upon agreement of the Parties.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony.

In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Stipulation and Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Stipulation and Protective Order in this Action or pursuant to written stipulation of the parties."

Except as stated in Section 1.2 above, counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Stipulation and Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c)    For Information Produced in A Form Other than Documentary, and for Any Other Tangible Items:  The Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(d)    For Inspection of Things or Premises:   The Producing Party shall state in writing prior to the inspection that "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or material will be revealed.

5.3     <u>Upward Designation of Information or Items Produced by Other Parties or Non-Parties</u>.  A Party may upward designate (i.e., change any documents or other material produced without a designation to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or change any Protected Material produced as "CONFIDENTIAL" to a designation of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,") any Disclosure or Discovery Material produced by any other Party or Non-Party, provided that said Disclosure or Discovery Material contains the upward designating Party's own CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, or otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c).  Upward designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Disclosure or Discovery Material to be re-designated within sixty (60) days of production by the Producing Party.  Failure to upward designate within sixty (60) days of production, alone, will not prevent a Party from obtaining the agreement of all Parties to upward designate certain Disclosure or Discovery Material or from moving the Court for such relief.  Any Party may object to the upward designation of Disclosure or Discovery Material pursuant to the procedures set forth herein regarding challenging designations.

5.4     <u>Inadvertent Failures to Designate and Redesignation</u>:  A Producing Party that inadvertently fails to designate Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Stipulation and Protective Order at the time of its production shall be able to make a correction to its designation, with the Receiving Party reserving the right to assert such re-designation is improper pursuant to the procedures set forth herein regarding challenging designations.  Such failure shall be corrected by providing to the Receiving Party written notice of the error and substituted copies of the inadvertently unmarked or mis-marked Disclosure or Discovery Materials.  Any party receiving such inadvertently unmarked or mis-marked Disclosure or Discovery Materials shall, within five (5) days of receipt of the substitute copies, destroy or return to the law firm

representing the Producing Party all copies of such mis-designated documents.  The Producing Party shall comply with Paragraph 5.2 when redesignating Disclosure or Discovery Material as Protected Material.  Following any redesignation of Disclosure or Discovery Material as Protected Material (or redesignation of "CONFIDENTIAL" material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"), the Party receiving such Protected Material shall take reasonable steps to comply with the redesignation, including, without limitation, retrieving all copies and excerpts of any redesignated Protected Material from persons not entitled to receive it as re-designated.

A Receiving Party shall not be in breach of this Stipulation and Protective Order for any use of such inadvertently-non-designated or inadvertently-mis-designated material before the Receiving Party receives notice of the inadvertent failure to designate, unless a reasonable person would have realized that the material should have been appropriately designated with a confidentiality designation under this Stipulation and Protective Order.  Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such material at the appropriately designated level pursuant to the terms of this Stipulation and Protective Order, reserving all rights to assert that such re-designation is not proper under the procedures set forth herein regarding challenging designations.

## 6.   REDACTING NAF PERSONAL IDENTIFICATION INFORMATION

In addition to designating Disclosure or Discovery material containing NAF Personal Identification Information as defined in paragraph 2.11 above as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Stipulation and Order, NAF may redact all NAF Personal Identification Information from all Disclosure and Discovery material it produces for the purposes of Expedited Preliminary Injunction Discovery.  The redaction of NAF Personal Identification Information will be done in such a way that those persons will be anonymously identified in a consistent, recognizable manner (*e.g.*, Person #1, Person #2, etc.; or Security Code), and NAF will disclose to Outside Counsel the identity of any witnesses who have

been noticed for deposition and whose NAF Personal Identification Information has been redacted in accordance with this provision.

### 7.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1     Timing of Challenges:  The Receiving Party must challenge the Designating Party's designations within ninety (90) days of receipt of the challenged information.

7.2     Meet and Confer:  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must identify the specific Bates (or other individually identifiable) range(s) for the challenged document(s), explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party a reasonable opportunity (not to exceed 3 business days) to review the designated material, reconsider the circumstances and, if no change in designation is offered, explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has first engaged in this meet-and-confer process.

