MARK BRNOVICH, ATTORNEY GENERAL
STATE OF ARIZONA

MARIA M. SYMS (CA SBN 208427)
BRUNN W. ROYSDEN III (CA SBN 265810)
Assistant Attorneys General
Office of the Attorney General
1275 West Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-8472
Facsimile: (602) 542-4377
Maria.Syms@azag.gov
Beau.Roysden@azag.gov

Attorneys for Proposed Amici Curiae

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ABORTION FEDERATION (NAF), | Case No. 3:15-cv-3522 |
| Plaintiff, | Judge: Hon. William H. Orrick, III |
| v. | **MOTION OF STATE ATTORNEYS GENERAL FOR LEAVE TO PARTICIPATE AS AMICI CURIAE** |
| THE CENTER FOR MEDICAL PROGRESS, BIOMAX PROCUREMENT SERVICES LLC, DAVID DALEIDEN (aka "ROBERT SARKIS"), AND TROY NEWMAN, | Hearing Date: September 1, 2015<br>Time: 10:00 a.m.<br>Location: Courtroom 2, Floor 17 |
| Defendants. | Date Action Filed: July 31, 2015<br>Trial Date: |

The duly elected Attorneys General for the States of Alabama, Arizona, Michigan, and Oklahoma ("Proposed Amici") request leave of this Court to file the attached brief and to participate as *amici curiae* in any matters pertaining to the scope the Court's injunctive relief as it relates to Defendants' response to subpoenas or other requests from law enforcement.  The Attorneys General are constitutional officers and the chief law enforcement officers of their respective states.  They enforce their states' criminal and civil laws.  Proposed Amici thus have an overriding interest in preserving their abilities to carry out their duties.  To the extent that this Court's temporary restraining order (Dkt. Nos. 15, 27, and 34), or a subsequent preliminary or permanent injunction, were to enjoin or place conditions on the production of documents or testimony pursuant to a duly issued subpoena or other request, the

states' ability to carry out their duties is threatened. In addition, this case could create precedent for other cases far beyond the specific facts – and even industry – involved here. Without taking any position on the outcome or the merits of the underlying suit, Proposed Amici request leave to participate as *amici curiae*.

## I. THIS COURT HAS AUTHORITY TO ACCEPT AMICUS BRIEFS AND PERMIT AMICI TO PARTICIPATE IN COURT PROCEEDINGS.

District Courts possess the inherent authority to allow the participation of *amici curiae*. *In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006); *Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008); *United States v. Davis*, 180 F. Supp. 2d 797, 800 (E.D. La. 2001). Moreover, courts frequently welcome *amici* participation "concerning legal issues that have potential ramification beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide.'" *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (internal citations omitted); *see also Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003). A potential *amicus* "must merely make a showing that [its] participation is useful and otherwise desirable to the court" *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C-06-1254, 2007 WL 81911, at *3 (N.D. Cal. Jan 9, 2007) (internal citations and quotation marks omitted).

In two recent cases, this Court permitted the Federal Trade Commission to participate as *amicus curiae* based on its interest in enforcing the FTC Act, which is analogous to the some of the state laws that Proposed Amici enforce. *See Nwabueze v. AT&T, Inc.*, No. 3:09-cv-1529-SI, at Dkt. No. 227 (N.D. Cal. Sept. 25, 2013) (granting unopposed *amicus* application by FTC); *Moore v. Verizon Communications, Inc.*, Case No. 4:09-cv-1823-SBA, at Dkt. No. 140 (N.D. Aug. 23, 2012) (same). The role that Proposed Amici seek is well-established and proper.

//
//
//
//
//

-2-
MOTION OF STATE ATTORNEYS GENERAL FOR LEAVE TO PARTICIPATE AS AMICI CURIAE
CASE NO. 3:15-cv-3522

**II.  PROPOSED AMICI WILL AID THE COURT IN UNDERSTANDING THE INTERESTS OF STATE ATTORNEYS GENERAL AND THE IMPACT OF A POTENTIAL RULING ON SEPARATE INVESTIGATIONS THAT HAVE BEEN COMMENCED OR MAY BE COMMENCED.**

In order to fulfill their duties, the Attorneys General need to be able to conduct meaningful investigations. Many states vest their Attorneys General with subpoena power. For example, the Arizona Attorney General has the power to require examinations under oath and to examine any merchandise, record, book, document, account or paper as he may deem necessary. Ariz. Rev. Stat. § 44-1524; *see also* Ariz. Rev. Stat. § 44-1526. Moreover, information obtained by the Attorney General is confidential under Arizona law. Ariz. Rev. Stat. § 44-1525. This is but one example. While the particularities of other states' laws may differ, the importance of the power to investigate efficiently is consistent.

Finally, the Attorneys General of the various states have been vigorous in protecting their rights to conduct investigations. For example, in the recent case of *Google, Inc. v. Hood*, **forty state Attorneys General** filed an amicus brief in the Fifth Circuit arguing against a cramped interpretation of *Younger* abstention that would permit a federal court to enjoin a subpoena related to a state consumer protection investigation. *See* Brief of Jack Conway, Attorney General of the Commonwealth of Kentucky, *et al.*, *Google, Inc. v. Hood*, No. 15-60205 (5th Cir., filed Jun 29, 2015). Thus, Plaintiff's contention that it is "blackletter law that investigations are not 'state judicial proceedings' and do not warrant abstention by federal courts" is simply wrong. (*See* Dkt. No. 89 at 8.) This is a major national issue that to counsel's knowledge has not been resolved in this circuit, and any ruling will have far-reaching implications beyond these parties, and even this industry.

