1 | LINDA E. SHOSTAK (CA SBN 64599)
LShostak@mofo.com
2 | DEREK F. FORAN (CA SBN 224569)
DForan@mofo.com
3 | NICHOLAS S. NAPOLITAN (CA SBN 251762)
NNapolitan@mofo.com
4 | CHRISTOPHER L. ROBINSON (CA SBN 260778)
ChristopherRobinson@mofo.com
5 | Morrison & Foerster LLP
425 Market Street
6 | San Francisco, California  94105-2482
Telephone: 415.268.7000
7 | Facsimile: 415.268.7522
Attorneys for Plaintiff
8 | NATIONAL ABORTION FEDERATION (NAF)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL ABORTION FEDERATION (NAF), | Case No. 3:15-cv-3522-WHO |
| Plaintiff, | Judge: Hon. William H. Orrick, III |
| v. | **NATIONAL ABORTION FEDERATION (NAF)'S OPPOSITION TO MOTION OF FOUR STATE ATTORNEYS GENERAL FOR LEAVE TO PARTICIPATE AS AMICI CURIAE [DKT. 99]** |
| THE CENTER FOR MEDICAL PROGRESS, BIOMAX PROCUREMENT SERVICES LLC, DAVID DALEIDEN (aka "ROBERT SARKIS"), and TROY NEWMAN, | |
| Defendants. | Date Action Filed:   July 31, 2015
Trial Date: |

NAF'S OPPOSITION TO MOT. FOR LEAVE TO PARTICIPATE AS AMICI CURIAE
CASE NO. 3:15-cv-3522-WHO
sf-3571620

On Saturday afternoon – the day after reply briefs were due – the Attorneys General of Alabama, Oklahoma, Michigan, and Arizona filed a motion for leave to participate as amici curiae in this matter. No notice was provided to Plaintiff National Abortion Federation ("NAF") or the Court of this filing. And according to published reports, Planned Parenthood has no fetal tissue donation programs in any of these states. Nor have any of these states initiated an investigation into Planned Parenthood based on Defendants' grossly misleading and illegal videotaping campaign. Despite this, these State AGs seek the Court's leave to participate "***in any matters pertaining to the scope of the Court's injunctive relief*** as it relates to ***Defendants' response to subpoenas or other requests from law enforcement***." (Dkt. 99, 1:22-23 (emphases added).) While NAF, of course, does not object to amici with legitimate interests being heard on particular matters, this is an extraordinary request that is both procedurally and substantively deficient. The Court should deny it.

**First**, the four State AGs' eleventh hour motion is untimely, improper, and does not provide NAF with a fair opportunity to respond. To determine whether an amicus brief is timely, district courts look to Federal Rule of Appellate Procedure 29(e). *Abu-Jamal v. Horn*, No. CIV. A. 99-5089, 2000 WL 1100784, at *5 (E.D. Pa. Aug. 7, 2000) ("The concerns of necessity and timeliness which undergird the rule . . . appear no less important in the district court than in the court of appeals."). Under Rule 29(e), amici are required to file briefs seven days after the party they seek to support files its principal brief. *See* Fed. R. App. P. 29(e). And reply briefs by amici are prohibited without leave. *See* Fed. R. App. P. 29(f). The rules are designed to avoid repetitious argument, unfair surprise, and to give opposing party a fair opportunity to respond. *See Abu-Jamal*, 2000 WL 1100784 at *5. Courts disregard amici—including the federal government—that fail to comply with these strict deadlines. *See, e.g.*, *Chinatown Neighborhood Ass'n v. Harris*, No. 14-15781, 2015 WL 4509284, at *10 n.4 (9th Cir. July 27, 2015) (declining to consider federal government's amicus brief as untimely).

Here, Center for Medical Progress, Biomax Procurement Services, and David Daleiden ("CMP Defendants") filed their opening brief on August 13. (*See* Dkt. 61.) Thus, any amicus brief should have been filed by no later than August 20, which would have allowed NAF to

respond to any of their arguments in its opposition. The State AGs in this case did not do that. Instead, they waited until *after* NAF had filed its opposition, and *after* Defendants had filed their reply, to file an amicus brief on the weekend before the hearing, thereby depriving NAF of a fair opportunity to respond.

