UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ABORTION FEDERATION, <br><br> Plaintiff, <br><br> v. <br><br> CENTER FOR MEDICAL PROGRESS, et al., <br><br> Defendants. | Case No. 15-cv-03522-WHO <br><br> **ORDER REGARDING INDIVIDUAL DEFENDANTS' ASSERTION OF THEIR FIFTH AMENDMENT RIGHTS** |

At the discovery hearing on August 21, 2015, counsel for defendants the Center for Medical Progress, Biomax Procurement Services, LLC, David Daleiden, and Troy Newman ("defendants") stated that they were going to advise their clients to assert their Fifth Amendment rights. The parties agreed to a briefing schedule to address whether the corporate defendants Center for Medical Progress and Biomax Procurement Services may assert their Fifth Amendment rights, and stipulated to "effect a limited stay of discovery and deadlines associated with certain calendared motions pending resolution of the parties' dispute regarding the scope and applicability of asserted Fifth Amendment protections." Dkt. No. 84. The hearing on the corporate defendants' Fifth Amendment rights is set for Friday, September 18, 2015.

There is no dispute that individual defendants, such as Daleiden and Newman, may invoke the Fifth Amendment, which may be asserted in civil proceedings in response to any official questions when the answers may incriminate the party who answers. *Baxter v. Palmigiano*, 425 U.S. 308, 316 (1976). Counsels' blanket statements that the individual defendants will assert their Fifth Amendment rights are not effective assertions of those rights, however. *See Universal Trading & Inv. Co. v. Kiritchenko*, No. C-99-3073 MMC EDL, 2006 WL 3798157, at *3 (N.D. Cal. Dec. 22, 2006) (party asserting the Fifth Amendment not entitled to a "blanket protective order against answering questions at deposition" or in response to other discovery requests"); *see*

*also United States v. Drollinger*, 80 F.3d 389, 393 n. 5 (9th Cir. 1996); *United States v. Bodwell*, 66 F.3d 1000, 1001 (9th Cir. 1995). "The only way the privilege can be asserted is on a question-by-question basis, and thus as to each question asked, the party has to decide whether or not to raise his Fifth Amendment right." *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000).

There are several issues pending before the Court that will be clarified once the individual defendants decide whether to assert their Fifth Amendment rights to the specific discovery requests with which they have been served. Therefore, if Daleiden and Newman wish to assert the Fifth Amendment privilege against self-incrimination with respect to any request for production or interrogatory, they are each ORDERED to do so separately in a verified pleading on a request-by-request and question-by-question basis.[1] The document shall be entitled "Assertion of Fifth Amendment Privilege by [insert name of defendant]" and shall be organized into two sections. The first section shall be the assertions regarding the interrogatories. Each individual interrogatory to which the assertion is being made shall be listed, and under each interrogatory the defendant shall indicate his assertion of the privilege. The second section shall set forth assertions regarding the requests for production. Each request shall be listed, and under each request the defendant shall indicate his assertion of the privilege. If no assertion is being made, the interrogatory or request for production should not be listed or otherwise responded to at this time. Each document shall be verified. Daleiden and Newman shall separately file their Assertion of Fifth Amendment Privilege document, as described above, on or before Thursday, September 17,

---

[1] I realize that plaintiff also seeks to depose Daleiden and Newman. I will address the timing of those depositions at the hearing on September 18, 2015.

2

2015 at 3:00 p.m.[2]

**IT IS SO ORDERED**.

Dated: September 11, 2015

_____
WILLIAM H. ORRICK
United States District Judge

---

[2] In the interest of clarity, I note that an individual's assertion of his Fifth Amendment rights is not necessarily the final step in whether he is in fact privileged to refuse to answer certain questions. *McCoy v. C.I.R.*, 696 F.2d 1234, 1236 (9th Cir. 1983) ("A valid Fifth Amendment objection may be raised only to questions which present a "real and appreciable danger of self-incrimination") (internal quotations omitted); *see also United States v. Antelope*, 395 F.3d 1128, 1134 (9th Cir. 2005). It should go without saying that this Order does not preclude plaintiff from later objecting to the defendants' assertion of the Fifth Amendment in response to certain questions, nor does it preclude this Court from finding that certain responses are not privileged.

3