Case No. 15-72844

---

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

---

IN RE THE CENTER FOR MEDICAL PROGRESS; BIOMAX
PROCUREMENT SERVICES, LLC; AND DAVID DALEIDEN

---

THE CENTER FOR MEDICAL PROGRESS; BIOMAX PROCUREMENT
SERVICES, LLC; DAVID DALEIDEN,

Defendants-Petitioners,

v.

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
CALIFORNIA, Respondent,

NATIONAL ABORTION FEDERATION, Plaintiff-Real Party in Interest

---

**ANSWER TO PETITION FOR WRIT OF MANDAMUS BY UNITED
STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
CALIFORNIA**

---

The Honorable William H. Orrick, III
United States District Court for the Northern District of California
450 Golden Gate Ave., 16th Floor
San Francisco, CA
415-522-4141
WHOcrd@cand.uscourts.gov

I thank the Court for its invitation to respond to the defendants' petition for a writ of mandamus.  While my Orders and decisions from the bench speak for themselves, I do have some brief comments.

I am very aware of the First Amendment issues that are potentially at stake in this case and the dangers of orders that threaten prior restraint.  The facts here are that the defendants allegedly executed a waiver of their First Amendment rights by signing a non-disclosure agreement and a confidentiality agreement.  They agreed to injunctive relief if they violated those agreements, which were designed to keep NAF's information confidential.  They then threatened to disclose the information that they obtained under false pretenses.  NAF moved for a temporary restraining order ("TRO") based on those facts, showed a threat of irreparable injury,[1] and I issued a TRO.  The defendants have not seriously disputed that they signed the confidentiality agreements, or that their planned disclosures may be construed to violate them.  Tr. 6:24-7:18 (Aug. 3, 2015) (Dkt. No. 25).[2]

But besides asserting that they intend to invoke their Fifth Amendment rights not to incriminate themselves, the defendants have concealed from NAF (and thus the Court) the information they took from NAF and assert a blanket right

---

[1] The defendants' reference to "hecklers," *see* Petition for Writ of Mandamus 12, hardly does justice to the history of violence, death threats and extreme harassment described by NAF in its papers.  *See* Dkt. No. 3. at 3-7, 10-14.

[2] Because the evidence submitted by the defendants as an appendix to their petition does not contain all information that I rely upon, my citations refer to the district court docket, except for citations to defendants' petition for writ of mandamus.

1

to disclose it under the First Amendment. As I have indicated since I issued the TRO, I am in the dark whether any of this information is of public interest and would be protected by the First Amendment notwithstanding the defendants' waiver of their First Amendment rights. *See* Tr. 17:8-18:15 (Aug. 3, 2015). What I know for sure is that the defendants signed a nondisclosure agreement and want to disclose information likely gained by false pretenses that is protected by the agreement. The only way to sort out the waiver, privacy and First Amendment issues in this case is to review the targeted discovery that I have ordered.

In short, I cannot determine in the first place whether the information that the defendants seek to disclose would fall within the scope of the waiver or within the scope of the TRO. I cannot identify the public policy that would be harmed by enforcing the defendants' waiver, or properly engage in the balancing test that they discuss in their petition. *See* Petition for Writ of Mandamus 12-13. Similarly, I cannot determine whether the acts that the defendants claim are protected by the First Amendment would outweigh NAF's privacy interests.

In issuing the TRO, I concluded that there was an imminent threat that the defendants intended to release information that was covered by the agreements with NAF and that would not be of such public importance to outweigh enforcement of the waiver or NAF's privacy interests. For example, the defendants could publish information that they obtained at a NAF meeting that

2

discloses NAF's internal structure, certain individuals' roles within NAF, or NAF members' addresses and other personal information.  That information would almost certainly be covered by the waivers that the defendants signed.  The defendants may take the position that this information is a matter of public concern and that therefore the waiver would violate public policy.  However, it is not clear that personal information about a NAF member is a matter of public concern.  I am concerned that NAF's interests in this case would be seriously undermined if I allowed the defendants to publish information when they admittedly signed a confidentiality agreement that waived their rights to do so, and when they refuse to tell the Court what information they have.

