UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CIVIL MINUTES

| **Date:** September 18, 2015 | **Time:** 21 minutes 10:01 a.m. to 10:22 a.m. | **Judge:** WILLIAM H. ORRICK |
|---|---|---|
| **Case No.:** 15-cv-03522-WHO | **Case Name:** National Abortion Federation v. Center for Medical Progress | |

**Attorneys for Plaintiff:** Linda E. Shostak, Derek F. Foran, and Christopher Robinson
**Attorneys for Defendant:** D. John Sauer, Catherine Wynne Short, Carly F. Gammill, Corrine Konczal, and Peter Breen
**Amicus Attorneys (Az.):** Maria M. Syms and Beau Roysden (appearing telephonically)

**Deputy Clerk:** Jean Davis                    **Court Reporter:** Lydia Zinn

PROCEEDINGS

Parties appear for hearing on corporate Fifth Amendment issues.  The Court announces preliminary opinion that the Fifth Amendment privilege does not apply to corporations.  Defense oral argument heard as to the issue.  Plaintiff waives oral argument.  The Court rules that the Center for Medical Progress and Biomax LLC have no Fifth Amendment rights to assert.   It will prepare a written order.  Defendants make an oral motion for a stay of this ruling.  The Court denies the motion.

The Court announces its intention to grant the motion to file Amicus Curiae Brief of The Reporters Committee for Freedom of the Press.

The Court then conducted a case management conference.  In the event that the Ninth Circuit rules that discovery is not stayed, the parties are directed to respond to written discovery within seven days of that Ninth Circuit Order and to complete the depositions within ten days of the Order.  The reason is so that the hearing on the motion for a preliminary injunction may be set as expeditiously as possible.

Regardless of how the Ninth Circuit rules, a telephonic case management conference will be coordinated by the Courtroom Deputy as soon as practicable after the ruling in order to discuss other case management issues, including the timing of the preliminary injunction hearing and such other matters influenced or directed by that ruling.  Counsel should attempt to agree upon a schedule and any other agenda items prior to the call.

The defendants who have not asserted a valid Fifth Amendment privilege and plaintiff shall meet and confer with respect to CMP's response to the Arizona Attorney General's subpoena within

ten (10) days of the Ninth Circuit's ruling so that plaintiff may review the material CMP intends to provide, giving plaintiff information to negotiate with the Arizona Attorney General's Office or to challenge the subpoena's sufficiency in Arizona if it thinks a challenge is appropriate. Defendants may respond to the subpoena ten (10 days) after the conclusion of the meet and confer at which plaintiff is given the material to review.