

3001 Plymouth Road, Suite 203
Ann Arbor, Michigan 48015
Tel: 734-680-8007; Fax: 734-680-8006
Email: ezimmerman@aclj.org

September 25, 2015

The Honorable William H. Orrick
United States District Court
Northern District of California                                      *Via ECF*
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:   *National Abortion Federation v. Center for Medical Progress, et al.*,
              Case No. 3:15-cv-03522

Dear Judge Orrick:

      In light of the telephonic conference scheduled for Monday, September 28, 2015 Defendant Troy Newman respectfully submits this letter to address an issue raised by Plaintiff NAF in its letter filed earlier today (Doc. #142) namely, the impropriety of ordering Defendant Newman to submit a privilege log identifying all documents withheld on the basis of a Fifth Amendment privilege objection with respect to particular categories of requested documents.

      As NAF has represented, "NAF's discovery requests are directed to CMP and Biomax directly, and not to any individual officer or director. . . . [T]hat NAF seeks discovery directly from the Corporate Defendants, and not from any specific custodian, is therefore critical. . . ." NAF opposition to CMP's assertion of Fifth Amend. privilege, Doc. 113, at 15-16; *see also* Order re: Fifth Amend. Rights of Corp. Entities, Doc. 137, at 10 ("Here, the only issue is whether the corporate entities themselves may assert the Fifth Amendment, as no specific corporate custodian has been identified who could assert Fifth Amendment rights. . . . [T]he corporate defendants, and not specific corporate officers, have been served with the discovery requests."). Accordingly, Defendant Newman has been served with interrogatories and requests for production of documents in his individual capacity only, not in any official or custodial capacity as a CMP board member. As such, NAF's document requests directed to Defendant Newman seek only responsive personal (*i.e.*, non-corporate) documents that he may have and, therefore, implicate Defendant Newman's Fifth Amendment rights as an individual.

Federal Rule of Civil Procedure 26(b)(5)(A) states:

When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
 (i) expressly make the claim; and
 (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, *without revealing information itself privileged or protected*, will enable other parties to assess the claim.

(Emphasis added). The U.S. Court of Appeals for the Ninth Circuit has recognized that, while producing a privilege log is generally *sufficient* to properly assert privileges under Rule 26(b)(5), it is not *required* in all circumstances. *Burlington Northern & Santa Fe Railway Co. v. U.S. Dist. Ct.*, 408 F.3d 1142, 1147-49 (9th Cir. 2005) (rejecting a *per se* rule that privilege claims are waived in the absence of a privilege log).

In the context of a Fifth Amendment objection to providing particular categories of documents in response to a request for production of documents, requiring the objecting individual to provide a privilege log would often "reveal[] information itself privileged or protected," Fed. R. Civ. P. 26(b)(5)(A), thereby forcing the individual to effectively waive the privilege in the process of asserting it. That is because, much like the act of producing responsive documents, producing a privilege log describing withheld documents in detail "could constitute protected testimonial communication because it might entail implicit statements of fact: . . . the witness would admit that the papers existed, were in his possession or control, and were authentic." *See United States v. Hubbell*, 530 U.S. 27, 36-38 (2000).

The U.S. District Court for the Central District of California recognized the impropriety of requiring a privilege log in the context of a Fifth Amendment objection to a category of requested documents in the case of *In re Syncor ERISA Litigation*, 229 F.R.D. 636 (C.D. Cal. 2005). There, an individual defendant objected to requests for production of documents on the basis of the Fifth Amendment, and plaintiffs filed a motion to compel him to produce a privilege log identifying the relevant documents. The court stated:

Plaintiffs' 115 requests for the production of documents seek a wide variety of documents from defendant Fu. An examination of some of these requests, however, clearly shows plaintiffs seek information implicating defendant Fu's Fifth Amendment rights. . . .

As these examples make clear, some of plaintiffs' document requests implicate defendant Fu's Fifth Amendment rights, so that requiring defendant Fu to produce a privilege log listing responsive documents may incriminate defendant Fu by forcing him to "admit[] that the documents exist, are in his possession or control, and are authentic." *In re Grand Jury Subpoena*, 383 F.3d at 909. . . .

*Id.* at 649. On that basis, the court denied plaintiffs' motion to require the production of a privilege log.

2

Similarly, the Ninth Circuit recognized the propriety of objecting to producing a category of documents on Fifth Amendment grounds in *United States v. Bright*, 596 F.3d 683 (9th Cir. 2010). The court stated that "the scope of the Brights' privilege claim was clear: it applied to all documents responsive to each category and subcategory specified in the summonses," and the court concluded that in such circumstances "the district court was not precluded from making a reasoned assessment of the claimed privilege with respect to each category of requested documents." *Id.* at 691. The court further explained:

> The application of privilege to a document production is different from a blanket privilege claim at an interview. An unscripted interview is undefined, so a court cannot make a reasoned assessment of privilege before particular questions have been posed. . . . In contrast, a document request lays out categories of documents requested. A claim of privilege over all documents can be assessed as repeated assertions of privilege in response to each category. . . . The scope of the assertion is clear and circumscribed. Thus, although in the context of oral questioning a taxpayer has not fully litigated the privilege by issuing a general claim of privilege, . . . the same cannot be said of a claim of privilege over documents.

*Id.* at 691-92 (citations omitted).

Consistent with Fed. R. Civ. P. 26(b)(5)(A) and the foregoing cases, any Fifth Amendment objection that Defendant Newman would make to producing particular categories of documents would be made in a manner that "will enable other parties to assess the claim" "without revealing information itself privileged or protected." Ordering Defendant Newman to provide a detailed privilege log regarding any assertion of the Fifth Amendment concerning categories of requested documents is neither required by relevant rules and cases nor consistent with the Fifth Amendment's protections. One's right to not be compelled to admit that a particular category of documents exist, are in his possession or control, and are authentic would be eviscerated by a requirement to compile a privilege log admitting that those documents exist, are in his possession or control, and are authentic. *See Hubbell*, 530 U.S. at 36-38.

Additionally, as a point of clarification, Defendant Newman's position with respect to *in camera* review is that such review is not necessary where, as in *Bright* and *In re Syncor ERISA Litigation*, it is clear from the face of the particular document requests at issue that providing responsive documents implicates the Fifth Amendment. As noted previously, Defendant Newman intends to explain his objections in a manner that "will enable other parties to assess the claim" without the need for a privilege log or *in camera* review of any documents.

Sincerely,

AMERICAN CENTER FOR LAW AND JUSTICE
/s/ Erik Zimmerman
Erik Zimmerman

    cc:    *Counsel of Record*