UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CIVIL MINUTES

| Date: 9/28/2015 | Time: 41 minutes<br>9:02 a.m. to 9:43 p.m. | Judge: WILLIAM H. ORRICK |
|---|---|---|
| Case No.: 15-cv-03522-WHO | Case Name: National Abortion Federation v. Center for Medical Progress | |

**Attorneys for Plaintiff:**   Derek Foran and Linda Shostak
**Attorneys for Defendants:**   Peter Breen, Catherine Short, Edward White, Erik Zimmerman, Carly Gammill, Abigail Southerland, Corrine Konczel, Thomas Brejcha, Steven Wood, and Stephen C. Seto
**Amicus Attorneys:**   Brunn Roysden and Maria Syms

**Deputy Clerk:** Jean Davis          **Court Reporter:** FTR Recording

PROCEEDINGS

Telephonic case management conference conducted to discuss scheduling issues, discovery matters and the response to the Arizona subpoena.

Defense counsel advise that the body of materials they will be producing consists of roughly 200-300 hours of audio and video, which are not synchronized.  Certain other materials have been produced in response to the subpoena by the House of Representatives' Oversight Committee.  They were not reviewed by counsel in this case.  Counsel estimated that the volume produced pursuant to the House of Representatives subpoena exceeds the volume that has been segregated as potentially covered by the TRO, but it is unknown by how much.  No production has been made pursuant to the subpoena of the State of Arizona.  Defense counsel for CMP and Biomax have changed recently.  New counsel are at the initial stage of analyzing discovery and all defendants (and the plaintiff) are concerned that they will not be able to meet the schedule previously set by the Court.

In light of the concerns of counsel, the Court agrees to extend the schedule.  By October 7, 2015, the parties shall respond to all written discovery (interrogatories and requests for production).  If all responsive documents and the recordings cannot be produced by that time, they shall be identified and counsel shall provide an explanation for their inability to produce the material and an estimated date of production.

By October 14, 2015, the parties should have met and conferred to resolve as many discovery disputes as possible.  On October 14, 2015, the parties should file a joint submission outlining

for the Court those discovery disputes that have not been resolved and require the Court's attention. A hearing will be conducted on October 16, 2015 at 10 a.m. as to those issues.

The Court will also address the timing for responding to the pending subpoena issued by the State of Arizona on October 16, 2015. Counsel for the State of Arizona proposes that the meet and confer deadline between plaintiff and the Arizona Attorney General be extended to November 1, 2015; that plaintiff could have 20 days from that date to file a motion to quash or negotiate further with the Arizona Attorney General, if appropriate; and that documents would not be released until the motion to quash is resolved. Plaintiff indicates that while the proposal appears reasonable, until the production in this case is complete it will be unclear whether the timetable proposed is realistic.

By November 6, 2015, the parties should complete all depositions necessary prior to the Motion for Preliminary Injunction. The following briefing schedule is adopted as to the Amended Motion for Preliminary Injunction:

>    Amended motion due:         November 13, 2015
>    Response/opposition due:    December 2, 2015
>    Reply due:                  December 9, 2015
>    Hearing:                    December 18, 2015 at 10 a.m..

Parties agree that responses to the Amended Complaint (whether answers or Rule 12 motions) will be due 21 days following the Court's Order on the motion for preliminary injunction.