UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ABORTION FEDERATION,<br><br>    Plaintiff,<br><br>    v.<br><br>CENTER FOR MEDICAL PROGRESS, et al.,<br><br>    Defendants. | Case No. 15-cv-03522-WHO<br><br>**ORDER ON PENDING DISCOVERY DISPUTES**<br><br>Re: Dkt. No. 157 |

On October 16, 2015, I held a hearing on the parties' pending discovery disputes. Following review of the papers submitted by the parties and argument of counsel, I rule as follows.

## I.  DEFENDANTS CMP AND DALEIDIN'S PRODUCTION/RESPONSES

### A.  Requests for Production

#### 1.  Completeness of the Search and Production

Significant questions have been raised as to the completeness, adequacy and clarity of CMP and Daleidin's search for and responses to the requests for production. These defendants shall respond as follows.

CMP shall – if it has not – ask for responsive documents from every current and former employee, director, and agent of CMP or Biomax that CMP can locate with reasonable efforts. For each request for production, defendant CMP shall provide a supplemental written response, identifying: (a) who CMP asked to produce documents; (b) which documents have been produced responsive to that request (by bates number) and by whom; (c) anyone who did not produce documents because they possessed no responsive documents; and (d) anyone who refused to comply with the request and the basis of their refusal. If CMP asserts that any individual cannot be identified by name because of an assertion of Fifth Amendment rights, CMP may redact the

name of that individual from its written response but shall lodge with the Court an unredacted version of its written response. If CMP is withholding documents in CMP's possession based on any individual's Fifth Amendment rights, CMP shall produce those documents for in camera review.

For each request for production, defendant Daleidin shall provide a supplemental written response, identifying: (a) the documents that have been produced responsive to that request (by bates number); and (b) the documents (by bates number) that Daleidin refuses to produce based on his assertion of Fifth Amendment rights. If Daleidin refuses to produce documents based on an assertion of his Fifth Amendment rights, those documents shall be lodged with the Court for in camera review.

CMP and Daleidin shall also produce all copies of data and text from the Biomax website in their possession or control. If the defendants do not have access to or control over those materials, they shall indicate that in their supplemental written responses.

With respect to RFPs 8 and 9, CMP shall ask CMP/Biomax employees, directors, and agents who attended NAF meetings (i) for recordings of NAF meeting attendees and (ii) for communications between them and those attendees who the employees, directors or agents learned about or made contact with as a result of their attendance at NAF meetings. Responsive documents shall be produced. Supplemental written responses shall be provided that: (a) explain which employees, directors, agents were asked for responsive materials; (b) explain which of those individuals produced which documents (by bates numbers); (c) identify individuals who did not produce documents because they possessed no responsive documents; and (d) identify individuals who refused to comply with the request and the basis of their refusal. To the extent that CMP asserts that any individual cannot be identified by name because of an assertion of Fifth Amendment rights, CMP may redact the name of that individual from its written response but shall lodge with the Court with an unredacted version of that response. To the extent CMP is withholding documents in CMP's possession based on any individual's Fifth Amendment rights, CMP shall produce those documents for in camera review.

Daleidin shall likewise produce documents and submit a supplemental written response. If

Daleidin cannot identify any documents regarding NAF attendees because there are no attendees who he would not have known about or had contact or attempted contact with but for his attendance at NAF annual meetings, he shall explain that in his written responses.

All supplemental productions, written responses, and submissions to the Court for in camera review (if necessary) shall be served on or before **4:30 p.m. on October 23, 2015**.

### 2. Redactions

NAF complains that CMP has impermissibly redacted information from its production; namely the identity of recipients of a report CMP prepared regarding its activities at a NAF general meeting and emails regarding the same. CMP argues disclosure of these names will impermissibly intrude on its First Amendment associational rights and may jeopardize the Fifth Amendment rights of those individuals. I will take this issue under submission. The defendants and plaintiff shall submit briefs not to exceed ten pages in length addressing these arguments on or before **4:30 p.m. on October 23, 2015**. Defendants shall submit a joint brief.

### 3. Privilege Log

CMP's privilege log is deficient. CMP shall serve an amended privilege log on or before **4:30 p.m. on October 23, 2015** that provides a description of the documents withheld by bates number and identifies each basis for privilege asserted as to each document.

### 4. Interrogatories

With respect to identifying CMP/Biomax employees, directors, and agents who attended NAF meetings, CMP and Daleidin shall produce supplemental responses identifying those individuals by name. If CMP or Daleidin believe they cannot do so to protect those individuals assertion of Fifth Amendment rights, CMP and Daleidin shall redact those specific names from their supplemental written response, and shall lodge with the Court an unredacted copy for in camera review.

With respect to identifying individuals who otherwise had access to NAF materials (i.e., those who did not attend NAF meetings themselves), that matter has been taken under submission and will be ruled on after the parties submit supplemental briefing.

CMP does not need to identify by bates numbers the recordings taken at NAF meetings, as

those materials have been produced and are readily identifiable by NAF.

As with RFPs 8 & 9, CMP and Daleidin shall produce supplemental responses that identify NAF attendees who CMP/Biomax employees, directors, or agents would not have known about but for their attendance at NAF meetings.

## II. NAF'S PRODUCTION/RESPONSES

NAF shall produce – if it has not – documents regarding CMP and Biomax that predate June 1, 2015. With respect to documents that post-date the disclosure of CMP's project – thousands of emails, according to NAF's counsel, most of which involve NAF's general counsel – NAF has demonstrated that the burden of producing these documents at this time outweighs the limited (if any) relevance of these documents to the motion for preliminary injunction. This determination does not address production of these documents for purposes of merits discovery.

## III. DEPOSITIONS

NAF's request to depose the CMP/Biomax representative for 5.5 hours is GRANTED.

## IV. NAF'S USE OF RECORDINGS WITH ITS OWN MEMBERS

NAF may, without violating the Protective Order in this case, share portions of the defendants' recordings with specific NAF members who appear on the recordings but only to the extent that the NAF member who is viewing or listening to the recording appears on that portion of the recording and only to the extent that the NAF member agrees to be bound by the Protective Order in this case.

## V. ARIZONA AND LOUISIANA SUBPOENAS

The parties are to meet and confer by October 30, 2015 to identify the exact NAF materials that defendants propose to provide in response to the state subpoenas. NAF may then meet and confer with the law enforcement entities involved; the deadline to complete that meet and confer process is November 6, 2015. NAF shall have 20 days after November 6, 2015 to move to quash or otherwise challenge the state subpoenas. Absent that action by NAF, or upon agreement by the parties to allow compliance on an earlier date, defendants may comply with the subpoenas at that time. I repeat my order that defendants shall not provide any footage, documents or communications that have not been specifically requested in said subpoenas. There will be

4

1  consequences if a party violates this order.  Defendants shall also provide the Court and NAF with
2  a copy of all materials produced pursuant to the subpoenas that are potentially covered by the
3  TRO.[1]

### VI. DALEIDIN'S REQUEST TO HAVE THE COURT DETERMINE THE APPROPRIATE USE OF HEARSAY ON THE MOTION FOR A PRELIMINARY INJUNCTION PRIOR TO THE MOTION BEING FILED

The request is DENIED.  The determination of whether hearsay material can be used to support or oppose the motion for preliminary relief will be made when I rule on that motion.

**IT IS SO ORDERED**.

Dated: October 16, 2015



WILLIAM H. ORRICK
United States District Judge

---

[1] The universe of documents potentially covered by the TRO includes but is not limited to all those materials previously segregated by defendants for this purpose prior to their production to Congress following my Order on October 6, 2015.  Dkt. No. 155.