LINDA E. SHOSTAK (CA SBN 64599)
LShostak@mofo.com
DEREK F. FORAN (CA SBN 224569)
DForan@mofo.com
NICHOLAS S. NAPOLITAN (CA SBN 251762)
NNapolitan@mofo.com
CHRISTOPHER L. ROBINSON (CA SBN 260778)
ChristopherRobinson@mofo.com
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
Attorneys for Plaintiff
NATIONAL ABORTION FEDERATION (NAF)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL ABORTION FEDERATION (NAF), | Case No. 3:15-cv-3522-WHO |
| Plaintiff, | Judge: Hon. William H. Orrick, III |
| v. | **NATIONAL ABORTION FEDERATION (NAF)'S ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL** |
| THE CENTER FOR MEDICAL PROGRESS, BIOMAX PROCUREMENT SERVICES LLC, DAVID DALEIDEN (aka "ROBERT SARKIS"), and TROY NEWMAN, | |
| Defendants. | Date Action Filed: July 31, 2015<br>Trial Date: |

| | |
|---|---|
| 1 | Pursuant to Civil L.R. 7-11 and 79-5, Plaintiff National Abortion Federation ("NAF") |
| 2 | respectfully requests leave of Court to file under seal certain documents as follows: |

### REQUIRED CERTIFICATIONS

Pursuant to the Court's Standing Order of Administrative Motions to File Under Seal, NAF makes the following statements:

1. NAF certifies that it has reviewed and complied with the Court's Standing Order of Administrative Motions to File Under Seal.
2. NAF certifies that it has reviewed and complied with Civil Local Rule 79-5.
3. NAF identifies the documents to be sealed as follows:
   - NAF's Letter to the Court Regarding Violations of the Court's TRO.
4. NAF is the entity that has designated the above document as confidential information that should be filed under seal.
5. NAF requests that the document listed above be filed under seal because it identifies sources of NAF confidential material that is being published in violation of the Court's Order granting NAF's motion for a temporary restraining order ("TRO"). (Dkt. 27.) Public access to this letter will alert mainstream media to this source, resulting in widespread dissemination of NAF's confidential information in violation of this Court's order as well as harm to NAF and NAF's members. NAF requests sealing for a limited time in order to attempt to remove NAF's confidential information from public access and prevent further dissemination of this material.
6. NAF certifies that it has provided all other material required by the Local Rule, including courtesy copies in the correct format.

### ARGUMENT

The Ninth Circuit has held that the presumption of access to judicial records does not apply where the documents at issue are being filed in connection with a non-dispositive motion. *See In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (recognizing an exception to the presumption of access to judicial records in the context of non-dispositive motions, and stating that, "[u]nder the exception, the usual presumption of the

public's right of access is rebutted" (citation and internal quotation marks omitted)).  In such circumstances, the appropriate legal standard is "good cause" and the court may issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citing Fed. R. Civ. P. 26(c)).  Here, there is no question that the parties' Joint Discovery Letter is not a dispositive motion, and that the "good cause" standard therefore applies.

NAF has met the good cause standard here.  The document NAF seeks to seal, NAF's letter to the Court regarding violations of the Court's TRO, identifies sources that have obtained NAF's confidential information from NAF's annual meetings and that have published this information in violation of the Court's TRO.  (*See* Dkt. 27 at 1:20-21, 24-25.)  Public disclosure of this letter will result in widespread dissemination of these sources, permitting public access to NAF's confidential information in violation of the TRO and subjecting NAF and NAF's members to substantial harm.  (*See, e.g.*, NAF's Amended Administrative Mot. to File Under Seal, Dkt. 71, at 3:12-5:13 (describing why sealing documents discussing NAF confidential information and revealing NAF member names is necessary to prevent harassment, intimidation, violence, and invasion of privacy against NAF and named individuals).)  NAF seeks limited relief for a short period of time as it works to remove NAF's confidential information from public access.  NAF's request to seal this information is narrowly tailored to protect NAF's confidential information, prevent NAF's members from suffering substantial harm, and uphold the Court's TRO.

## **CONCLUSION**

For the reasons stated above, NAF respectfully requests that the Court file under seal NAF's letter regarding violations of the Court's TRO.

Dated:  October 22, 2015

CHRISTOPHER L. ROBINSON
MORRISON & FOERSTER LLP

By: */s/ Christopher L. Robinson*
　　　Christopher L. Robinson

Attorneys for Plaintiff
NATIONAL ABORTION FEDERATION