KATIE TOWNSEND (SBN 254321)
ktownsend@rcfp.org
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1250
Washington, D.C. 20005
Telephone: 202.795.9300
Facsimile: 202.795.9310

*Counsel for Non-Party*
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL ABORTION FEDERATION, <br><br> Plaintiff, <br><br> v. <br><br> CENTER FOR MEDICAL PROGRESS, et al., <br><br> Defendants. | Case No. 15-cv-03522-WHO <br><br> REQUEST OF NON-PARTY THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS FOR CLARIFICATION REGARDING SCOPE OF THE STIPULATED PROTECTIVE ORDER <br><br> [Declaration of Katie Townsend and [Proposed] Order filed concurrently herewith] |

1

# REQUEST FOR CLARIFICATION REGARDING SCOPE OF THE STIPULATED PROTECTIVE ORDER

The Reporters Committee for Freedom of the Press (the "Reporters Committee") hereby respectfully requests clarification of the scope of the stipulated protective order governing discovery in this case (the "Protective Order") (Docket No. 92).

On October 19, 2015, counsel for Plaintiff sent, via email, a courtesy copy of a letter to the Court to the Court's Calendar Clerk and Courtroom Deputy, Jean Davis, and to counsel for defendants. Plaintiff's counsel copied undersigned counsel for non-party the Reporters Committee, an organization that had previously submitted an *amicus curiae* letter brief in this action (Docket No. 109-1), and which is not a party to the Protective Order, on that correspondence. Shortly after receiving that correspondence, undersigned counsel for the Reporters Committee sent an email informing all counsel and Ms. Davis that she had received it. Declaration of Katie Townsend ("Townsend Decl."), Ex. A.

The following day, Plaintiff's counsel sent an email to undersigned counsel attaching a copy of the Protective Order. That email stated that the information included in the letter attached to the October 19 email to the Court was designated confidential pursuant to the terms of the parties' stipulated Protective Order, asked that counsel for the Reporters Committee confirm that the October 19 email and its attachment had been deleted, and asked undersigned counsel to agree to be bound by the Protective Order. *See* Townsend Decl., Ex. B.

Undersigned counsel responded that same day via email and informed Plaintiff's counsel that the Reporters Committee would be seeking guidance from this Court concerning what obligations, if any, it has with respect to the October 19 email and attachment. As undersigned counsel informed Plaintiff's counsel, she has preserved the status quo with respect to the October 19

email and letter by maintaining its confidentiality pending further guidance from this Court. *See* Townsend Decl., ¶ 5 and Ex. B.

The Reporters Committee is not a party to the Protective Order or to this litigation. *See Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982) ("An *amicus curiae* is not a party to litigation."). By definition, the Protective Order drafted and stipulated to by Plaintiff and Defendants—even insofar as it imposes obligations on other "non-parties"—does not impose any obligations or restraints upon the Reporters Committee, an entity which has not agreed, and would not agree, to be bound by its terms, and which is not involved in discovery in this matter. *See* Docket No. 92, ¶¶ 2.3 (defining a "non-party" as a "person, not a Party, who serves as a witness or provides Disclosure or Discovery Material in this Action"). Plaintiff's violation of its obligations under the Protective Order, whether inadvertent or intentional, cannot require the Reporters Committee to become a party to this litigation or to the Protective Order.

Furthermore, it is the Reporters Committee's position that its counsel does not have any separate or additional obligations with respect to the email and letter at issue merely by virtue of her status as an attorney. The situation here is distinct from, and not comparable to, a situation where counsel for an opposing party in litigation "receives [attorney-client] privileged documents through inadvertence," and utilizes such documents to obtain a strategic advantage for his or her client in that litigation. *See Rico v. Mitsubishi Motors Corp.*, 42 Cal. 4th 807, 810, 171 P.3d 1092, 1094 (2007). The California Supreme Court in *Rico*, adopting much of the reasoning of the California Court of Appeal's decision in *State Comp. Ins. Fund v. WPS, Inc.*, 70 Cal.App.4th 644, 656–57 (1999), concluded that the disqualification of opposing party's counsel in that case was an appropriate remedy for such conduct. *Id*. *Rico*, however, does not apply to non-privileged or non-attorney work product material—like the material at issue here—that has merely been designated

3

REQUEST FOR CLARIFICATION RE:
STIPULATED PROTECTIVE ORDER
Case No. 15-cv-03522-WHO

"confidential" for discovery purposes by agreement of the parties and sent—inadvertently or not—to a non-party attorney. Assuming that the October 19 email and its attachment were sent to counsel for the Reporters Committee inadvertently, the information therein was without question deliberately shared with opposing counsel, submitted to this Court, and, based on undersigned counsel's brief review, does not appear to contain any information of a kind that would justify its not being filed publicly.[1]

Plaintiff's counsel's request that the Reporters Committee's Litigation Director agree to be bound by the Protective Order places undersigned counsel in an untenable position by creating a conflict with respect to her representation of the Reporters Committee. As a First Amendment organization that advocates for court access for the press and the public and transparency in criminal and civil cases, attorneys at the Reporters Committee, including undersigned counsel, do not—as a matter of practice or of principle—agree to be bound by confidentiality agreements or protective orders in litigation matters. Given that the stipulated Protective Order in place in this matter does not bind the Reporters Committee, its atttorneys cannot agree to restrictions on the use or dissemination of material that it has lawfully obtained.

Accordingly, the Reporters Committee respectfully requests that this Court clarify that the Protective Order governing discovery in this matter does not bind the Reporters Committee or its counsel, and that neither the Reporters Committee nor its counsel has any obligations of confidentiality with respect to the October 19 email and its attachment.

---

[1] Notwithstanding the fact that *Rico* is inapplicable here, in an abundance of caution, undersigned counsel is seeking clarification from this Court consistent with that decision. The California Supreme Court in *Rico* identified certain steps that should be followed when an opposing attorney receives materials that "obviously appear to be subject to an attorney-client privilege" where "it is reasonably apparent that the materials were provided or made available through inadvertence." *Id.* at 1099. Specifically, the opinion states that "the lawyer receiving such materials should refrain from examining the materials any more than is essential to ascertain if the materials are privileged, and shall immediately notify the sender that he or she possesses material that appears to be privileged. The parties may then proceed to resolve the situation by agreement or *may resort to the court for guidance* with the benefit of protective orders and other judicial intervention as may be justified." *Id.* (italics added).

Dated: October 22, 2015

                                        */s/ Katie Townsend*
Katie Townsend
THE REPORTERS COMMITTEE
FOR FREEDOM OF THE PRESS

*Counsel for Non-Party*
THE REPORTERS COMMITTEE
FOR FREEDOM OF THE PRESS