UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ABORTION FEDERATION,<br><br>Plaintiff,<br><br>v.<br><br>CENTER FOR MEDICAL PROGRESS, et al.,<br><br>Defendants. | Case No. 15-cv-03522-WHO<br><br>**ORDER REGARDING SCOPE OF STIPULATED PROTECTIVE ORDER, DISCOVERY RESPONSES AND DISCLOSED MATERIALS**<br><br>Re: Dkt. Nos. 162, 173, 178-3, 179 |

This Order addresses several pending issues.

**I. MOTION FOR CLARIFICATION REGARDING SCOPE OF THE STIPULATED PROTECTIVE ORDER**

On October 19, 2015, plaintiff's counsel erroneously served counsel for the Reporters Committee for Freedom of the Press (Reporters Committee) with a copy of NAF's October 19, 2015 letter to the Court. That letter (Dkt. No. 177) identified portions of the video recordings covered by the TRO that were referenced by defendants in the parties' Joint Discovery Letter (Dkt. No. 157) and in Court on October 16, 2015.

Having accidentally received a copy of NAF's October 19th letter and having had conversations with plaintiff's counsel regarding the same, the Reporters Committee requests that I clarify the scope of the parties' stipulated Protective Order to make it clear that the Protective Order does not bind the Reporters Committee or its counsel and that the Reporters Committee and its counsel have no obligations of confidentiality with respect to the October 19, 2015 letter. Dkt. No. 173.

The October 19, 2015 letter – while appropriately covered by the Protective Order and sealed in the Court's docket under the Rule 26(c) good cause standard – discusses one small segment of the video recordings that was briefly discussed in open court. Neither party has filed with the Court a response to the Reporters Committee's request. For these reasons, I GRANT the

request and clarify that the Reporters Committee is not a party to nor bound by the Protective Order at issue.

## II. AMENDED DISCOVERY RESPONSES FOLLOWING COURT'S ORDER

Following my October 16, 2015 Order, defendant Daleidin lodged with the Court an unredacted copy of his "Supplemental Responses to NAF's First Set of Preliminary Injunction Interrogatories." Dkt. No. 182. Defendant CMP/Biomax lodged with the Court an unredacted copy of their "Supplemental Responses to NAF's First Set of Preliminary Injunction Requests for Production."[1] I will address the redactions made in those documents. No other documents have been submitted to the Court for in camera review.

### A. First Amendment Privilege

In my October 16, 2015 Order, I asked the parties to submit briefing on whether the First Amendment allows defendants to redact the identities of individuals and organizations who received confidential NAF information from defendants. Dkt. No. 162. Having reviewed the parties' briefs on the issue I find that for purposes of allowing NAF to prepare for the Preliminary Injunction proceedings, defendants SHALL disclose to NAF (by providing unredacted documents and written responses) the identities of individuals and organizations who received confidential NAF information. This information, however, shall be maintained as "Attorneys' Eyes Only" confidential under the Protective Order. Absent further order of the Court, these identities shall be referred to in publicly filed pleadings and Court proceedings by "Doe" identifiers. I find that NAF's need for this information – to adequately prepare for the Preliminary Injunction proceedings and to ensure the appropriate scope of any resulting injunction – makes this limited disclosure appropriate. Upon a fuller record – submitted during the Preliminary Injunction proceedings or on the merits of NAF's conspiracy claims – the Court may determine that public disclosure of some or all of these identities are appropriate. I reiterate my prior conclusion that the Protective Order adequately protects any First Amendment associational rights of CMP and these few individuals/organizations, if such rights exist.

---

[1] Whenever any party lodges a document for in camera review, that party shall file a "Notice of Manual Lodging" in CM/ECF.

### B. Fifth Amendment Assertions

In his supplemental written responses to NAF's Interrogatories, "without waiting his Fifth Amendment objections or those of the individuals," defendant Daleidin identified but then redacted from the document served on NAF, the names of individuals who attended a NAF annual meeting at Daleidin's direction.[2] Daleidin cannot refuse to identify these individuals based on those individual's Fifth Amendment rights. *See, e.g., Couch v. United States*, 409 U.S. 322, 328 (1973) ("It is important to reiterate that the Fifth Amendment privilege is a *personal* privilege: it adheres basically to the person, not to information that may incriminate him."). However, as clarified during the October 16, 2015 hearing, Daleidin is invoking his own Fifth Amendment right to avoid self-incrimination with respect to "conspiracy." Transcript (Dkt. No. 167) at 9:5-12.

NAF and Daleidin shall submit supplemental briefing regarding whether Daleidin can appropriately assert his personal Fifth Amendment right to shield the names of these individuals and/or whether any such privilege has been waived. The briefs shall not exceed seven pages and shall be filed on or before **5:00 p.m. Wednesday, November 3, 2015**.[3]

In their supplemental written responses to NAF's Requests for Production, CMP/Biomax redacted the name of David Daleidin as the individual who provided documents to counsel regarding NAF materials, notes on NAF materials, documents that contain NAF confidential information, communications with NAF, materials displayed at NAF meetings, documents regarding transmission of confidential NAF information, and communications with NAF attendees, for production by CMP/Biomax. Supp. RFP. at 6, 7, 8, 9, 10. During the Court's October 16, 2015 hearing counsel for Daleidin confirmed that he was only asserting the Fifth Amendment for documents regarding allegedly fake identification. Transcript at 9:18-22. There is no basis to redact Daleidin's name from the Supplemental Responses.[4]

---

[2] In accordance with my instructions, Daleidin lodged with the Court an unredacted copy of his Supplemental Interrogatory Responses. Dkt. No. 182.

[3] In this Order, I have not considered whether Daleidin's supplemental interrogatory responses are otherwise adequate. Daleidin did not submit to the Court a copy of his supplemental written responses to NAF's Requests for Production.

[4] I do not consider whether CMP/Biomax's supplemental RFP responses are otherwise adequate. I note that the only other redaction in their Supplemental Responses is the name of one other individual in response to RFP No. 6, who produced attorney-client privileged documents. CMP/Biomax did not submit for in camera review their supplemental responses to the

### III. NAF'S REQUEST RE DISCLOSED MATERIALS

On October 22, the defendants notified me that a third party allegedly received videotapes covered by the TRO from a "source on Capitol Hill" and had posted them online. Given the security procedures imposed by the House committee that defendants described during the last hearing, it is unclear whether defendants' representation is accurate.

In its October 22, 2015 letter (Dkt. No. 171-3), NAF notified me that it has identified who is posting the disclosed videos. NAF asks me to order Daleidin to turn over all originals and copies of material covered by the TRO to outside counsel for CMP for safekeeping. NAF also requests permission to serve a deposition subpoena on the individual it identified who is posting the information covered by the Court's TRO.

No response has been filed by the defendants in opposition to NAF's requests. I GRANT NAF's request for permission to serve a deposition subpoena on the identified individual and ORDER defendant Daleidin to turn over all copies of all materials covered by the TRO to outside counsel for CMP.

**IT IS SO ORDERED**.

Dated: October 30, 2015



WILLIAM H. ORRICK
United States District Judge

---

interrogatories.

4