# THOMAS MORE SOCIETY

*A National Public Interest Law Firm*

U.S. District Judge William H. Orrick III
Letter Filed by ECF & per Court Order (dkt 191)

Your Honor:

NAF's October 22, 2015 letter seeks an extraordinary order requiring Defendant David Daleiden to transfer all materials covered by the TRO to counsel for co-defendant CMP. NAF seeks to justify this request by observing that a third party, Charles Johnson, apparently has obtained materials covered by the TRO. NAF does not—because it cannot—point to any evidence suggesting that Mr. Daleiden provided these materials to Johnson. Instead, as all major media sources have reported, Johnson has claimed to have received these materials from a congressional leak.[1]

No evidence supports the claim that Mr. Daleiden has failed or will fail to comply with the Court's TRO. NAF has publicly conceded as much, urging House Government Oversight Committee Chairman Jason Chaffetz to investigate the leak and stating that, "although [Johnson] claims to have received them from Congress, we are not certain that is the case."[2] Since its letter, NAF has filed with the Court a copy of Mr. Daleiden's deposition, showing that NAF probed Mr. Daleiden's connections with Mr. Johnson for almost an hour. *Daleiden Dep.*, v. 1 20:18-71:10 (dkt 187-3). That intensive questioning showed nothing more than that Mr. Daleiden and Mr. Johnson are friends. The Constitution does not countenance "guilt by association." *United States v. Robel*, 389 U.S. 258, 265 (1967). At the very least, the Court should withhold ruling on any request for modification to the TRO until NAF has taken Charles Johnson's deposition, and some definitive evidence one way or the other is available about the congressional leak.

Modifications to a temporary restraining order generally are appropriate only "if the circumstances, whether of law or fact, obtaining at the time of its issuance have changed, or new ones have since arisen." *Sys. Fed. No. 91 v. Wright*, 364 U.S. 642, 647 (1961). Here, no evidence shows that Daleiden has violated the TRO. Thus, no pertinent facts or law have changed warranting a modification of the TRO to deny Daleiden access to TRO materials.

To the extent that NAF's request is premised on the assumption that the TRO materials belong to CMP, not Mr. Daleiden, this contention is not supported by evidence. NAF relies on a generic statement

---

[1] See, e.g., "'Confidential' Planned Parenthood video leaked," www.politico.com/story/2015/10/planned-parenthood-video-leak-215094; "Controversial blogger, infamous hacker team up to release remaining Planned Parenthood videos," www.washingtonpost.com/news/morning-mix/wp/2015/10/23/controversial-blogger-infamous-hacker-team-up-to-release-remaining-planned-parenthood-videos/; "Congressional staff leak baby-parts video blocked by Federal Judge," www.breitbart.com/big-government/2015/10/22/congressional-staff-leak-baby-parts-video-blocked-federal-judge/; "Hackers Release Shocking Planned Parenthood Videos: 'We Can't Stop' Selling Baby Parts," www.lifenews.com/2015/10/22/hackers-release-shocking-planned-parenthood-videos-we-cant-stop-selling-baby-parts/, all accessed 11/3/15.

[2] NAF Calls on Representative Chaffetz to Investigate Alleged Congressional Leak, prochoice.org/naf-calls-on-representative-chaffetz-to-investigate-alleged-congressional-leak/, accessed 11/3/15.

The Hon. William H. Orrick III
November 3, 2015
Page 2

in CMP's Form 1023, filed with the IRS on April 16, 2013, that states, "The Center for Medical Progress will own intellectual property in the form of copyrights for publications, videos, and other media produced by The Center as indicated in the Narrative Description."  Doc. 113-4, at 32.  By its plain terms, this statement applies only to the post-production materials prepared for publication by CMP (*i.e.*, "publications, videos, and other media **produced by the Center**"), not to raw video footage collected during journalist investigations.  *Id.*  Moreover, CMP has neither requested possession of these raw materials nor claimed ownership rights over them.

   Moreover, Mr. Daleiden continues to work on the Human Capital Project, including the work of curating available raw investigative materials for disclosure to law enforcement and for release of videos to the public.  In particular, Mr. Daleiden and CMP hope to defeat NAF's request for preliminary and permanent injunctions as to the Annual Meeting videos.  Barring Mr. Daleiden from accessing these raw NAF Annual Meeting materials necessarily prevents him from continuing that contracted curating work for CMP as to this mass of videos and audios, in preparation for their potential later release by CMP.

   In addition, to the extent that NAF seeks to interfere with Mr. Daleiden's ability to review TRO materials in consultation with his counsel, this would violate the Due Process Clause.  Denying Mr. Daleiden and his counsel access to the TRO materials would significantly impair their ability to present an effective defense in this case.  Without access to discovery materials, Mr. Daleiden's legal team could not meaningfully consult with their client, prepare for depositions, respond to motions, or prepare for the preliminary injunction hearing.  Further, for these activities and consultations to be meaningful, Mr. Daleiden must also have access to these materials along with his attorneys.  Mr. Daleiden's counsel cannot properly assess the materials or prepare Mr. Daleiden's case without the input of the one person who knows more about these materials than anyone else, Mr. Daleiden.

   Procedural due process requires a court to consider (1) "the private interest that will be affected by the official action;" (2) "the risk of erroneous deprivation of such interest through the procedures used;" and (3) "the Government's interest" in imposing restrictive procedures.  *Gant v. Cnty. of Los Angeles*, 772 F.3d 608, 619 n.12 (9th Cir. 2014) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)) (alteration omitted).  In this case, all three factors cut against restricting Daleiden's access to the TRO materials.  (1) NAF seeks injunctive relief that will interfere with Daleiden's and CMP's fundamental First Amendment freedoms, as well as unspecified money damages that may be substantial, so the private interest is strong; (2) restricting Daleiden's access to TRO materials will sorely undercut his (and CMP's) ability to present an effective defense in this case, for the reasons stated above; and (3) there is no strong interest in imposing the restrictions, because NAF has identified no evidence other than insinuation and guilt-by-association to support the restriction.  *See id.*

   Respectfully submitted,

| | |
|---|---|
| /s/Peter Breen | /s/Steven Wood |
| *Counsel for David Daleiden* | *Counsel for The Center for Medical Progress &* |
| | *BioMax Procurement Services LLC* |