7.3     Judicial Intervention:  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party pursuant to the preceding paragraph may prepare in accordance with the Court's Standing Order a concise joint statement of five pages or less, stating the nature and status of the dispute, and certifying that the Parties have met the meet-and-confer requirement (or if a joint statement is not possible, each side may submit a brief individual statement of two pages or less, including a certification of compliance with the meet-and-confer requirement and an explanation of why a joint statement was not possible).

Nothing in this Stipulation and Protective Order shall preclude or prejudice any Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.  Until the Court rules on the challenge, all Parties shall

1
2
continue to afford the material in question the level of protection to which it is entitled under the
Designating Party's designation.

3

### 8.   ACCESS TO AND USE OF PROTECTED MATERIAL

4

8.1      Basic Principles:  A Receiving Party may use Protected Material that is

5
disclosed or produced by another Party or by a Non-Party in connection with this Action only for

6
this case or any related appellate proceeding.  A Receiving Party may not use Protected Material

7
for any other purpose, including, without limitation, any other litigation or any business, personal,

8
or political endeavor.  Such Protected Material may be disclosed only to the categories of persons

9
and under the conditions described in this Order and may not be disclosed to any other person,

10
entity, or to the media.  In the event of a dispute regarding whether a proposed disclosure is

11
"reasonably necessary for this Action," the Parties shall meet and confer in good faith on an

12
expedited basis, and shall promptly raise any dispute that cannot be resolved through the meet

13
and confer process on an expedited basis in accordance with the joint statement procedures

14
outlined in Section 7.3; or, alternatively, the Parties may seek resolution of their dispute through a

15
more expedited dispute-resolution mechanism that is acceptable to the Court as needed due to the

16
time-sensitivity of the dispute at issue (*e.g.*, a telephone conference with the Court during a

17
deposition).  For purposes of this Stipulation and Protective Order, and specifically as utilized in

18
this paragraph, "disclosed" or "disclose" shall mean any physical or electronic showing of the

19
Protected Materials to any person, including communication in any form of the contents (in whole

20
or in part) or existence of the Protected Materials.  When this Action has been terminated, a

21
Receiving Party must comply with the provisions of Paragraph 12 below (FINAL

22
DISPOSITION).

23
Protected Material must be stored and maintained by a Receiving Party at a location and

24
in a secure manner ensuring that access is limited to the persons authorized under this Order.

25

8.2      Disclosure of "CONFIDENTIAL" Information or Items:  Unless otherwise

26
ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

27
disclose any information or item designated "CONFIDENTIAL" only to:

28

(a)      The Receiving Party's Outside Counsel and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff, to whom it is reasonably necessary to disclose the information for this Action;

(b)      the former and current officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A-1;

(c)      a Non-Party and Non-Party's Counsel who have (1) signed the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A-1 and (2) to whom disclosure is reasonably necessary for this Action;

(d)      any insurer or indemnitor of any defendant in this Action;

(e)      the Court and any mediators or arbitrators and their respective personnel;

(f)      court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this Action and who have signed the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A-1;

(g)      mock jurors, subject to the provisions of Paragraphs 8.6 and 8.7 below; and

(h)      experts, subject to the provisions of Section 8.6 below;

(i)      the author(s) and recipient(s) of the "CONFIDENTIAL" Material who have signed the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A-1;

(j)      any other person with the prior written consent of the Designating Party.