**III.  CONCLUSION**

For the foregoing reasons, Proposed Amici request leave of this Court to file the attached brief and to participate as *amici curiae* in any matters pertaining to the scope the Court's injunctive relief as it relates to Defendants' response to subpoenas or other requests from law enforcement.

//

//

//

//

-3-

MOTION OF STATE ATTORNEYS GENERAL FOR LEAVE TO PARTICIPATE AS AMICI CURIAE
CASE NO. 3:15-cv-3522

1  Dated: August 29, 2015                    Respectfully submitted,

2                                            MARK BRNOVICH, ATTORNEY GENERAL
                                             STATE OF ARIZONA
3
                                             By: /s/ Maria M. Syms_____
4                                                MARIA M. SYMS
                                                 BRUNN W. ROYSDEN III
5                                                Assistant Attorneys General

6                                            Attorneys for Proposed Amici Curiae

7

8  **ALSO SUPPORTED BY:**

9  **Luther Strange**
   **Alabama Attorney General**
10 501 Washington Ave.
   Montgomery AL, 36130
11
   **Attorney General Bill Schuette**
12 **State of Michigan**
   525 West Ottawa St.
13 Lansing, MI  48909
   (517) 373-1110
14
   **E. Scott Pruitt**
15 **Attorney General of Oklahoma**
   313 N.E. 21st Street
16 Oklahoma City, Oklahoma  73105-4894
   (405) 521-3921
17

-4-

MOTION OF STATE ATTORNEYS GENERAL FOR LEAVE TO PARTICIPATE AS AMICI CURIAE
CASE NO. 3:15-cv-3522

# CERTIFICATE OF SERVICE

I am a resident of the State of Arizona and over the age of 18 years, and I am not a party to this action. My business address is 1275 W. Washington St., Phoenix, AZ 85007.  On August 29, 2015, I served the foregoing MOTION OF STATE ATTORNEYS GENERAL FOR LEAVE TO PARTICIPATE AS AMICI CURIAE by filing the document using the CM/ECF system, which will send a notice of electronic filing to:

| | |
|---|---|
| Linda E. Shostak<br>Derek F. Foran<br>Christopher L. Robinson<br>Alexandra E. Laks<br>Lawrence J. Serrano<br>Nicholas S. Napolitan<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: 415.268.7000<br>Facsimile: 415.268.7522<br>LShostak@mofo.com<br>Dforan@mofo.com<br>ChristopherRobinson@mofo.com<br>ALaks@mofo.com<br>JSerrano@mofo.com<br>NNapolitan@mofo.com<br><br>*Attorney for Plaintiff National Abortion Federation*<br><br>Catherine W. Short<br>LIFE LEGAL DEFENSE FOUNDATION<br>Post Office Box 1313<br>Ojai, California 93024-1313<br>Tel: (707) 337-6880<br>LLDFOjai@earthlink.net<br><br>D. John Sauer<br>JAMES OTIS LAW GROUP, LLC<br>231 South Bemiston Ave., Suite 800<br>St. Louis, Missouri 63105<br>(314) 854-1372<br>jsauer@jamesotis.com<br><br>Thomas Brejcha<br>THOMAS MORE SOCIETY<br>19 La Salle St., Ste. 603<br>Chicago, IL 60603<br>(312) 782-1680<br>tbrejcha@thomasmoresociety.org<br><br>*Attorneys for Defendants The Center for Medical Progress, Biomax Procurement Services, LLC, and David Daleiden* | Brian R. Chavez-Ochoa<br>CHAVEZ-OCHOA LAW OFFICES, INC.<br>4 Jean Street, Suite 4<br>Valley Springs, CA 95252<br>Tel: (209) 772-3013<br>Fax: (209) 772-3090<br>brianr@chavezochoalaw.com<br><br>Jay Alan Sekulow<br>AMERICAN CENTER FOR LAW AND JUSTICE<br>201 Maryland Ave, NE<br>Washington, DC 20002<br>(202) 546-8890<br>sekulow@aclj.org<br><br>Abigail A Southerland<br>Carly F. Gammill<br>John Joseph Williams, Jr.<br>AMERICAN CENTER FOR LAW AND JUSTICE<br>188 Front Street, Suite 116-19<br>Franklin, TN 37179<br>615-419-3216<br>Fax: 615-599-5189<br>asoutherland@aclj.org<br>cgammill@aclj-dc.org<br>joseph.williams.24@gmail.com<br><br>Edward L. White , III<br>Erik Michael Zimmerman<br>AMERICAN CENTER FOR LAW AND JUSTICE<br>3001 Plymouth Road<br>Suite 203<br>Ann Arbor, MI 48105<br>734-680-8007<br>Fax: 734-680-8006<br>elwhite3@yahoo.com<br>ezimmerman@aclj.org<br><br>Vladimir Frank Kozina<br>MAYALL HURLEY, P.C.<br>2453 Grand Canal Boulevard<br>Stockton, CA 95207<br>209-477-3833<br>Fax: 209-473-4818<br>vkozina@mayallaw.com<br><br>*Attorneys for Defendant Troy Newman* |

/s/ Brunn W. Roysden III

-5-

MOTION OF STATE ATTORNEYS GENERAL FOR LEAVE TO PARTICIPATE AS AMICI CURIAE
CASE NO. 3:15-cv-3522