Moreover, the State AGs appear to have coordinated with the CMP Defendants in filing their request for leave. In their opening brief, the CMP Defendants argued, based on *Younger v. Harris*, 401 U.S. 37 (1971), that "fundamental principles of federalism" counseled against this Court's supposed "interference with the States' legitimate governmental action." (Dkt. 61 at 7.) That argument is missing entirely from the CMP Defendants' reply. Yet a day later, the State AGs sought leave to file a brief that contains extensive (and erroneous) commentary, on this exact issue, in effect giving the CMP Defendants two separate reply briefs. The State AGs brief also includes entirely new arguments to the effect that this Court's TRO does not comport with the Rule 65 standard for injunctive relief. This is not the proper function of an amici. *Cnty. of Marin v. Martha Co.*, No. C 06-0200 SBA, 2007 WL 987310, at *1 (N.D. Cal. Apr. 2, 2007) ("[A]n amicus may not assume the functions of a party, nor may it initiate, create, extend, or enlarge the issues.").

It also appears that the Defendants have been communicating with the Arizona AG's office for weeks now. For example – Defendants filed a stipulation with this Court on August 20 to the effect that they had sought an extension from the Arizona AG with regard to its subpoena, and that they would not be producing any material in response to that subpoena until the Court had rule on the pending motion to clarify (having first claimed that the issue was an emergency needing immediate resolution). (*See* Dkt. 76.)[1] Defendants thus could easily have included as a part of the stipulated briefing schedule in this matter a deadline for any anticipated requests to file an amicus brief. They did not do that. Because the State AGs' request is untimely, and does not give NAF a fair opportunity to respond, the Court should deny the request.

---

[1] Moreover, NAF itself wrote to the Arizona AG on August 17 to provide them with notice of the Court's TRO and of NAF's contract rights regarding any responses to the subpoena. *See* Dkt. 89-4.)

    **Second**, apart from being procedurally improper and unfair, the State AGs have made no showing that their "participation is useful to or otherwise desirable to the court." *Peterson v. Islamic Republic of Iran*, No. C 08-80030, 2008 WL 5046326, at *2 (N.D. Cal. Nov. 24, 2008). This basic standard, applicable to all proposed amici, is only met when "a party is not represented competently or is not represented at all, and when the amicus has an interest in another case that may be affected by the holding in the present case, or when the amicus can present unique information that can help the court in a way that is beyond the abilities the lawyers for the parties are able to provide." *Gabriel Techs. Corp. v. Qualcomm Inc.*, No. 08-1992, 2012 WL 849167, at *4 (S.D. Cal. Mar. 13, 2012).

    The four State AGs do not come close to meeting this standard. Defendants in this case are represented by no less than eleven counsel (and counting), who have inundated the Court and NAF with a barrage of (often overlapping) motions and briefs on each other's behalf. The four State AGs have not – and cannot – establish that Defendants' counsel are incapable of representing Defendants' interests.

    But far more importantly, it is not at all clear what legitimate interest these particular State AGs have that would warrant them participating in this lawsuit on "***any matters pertaining to the scope of the Court's injunctive relief*** as it relates to Defendants' response to subpoenas or other requests from law enforcement." (Dkt. 99, 1:22-23 (emphases added).) According to publicly-available information, Planned Parenthood does not have any fetal tissue donation programs in these states, and perhaps for this reason, not a single one of them have opened any kind of formal investigatory proceeding. (*See* Decl. of Derek F. Foran in Support of NAF's Opp'n to Mot. of Four State Attorneys General for Leave to Participate as Amici Curiae ("Foran Decl.") ¶ 3, Ex. A.) The Arizona AG has issued a subpoena to CMP, but it is not in support of any formal proceeding. Given the lack of any fetal tissue donation programs in Arizona, and given that its Consumer Fraud Act only applies to acts "committed within Arizona in violation of its provisions," it is not clear that this subpoena is enforceable. *See State ex rel. Corbin v. Goodrich*, 151 Ariz. 118, 122, 124 (Ariz. Ct. App. 1986) (Arizona AG may enforce Consumer Fraud Act to ensure that "local business is conducted honestly.").