Much of the authority cited by the defendants, such as *Garcia v. Google, Inc.*, 786 F.3d 733 (9th Cir. 2015), does not apply to this case for two primary reasons to which I just referred: the defendants executed a waiver of their First Amendment rights, and the defendants have refused to provide information about what materials or actions they think are privileged by the First Amendment.[3] *Garcia* itself is additionally distinguishable because it focused heavily on the fact that the plaintiff's underlying motion was based on a weak claim under copyright

_____

[3] In their argument that the First Amendment interests outweigh any waiver, the defendants have not provided a case in this Circuit in which a court has concluded that a waiver of First Amendment rights was invalid.  Petition for Writ of Mandamus 12-15.  Although defendants cite *Garcia* for this principle, there was no waiver in that case.

3

law. *Garcia*, 786 F.3d at 736, 744 ("Garcia's harm must stem from copyright – namely, harm to her legal interests *as an author*"). The causes of action in this case are directly tethered to the harm NAF seeks to avoid in moving for injunctive relief.

The defendants' petition also focuses on several videos that have already been released. I have not indicated that those videos violate the confidentiality agreements or fall under the scope of the defendants' waiver. Tr. 19:4-22 (Aug. 3, 2015). In fact, I denied NAF's request to remove portions of one such taped conversation from defendant CMP's website. Tr. 23:9-24:10 (Sept. 1, 2015) (Dkt. No. 108). The defendants' petition suggests that they have presented me with tangible evidence that the videos they discuss are the subject of this dispute. I have no such evidence, nor do I know what is contained in any videos covered by the TRO that exist.

The defendants argue that the TRO is extraordinarily overbroad, but the TRO only relates to information that they agreed to keep confidential concerning the NAF convention, and to related communications. The defendants appear to have continued to release videos that are not covered by the TRO. Dkt. No. 58-3 at 4-5.

The defendants also call the discovery burdensome and intrusive, but have not identified any dispute over the specific scope of any request, and have

4

identified only one video, the "Nucatola conversation," where the parties disagreed (and on that issue, I ruled for the defendants).  *See* Tr. 23:10-24:10 (Sept. 1, 2015).  And while the defendants oppose the TRO, they have twice stipulated to its extension.  Dkt. Nos. 34, 84.  If they had stuck with my original order, a hearing would have been held on August 27 and they would have an order on the preliminary injunction motion that considered their conduct and whether, notwithstanding their agreement to the contrary, they have information that deserves protection under the First Amendment.[4]

I have addressed in detail the defendants' argument that their motion to dismiss did not conflict with the Federal Rules of Civil Procedure.  Order (Dkt. No. 95).  The defendants' reasoning in their petition would seem to allow a party, in cases involving the First Amendment, to obtain an automatic discovery stay simply by filing a substantively baseless motion to dismiss that is framed in a way that

---

[4] If it is your decision that the nondisclosure agreement and confidentiality agreements at issue in this case are unenforceable based on this record, and that the TRO constitutes a prior restraint under the First Amendment, I would appreciate guidance on whether there is a material distinction between the confidentiality agreements here and the Protective Orders routinely entered in the Northern District of California on commercial matters to protect information that one party or another thinks is confidential, *see Model Protective Orders*, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, http://www.cand.uscourts.gov/model-protective-orders (last visited September 18, 2015) (providing "Stipulated Protective Order for Standard Litigation" and "Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets"), or in criminal matters where the government seeks to conceal the identity of witnesses for security reasons.  No party has offered such a distinction, and I am unaware of any.

does not raise factual issues on its face.  The delay caused by the stay would interfere with the need, in cases like this one, to hold a hearing on the plaintiff's motion for a preliminary injunction as soon as possible because of both the First Amendment and privacy interests at stake.

In sum, the defendants' petition takes for granted that the defendants possess information of public importance that outweighs the First Amendment waiver that they executed with NAF.  They have not offered concrete evidence concerning the information they seek to publish except that it may be covered by an agreement in which they promised to keep the information confidential and to be bound by injunctive relief.  Without discovery, I cannot evaluate the merits of their argument.  In light of the potential merits of NAF's motion and the strong evidence of waiver, I cannot accept the defendants' argument at face value.

Dated: September 18, 2015

WILLIAM H. ORRICK
United States District Judge