8.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" Information or Items:  Unless otherwise ordered by the Court or permitted in writing by

the Designating Party, any information or item designated "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" may be disclosed only to:

(a)    In-House Counsel of a Party to whom disclosure is reasonably

necessary for this Action and who have been admitted to practice before the United States District

Court of the Northern District of California in this Action or who have signed the "General

Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" that is

attached hereto as Exhibit A-1;

(b)    A Party's Outside Counsel of record in this Action and such

Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support

services working at the direction of such counsel, paralegals, and staff, to whom it is reasonably

necessary to disclose the information for this Action;

(c)    a Non-Party and Non-Party's Counsel who have (1) signed the

"General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order"

that is attached hereto as Exhibit A-1 and (2) to whom disclosure is reasonably necessary for this

Action;

(d)    experts, subject to the provisions of Section 8.6 below;

(e)    the Court, and any mediators or arbitrators, and their respective

personnel;

(f)    court reporters, their staffs, and professional vendors to whom

disclosure is reasonably necessary for this Action and who have signed the  "General

Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" that is

attached hereto as Exhibit A-1; and

(g)    the author(s) and recipient(s) of the "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" Material who have signed the "General Acknowledgment of

Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A-1.

        8.4      General Procedure for Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:

        (a)      Before any information or item designated "CONFIDENTIAL," or substance or summary thereof, shall be disclosed to the persons or entities identified in sub-paragraphs (b), (c), (d), (f), (g), (h), (i), and (j) of paragraph 8.2 above, the Parties are hereby ordered to tender a copy of this Stipulation and Protective Order to each such person and witness in order that each such entity or person to whom such disclosure of "CONFIDENTIAL" information or item is made shall be on notice and fully informed that the existence and substance of the Stipulation and Protective Order is, and is intended to be, equally binding upon it, him or her.  Before any information or item designated "CONFIDENTIAL," or substance or summary thereof, is disclosed to any such person, each such person shall sign and abide by the terms of the General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order, attached hereto as Exhibit A-1, The person to whom the "CONFIDENTIAL" information or item is disclosed shall not give, show, or otherwise divulge any of the "CONFIDENTIAL" information or item to any entity or person except as specifically provided for by this Stipulation and Protective Order.

        (b)      Before any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or substance or summary thereof, shall be disclosed to the persons or entities identified in sub-paragraphs (a), (c), (d), (f), and (g) of paragraph 8.3 above, the Parties are hereby ordered to tender a copy of this Stipulation and Protective Order to each such person and witness in order that each such entity or person to whom such disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or item is made shall be on notice and fully informed that the existence and substance of the Stipulation and Protective Order is, and is intended to be, equally binding upon it, him or her. Before any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

ONLY," or substance or summary thereof, is disclosed to any such person, each such person shall sign and abide by the terms of the General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order, attached hereto as Exhibit A-1.  The person to whom the "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or item is disclosed shall not give, show, or otherwise divulge any of the "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information to any entity or person except as specifically provided for by this Stipulation and Protective Order.

8.5     Procedure for Disclosure of "CONFIDENTIAL" Information or Items to Mock Jurors:  A Receiving Party may disclose to mock jurors materials prepared by its Outside Counsel that are derived from information or items designated "CONFIDENTIAL" (but not materials that are derived from information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"), so long as the derivative materials do not include the as-produced information itself.  Before providing such material to a mock juror, the Receiving Party must, in compliance with Paragraph 8.4(a) above, tender a copy of this Stipulation and Protective Order to each mock juror in order that each person to whom such disclosure is made shall be on notice and fully informed that the existence and substance of the Stipulation and Protective Order is, and is intended to be, equally binding upon it, him or her, as well as upon the Parties and their counsel.  Before any materials prepared by Outside Counsel that are derived from information or items designated "CONFIDENTIAL" are disclosed to a mock juror, each such person shall sign and abide by the terms of the General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order, attached hereto as Exhibit A-1.  The mock juror to whom the material is disclosed shall not give, show, or otherwise divulge any of the information contained therein to any entity or person except as specifically provided for by this Stipulation and Protective Order.

8.6     Procedure for Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts:

(a)     Before any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, or substance or summary thereof, shall be disclosed

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

to an Expert, the Expert shall sign and abide by the terms of the "Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order," attached as Exhibit A-2.

(b)     Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert any information or item that has been designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks to disclose to the Expert; (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches the Expert's fully executed Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order (attached hereto as Exhibit A-2); and (4) attaches a copy of the Expert's current resume that identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.  The Party seeking to disclose "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" material to an Expert shall provide such other information regarding the Expert's professional activities reasonably requested by the Producing Party in order for it to evaluate whether good cause exists to object to the disclosure to the Expert.