NAF'S OPPOSITION TO MOT. FOR LEAVE TO PARTICIPATE AS AMICI CURIAE
CASE NO. 3:15-cv-3522-WHO
sf-3571620
3

Yet despite this, all four State AGs claim an entitlement to participate in "***any matters***" regarding the scope of this Court's order "as it relates" to Defendants' response to ***any*** "requests" (no matter who makes them) for information stolen from NAF and covered by this Court's TRO. Their generalized investigative duties and powers give them no such right. If that were the law, any AG could claim an entitlement to be heard in federal court as an amicus any time an issue that arguably falls within their police powers is presented in a federal court proceeding, even when the state has not invoked those powers or initiated any type of legal proceeding that even arguably conflicts with matters before this Court. These particular AGs simply do not possess "the kind of special interest that warrants amicus status." *Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999). Their participation would therefore merely burden the Court with additional filings, and would not be helpful. *See, e.g.*, *Abu-Jamal*, 2000 WL 1100784, at *4 (rejecting proposed amici as burdensome and unhelpful because "[t]he delay occasioned by substantial additional filings will work to the detriment of petitioner, respondent, and the just and speedy administration of this action by the court.").

It is perhaps for this reason that the four State AGs fail to present any "unique information that can help the [C]ourt in a way that is beyond the abilities of the lawyers for the parties are able to provide." *Gabriel,* 2012 WL 849167, at *4. The four State AGs' proposed memorandum simply recycles Defendants' erroneous legal arguments concerning *Younger* abstention (arguments Defendants made in their opening brief but dropped from their reply). The argument that *Younger* abstention has any application here has no legal support. "Under *Younger*-abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawai'i Housing Auth. v. Midkiff*, 467 U.S. 229, 237 (1984). The Supreme Court has repeatedly held that the balance of state and federal interests "only rarely favors abstention," *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996), that it applies only in "extraordinary circumstances" and that there is a "virtually unflagging obligation . . . to exercise the jurisdiction given the federal courts." *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988). The Supreme Court has also held that "*Younger* is not a

bar to federal court action when state judicial proceedings have not themselves commenced." *Hawai'i Housing Auth.*, 467 U.S. at 238-39.

*Younger* does not apply here. The State AGs cite no case – because there is none – that applies *Younger* based solely on the issuance of a single subpoena (much less one that does not appear to be enforceable). In fact, several cases cited by the AGs squarely reject their argument that *Younger* applies before state prosecutors have instituted formal criminal proceedings. *MPHJ Tech. Inv., LLC v. Sorrell*, __ F. Supp. 3d __, 2015 WL 3505224 (D. Vt. June 3, 2015) (abstaining from a claim raised by a pending suit already filed by state AG, but refusing to abstain from a claim under separate statute, under which AG had not yet begun criminal proceedings); *Mir v. Shah*, 2012 WL 6097770, at *3 (S.D.N.Y. Dec. 4, 2012) (basing abstention on proceedings before the Board for the Professional Medical Conduct, and finding that a parallel Department of Health investigation "is irrelevant to the applicability of *Younger*" because "[t]he sole question here is whether official state proceedings have begun"). The CMP Defendants' (and by extension the State AGs') arguments to the contrary are meritless.

The remainder of the State AGs' brief is an improper argument that NAF "did not – and cannot – meet the standard requirements for injunctive relief" under Rule 65. (Dkt. 99-1 at 9.) The Court already rejected these arguments. Nor is it the proper function of amici to make such arguments. *Cnty. of Marin*, 2007 WL 987310, at *1 ("[A]n amicus may not assume the functions of a party, nor may it initiate, create, extend, or enlarge the issues.").

For the foregoing reasons, NAF respectfully requests that the Court deny the Motion of the Four State Attorneys General for Leave to Participate as Amici Curiae.

Dated: August 31, 2015    DEREK F. FORAN
                          MORRISON & FOERSTER LLP

                          By: */s/ Derek F. Foran*
                              Derek F. Foran

                          Attorneys for Plaintiff
                          NATIONAL ABORTION FEDERATION