(c)     A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven (7) days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(d)     A Designating Party that makes a timely written objection must meet and confer with the Party seeking to disclose the information to the Expert (through direct voice-to-voice dialogue) to try to resolve the matter by agreement.  If no agreement is reached,

the Party objecting to the disclosure to the Expert may seek judicial intervention in accordance with the joint statement procedures outlined in Section 7.3.

   8.7 The Party's Counsel who discloses "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material shall be responsible for assuring compliance with the terms of this Stipulation and Protective Order regarding execution of the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" by persons to whom such Protected Material is disclosed and shall obtain and retain the originals of the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" executed by qualified recipients of Protected Material (if such execution was required by terms of this Stipulation and Protective Order).

### 9.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION OR GOVERNMENT INVESTIGATIONS

   If a Receiving Party is served with a subpoena, including a Congressional subpoena or other legislative or executive branch subpoena, or an order issued in other litigation, legislative, executive, administrative, or other legal proceedings or investigation that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party in writing (by email, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or Court order.

   The Receiving Party must also immediately inform in writing the party who caused the subpoena or order to issue in the other litigation, legislative, executive, administrative, or other legal proceedings or investigation that some or all of the material covered by the subpoena or order is the subject of this Stipulation and Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulation and Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulation and Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court or tribunal from which the subpoena or order issued.  The Designating Party shall bear the burden and expense of seeking protection in that court or tribunal of its Protected Material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court or tribunal or a subpoena issued by a legislative or executive body or agent.

None of the foregoing provisions are intended to limit or supersede the Parties' rights or obligations with respect to any preexisting agreements between the Parties.

### 10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Protective Order, the Receiving Party must immediately:  (a) notify the Designating Party in writing of the unauthorized disclosure (by email, if possible) immediately and in no event more than three court days after learning of the disclosure; (b) use its best efforts to retrieve all copies of the Protected Material subject to the unauthorized disclosure; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" (Exhibit A-1).  Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to maintain the disclosed document or information as Protected.

### 11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

11.1    When a Producing Party gives notice to the Receiving Party or the Receiving Party otherwise becomes aware that certain inadvertently produced material, including any NAF Personal Identification Information, is subject to a claim of privilege or other protection, the Receiving Party must promptly return or destroy the specified information and any

copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the Court for a determination of the claim.  Pursuant to Federal Rule of Evidence 502(d) and (e), the production of privileged or work-product protected documents or information, including electronically stored information, whether inadvertent or not, is not a waiver of the privilege or protection in connection with discovery in this case or any other federal proceeding.

11.2     Additionally, the inadvertent or unintentional disclosure by the Producing Party of Confidential Information—including Disclosure or Discovery Material that contains NAF Personal Identification Information—shall not be deemed a waiver in whole or in part of the Designating Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or the same or related subject matter.

### 12. **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record in this Action.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  A Party who seeks to introduce Protected Material at a hearing, pretrial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected.  If the Party who designated the information as Protected Material requests the protection be continued, the Court will review the information to determine if the information is entitled to continued protection.  Prior to disclosure of Protected Material at a hearing, the Producing Party may seek further protections against public disclosure from the Court.

### 13. **FINAL DISPOSITION**

13.1     Unless otherwise ordered or agreed in writing by the Producing Party, within 90 days after the final termination of this Action and upon receiving a written request to do so from the Producing Party or Designating Party, each Receiving Party must destroy all Protected Material, return it to the Producing Party, or make the Protected Material available for

pick-up by the Producing Party.  As used in this order, "final termination" shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice, and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable laws.

13.2    As used in this paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed upon request by the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that represents that all Protected Material that was returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence, and attorney work product (but not document productions), even if such materials contain Protected Material, for archival purposes.  Any such copies of pleadings, motion papers, transcripts, legal memoranda, correspondence, and attorney work product that contain or constitute Protected Material remain subject to this Stipulation and Protective Order as set forth in Paragraph 4 (DURATION), above.

## 14. DISCOVERY FROM EXPERTS OR CONSULTANTS

14.1    Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case.  Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

14.2    Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in

this case. No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

14.3    No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

14.4    Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 14.1, 14.2, and 14.3 shall be treated as attorney-work product for the purposes of this litigation and Order.

**15. <u>MISCELLANEOUS</u>**

15.1    <u>Right to Further Relief</u>:  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

15.2    <u>Right to Assert Other Objections</u>:  By stipulating to the entry of this Protective Order, no Party waives any right it would otherwise have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulation and Protective Order.

15.3    <u>Computation of Time</u>:  The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

15.4    <u>Fact of Designation Not Admissible</u>:  The fact of designation, or failure to designate, Disclosure or Discovery Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Stipulation and Protective Order shall not be admissible for any purpose in a trial on the merits or at any other proceeding other than at a proceeding arising from or related to this Stipulation and Protective Order.

1

2

    15.5 <u>Successors</u>:  This Order shall be binding upon the Parties hereto, their

3

attorneys, and their successors, executors, heirs, assigns, and employees.

4

    15.6 The provisions of this Stipulation and Protective Order do not apply to any

5

trial proceedings in this Action.  The Parties will separately request the Court to enter an Order

6

governing the handling of such materials at trial.

7

    15.7 The Court shall retain jurisdiction to enforce the terms of this Stipulation

8

and Protective Order.

9

    15.8 Nothing in this Stipulation and Order shall alter the requirements for and

10

scope of expert discovery in accordance with Federal Rule of Civil Procedure 26, local rules, and

11

case law.

12

    15.9 The procedures set forth in this Stipulation and Order shall apply to every

13

action that is subject to this proceeding, whether filed in or transferred to this Court for so long as

14

such actions are pending.

15

STIPULATED AND AGREED TO BY:

16

17

Dated: August 24, 2015     By  */s/ Derek D. Foran*

               Derek D. Foran

18

19

       LINDA E. SHOSTAK (CA SBN 64599)
       LShostak@mofo.com
       DEREK F. FORAN (CA SBN 224569)
       Dforan@mofo.com

20

       CHRISTOPHER L. ROBINSON
       (CA SBN 260778)

21

       ChristopherRobinson@mofo.com
       425 Market Street

22

       San Francisco, CA 94105-2482
       Telephone:  415-268-7000

23

       Facsimile:  415-268-7522

24

       *Attorney for Plaintiff  NATIONAL*
       *ABORTION FEDERATION (NAF)*

25

26

27

28

Dated: August 24, 2015                    By:    /s/ Carly F. Gammill
                                                  Carly F. Gammill

                                          BRIAN R. CHAVEZ-OCHOA (CA Bar
                                          190289)
                                          brianr@chavezochoalaw.com
                                          CHAVEZ-OCHOA LAW OFFICES, INC.
                                          4 Jean Street, Suite 4
                                          Valley Springs, CA 95252
                                          Tel: (209) 772-3013; Fax: (209) 772-3090

                                          EDWARD L. WHITE III (MI Bar P62485)
                                          ewhite@aclj.org
                                          ERIK M. ZIMMERMAN (MI Bar P78026)
                                          ezimmerman@aclj.org
                                          AMERICAN CENTER FOR LAW &
                                          JUSTICE
                                          3001 Plymouth Road, Suite 203
                                          Ann Arbor, MI 48105
                                          Tel:  (734) 680-8007
                                          Fax:  (734) 680-8006

                                          CARLY F. GAMMILL (TN Bar 28217)
                                          cgammill@aclj-dc.org
                                          ABIGAIL A. SOUTHERLAND (TN Bar
                                          022608)
                                          asoutherland@aclj.org
                                          AMERICAN CENTER FOR LAW &
                                          JUSTICE
                                          201 Maryland Avenue, NE
                                          Washington, DC 20002
                                          Tel:  (202) 546-8890
                                          Fax:  (202) 546-9309

                                          *Attorneys for Defendant,*
                                          *TROY NEWMAN*


Dated: August 24, 2015                    By:  ___/s/ D. John Sauer____
                                                  D. John Sauer

                                          CATHERINE W. SHORT (CA Bar 117442)
                                          LIFE LEGAL DEFENSE FOUNDATION
                                          P.O. Box 1313
                                          Ojai, CA 93024-1313
                                          Tel:  (707) 337-6880
                                          Fax:  (805) 640-1940
                                          E-Mail:  LLDFOjai@earthlink.net

                                          D. John Sauer
                                          James Otis Law Group, LLC
                                          231 South Bemiston Ave., Suite 800
                                          St. Louis, Missouri 63105
                                          Email: jsauer@jamesotis.com

1

2     Thomas Brejcha
      Thomas More Society
3     19 La Salle St., Ste. 603
      Chicago, IL 60603
      Email: tbrejcha@thomasmoresociety.org
4
      *Attorneys for Defendants,*
5     *The Center for Medical Progress, Biomax*
      *Procurement Services LLP, David Daleiden (aka*
6     *"Robert Sarkis")*

7

8

9                    **ATTESTATION OF E-FILED SIGNATURE**

10          I, Derek F. Foran, am the ECF user whose ID and password are being used to file this

11    [PROPOSED] STIPULATED PROTECTIVE ORDER FOR PURPOSES OF EXPEDITED

12    PRELIMINARY INJUNCTION DISCOVERY.  In compliance with Civil Local Rule 5-1(i)(3), I

13    hereby attest that Carly Gammill and John Sauer have concurred in this filing.

14

15    Dated: August 24, 2015              MORRISON & FOERSTER LLP

16

17                                        By:   */s/ Derek Foran*
                                                Derek F. Foran
18
                                          Attorneys for Plaintiff
19                                        NATIONAL ABORTION FEDERATION

20

21

22

23

24

25

26

27

28

1

PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3

4
Date: August 26, 2015                    Hon. William H. Orrick
                                         United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A-1**

**GENERAL ACKNOWLEDGMENT OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order that was issued by the United States District Court for the Northern District of California on _____, 201__ in the case of *National Abortion Federation v. Center for Medical Progress et al.*, Case No. 3:15-cv-3522-WHO, pending in the Northern District of California.

I agree to comply with and be bound by all the terms of the Stipulation and Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulation and Protective Order to any person or entity except in strict compliance with the provisions of the Stipulation and Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Stipulation and Protective Order even if such enforcement proceedings occur after termination of this action.

Executed on at _____ at _____.

_____

Name:

Address:

1

## EXHIBIT A-2

2

## EXPERT/CONSULTANT ACKNOWLEDGMENT OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

3

4
     I, _____, declare:

5
     1.    I reside at _____.

6
     2.    I have read the Stipulation and Protective Order ("Order") in *National Abortion*

7
*Federation v. Center for Medical Progress et al.*, Case No. 3:15-cv-3522-WHO, pending in the

8
Northern District of California.

9
     3.    I am familiar with the contents of the Order and agree to comply and be bound by

10
the provisions thereof.

11
     4    I will not divulge to persons other than those specifically authorized by the Order,

12
and will not copy or use except solely for the purposes of this litigation and only as expressly

13
permitted by the terms of the Order, any Confidential or Highly Confidential Information

14
obtained pursuant to the Order.

15
     5.    By signing below, I hereby agree to submit to the jurisdiction of the United States

16
District Court for the Northern District of California for resolving any and all disputes regarding

17
the Order and this Acknowledgment of Confidentiality.  I further agree that any and all disputes

18
regarding the Order and this Acknowledgment of Confidentiality shall be governed by the laws of

19
the State of California, and that the district court for the Northern District of California shall be

20
the sole and exclusive venue for resolving any disputes arising from the Order and this

21
Acknowledgment of Confidentiality.

22
     I declare under penalty of perjury under the laws of the State of California that the

23
foregoing is true and correct.

24
     Executed on at _____ at _____.

25
_____

26
     Name:

27
     Address:

28