LINDA E. SHOSTAK (CA SBN 64599)
LShostak@mofo.com
DEREK F. FORAN (CA SBN 224569)
DForan@mofo.com
NICHOLAS S. NAPOLITAN (CA SBN 251762)
NNapolitan@mofo.com
CHRISTOPHER L. ROBINSON (CA SBN 260778)
ChristopherRobinson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff
NATIONAL ABORTION FEDERATION (NAF)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ABORTION FEDERATION (NAF),<br><br>Plaintiff,<br><br>v.<br><br>THE CENTER FOR MEDICAL PROGRESS, BIOMAX PROCUREMENT SERVICES LLC, DAVID DALEIDEN (aka "ROBERT SARKIS"), and TROY NEWMAN,<br><br>Defendants. | Case No. 3:15-cv-3522<br><br>Judge: William H. Orrick, III<br><br>**NATIONAL ABORTION FEDERATION (NAF)'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY THE CENTER FOR MEDICAL PROGRESS AND DAVID DALEIDEN (AKA "ROBERT SARKIS") SHOULD NOT BE HELD IN CONTEMPT**<br><br>Hearing Date: December 18, 2015<br>Time: 10:00 a.m.<br>Location: Courtroom 2, Floor 17<br><br>Date Action Filed: July 31, 2015<br>Trial Date: |

**REDACTED**

MOTION FOR ORDER TO SHOW CAUSE
CASE NO. 3:15-CV-3522
sf-3590439

## NOTICE OF MOTION AND MOTION

TO THE CENTER FOR MEDICAL PROGRESS, DAVID DALEIDEN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on December 18 at 10:00 a.m., in Courtroom 2 of the Honorable William H. Orrick at the United States District Court for the Northern District of California, 17th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, Plaintiff National Abortion Federation ("NAF") brings this Motion for an Order to Show Cause Why The Center for Medical Progress ("CMP") and David Daleiden ("Daleiden") Should Not Be Held in Contempt for violating this Court's October 6, 2015 Order. Specifically, in its October 6, 2015 Order regarding the congressional subpoena, the Court admonished Defendants that "CMP shall not provide to Congress any footage, documents or communications that have not been specifically requested by the subpoena." (Dkt. No. 155.) CMP and Daleiden did not comply with the October 6 Order, justifying an Order to Show Cause why they should not be held in contempt.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting declaration of Derek Foran; the concurrently filed Motion for Preliminary Injunction and the memorandum of points and authorities and declaration of Derek Foran in support thereof; the papers, evidence and records on file in this action; and any other written or oral evidence or argument as may be presented at or before the time this motion is taken under submission by the Court.

## RELIEF REQUESTED

The National Abortion Federation respectfully requests the following relief:

1. An order directing Daleiden to turn over all copies of materials covered by this Court's TRO (and any subsequent preliminary injunction) to outside counsel for CMP, and directing Daleiden to certify under oath that all copies of such recordings, in whatever form, have been turned over to counsel for CMP;

2. An order directing CMP to remove all material covered by this Court's Temporary Restraining Order from its Facebook page;

3. An order directing David Daleiden to remove from his Twitter feed commentary

about the content of materials covered by this Court's Temporary Restraining Order;

4. Sanctions sufficient to ensure CMP's and Daleiden's future compliance with the Temporary Restraining Order and/or the order prohibiting the disclosure of non-responsive NAF information to government subpoenas;

5. NAF's costs and attorney fees incurred in pursuing this motion; and

6. Such other relief as the Court may deem proper.

Dated: November 13, 2015        DEREK F. FORAN
                                MORRISON & FOERSTER LLP


                                By: */s/ Derek F. Foran*
                                    DEREK F. FORAN

                                Attorneys for Plaintiff
                                NATIONAL ABORTION FEDERATION

## I. INTRODUCTION

There is clear and convincing evidence that CMP and Daleiden have acted in violation of the Court's October 16, 2015 Order (Dkt. No. 155). In particular, when providing CMP and Daleiden permission to respond to a congressional subpoena concerning the "acquisition, preparation, and sale of fetal tissue," which sought some of the materials covered by this Court's TRO, the Court expressly stated that "CMP shall not provide to Congress any footage, documents or communications that have not been specifically requested by the subpoena." (Dkt. No. 155 at 3:12-14.) Daleiden and CMP violated that Order. ▌

▌ CMP turned over all 504 hours of video and audio footage illegally taken at NAF's meetings, as well as hundreds of documents obtained at those meetings—most of which have nothing to do with the "acquisition, preparation, and sale of fetal tissue." A week and a half after ▌ that all of the video and audio be turned over to Congress, his "great friend" and internet troll Charles C. Johnson began publishing that material on the internet, leading to further instances of harassment, intimidation, and threats against innocent NAF members.

## II. STATEMENT OF FACTS

The congressional subpoena asked CMP to produce the following:

1. All unedited video footage relating to the acquisition, preparation, and sale of fetal tissue, including, but not limited to, all video footage referring or relating to the involvement of Planned Parenthood and its affiliates in the sale of fetal tissue, manipulation of abortion procedures, and/or related conversations.

2. All documents and communications referring or relating to the acquisition, preparation, and sale of fetal tissue, including but not limited to, documents and communications referring or relating to the involvement of Planned Parenthood and its affiliates in the sale of fetal tissue, manipulation of abortion procedures, and/or related conversations.

(Dkt. 152-1 at 2.)

In its order allowing CMP (not Daleiden), to provide a response to this subpoena, it stated clearly that "CMP **shall not** provide to Congress any footage, documents or communications that have not been specifically requested by the subpoena." (Dkt. No. 155 at 3:12-14 (emphasis

1  added).) Yet Daleiden and CMP violated that Order. Less than two days after the Court's Order,
2  ███████████████████████████████ counsel for Daleiden (not CMP),
3  produced all 504 hours of video and audio illegally taken at NAF's meetings, as well as hundreds
4  of documents. ████████████████████████████████████
5  ████████████████████████ despite the fact that the Court has twice held in
6  Orders that the audio and video are corporate records that belong to CMP[1], he continues to
7  maintain possession of those corporate records. (Dkt. No. 137 at 6 ("The records that NAF seeks
8  are not . . . personal in nature . . . . Instead, they fall squarely within CMP's claimed function as
9  described in its bylaws, articles of incorporation, and IRS documents"); Dkt. No. 155 at 3
10 ("[T]he documents, video footage and communications covered by the TRO are CMP's and do
11 not belong to any individual defendant").)
12        Much of the material turned over to Congress ██████████████████"
13 has nothing to do with the subject matter to which the subpoena is directed; this is no surprise,
14 since Defendants' illegal videotaping campaign was sweeping and without regard to subject
15 matter. ███████████████████████████████████████
16 ████████████████████████████████████████████
17 ████████████████████████████████████████████
18 ████████████████████████████████████████████
19 ███████ Consequently, they recorded huge swaths of content that had nothing to do with
20 fetal tissue. With respect to NAF's 2015 meeting, ██████████████████████
21       █ ████████████████████████████
22       █ ███████████████
23                     ████
24       █ ████████████████████████████
25       █ ████████████████
26       █ █████████████████████████████
27
28        [1] In reality, they were stolen in violation of criminal law by CMP, and belong to NAF.



Moreover, a non-exhaustive list of nonresponsive material found on the hard drives that Daleiden produced to Congress includes complete presentations and seminars on topics like: ████████ e. (Foran Decl. ¶ 3.) The list goes on. Daleiden produced dozens upon dozens of video and audio files that had no responsive content, like recordings from sessions that addressed ████████

MOTION FOR ORDER TO SHOW CAUSE
CASE NO. 3:15-CV-3522
sf-3590439

3

1  ████████████████████████████████████████████████████████████████
2  ████████████████████████████████████████████████████████████████
3  ████████████████████████████████████████████████████████████████
4  ██████████████████████████████████████████████████████    Foran
5  Decl. ¶ 4.)  He even produced videos from a panel that describes ███████████
6  ████████████████████████████████████████████████████████████████
7  ████████████████████████████████████. (*Id.*)
8      For evidence that Defendants' illegal videotaping campaign swept in subjects that have
9  nothing to do with fetal tissue, the Court need look no further than the comments of Daleiden
10 his co-conspirators on the tapes themselves. ████████████████████████████
11 ████████████████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████████████████
13 ██████████████████████████████████████ (Foran Decl. ¶ 5.) ███████
14 █████████████████████████████████████████████. (*Id.*)  That tape, among
15 many others, has now been turned over to Congress.
16      Moreover, ████████████████████████████████████████████████,
17 counsel for CMP has all but conceded that the disclosure to Congress was overbroad and did not
18 comport with this Court's October 16, 2015 Order.  Specifically, as the Court is aware, the
19 Arizona AG has issued a subpoena seeking "all video footage in CMP's possession relating to
20 the provision, acquisition, preparation, transportation, and sale of fetal tissue."  (Dkt. No. 61-2.)
21 As such, it is virtually identical to the Congressional subpoena.  (*Compare id.* with Dkt. 152-1 at
22 2 (seeking all "unedited video footage relating to the acquisition, preparation, and sale of fetal
23 tissue").)  On October 13, counsel for NAF attempted to meet-and-confer with counsel for CMP
24 concerning their position on how much of the TRO materials was responsive to this subpoena.
25 (Foran Decl. ¶ 6.)  Counsel for **Daleiden** (not CMP), interjected in that effort and stated that "all"
26 of the TRO materials were responsive.  (*Id.*, Ex. 1.)  Yet just days later, when counsel for NAF
27 was finally able to meet and confer directly with counsel for CMP, **they only identified 116**
28 **complete (unedited) audio or video files, out of a total of 635, that CMP believed were**

1  **responsive**. (*See* Foran Decl. ¶¶ 7-8, Ex. 2.) This accounts for about 46 hours of video (out of a
2  total of nearly 239 hours produced by Daleiden, or ~19%), and 104 hours of audio (out of a total
3  of over 265 hours produced by Daleiden, or ~40%).[2] (*Id.*) This is far short of the 635 files that
4  Daleiden produced to Congress. In light of these admissions, there is simply no excuse, none,
5  for why Daleiden was permitted to produce all 504 hours of audio and video to Congress less
6  than two days after the Court issued an order expressly stating that "CMP shall not provide to
7  Congress any footage, documents or communications that have not been specifically requested
8  by the subpoena." (Dkt. No. 155 at 3:12-14.)

9  The clear and unequivocal violation of the Court's Order does not end with the dump of
10 all 504 hours of audio and video ███████████████████████████████████████
11 ████████████████████████████████████████████████████████████. The
12 overwhelming majority of these documents are not responsive to the Congressional subpoena,
13 and as such their disclosure also violates this Court's October 16, 2015 Order. Nonresponsive
14 documents include (but are not limited to):



---

26  [2] Moreover, the files CMP has identified as likely responsive to the Arizona AG's
27  subpoena continue to be grossly overbroad and contain dozens of hours of nonresponsive material, including material that specifically identifies images and names of NAF members. NAF
28  is currently meeting and conferring with the Arizona AG (as well as the Louisiana Inspector General) regarding the appropriate scope of any disclosure.

MOTION FOR ORDER TO SHOW CAUSE
CASE NO. 3:15-CV-3522
sf-3590439

5



(Foran Decl. ¶ 10.)

A week and a half after forcing through this clearly overbroad production, Daleiden's "great friend," Charles C. Johnson, began publishing it on the Internet. (Foran Decl. Exs. 5, 7.) Johnson initially claimed that he obtained the recordings from a "congressional staffer." (Foran Decl. Exs. 6, 8.) He would later tell the Washington Post, however, that he received it from someone with the username "patriotgeist," and that this individual did **not** identify themselves as being from Congress. (Foran Decl. Ex. 9.) Rather, they told Johnson that "he" was someone who felt "morally interested in having this material come out." (*Id.*) At the very same time, Johnson was in frequent contact with Daleiden himself,

Whether or not Johnson's incredible cover story is to believed (NAF will depose him next

1  week), one of two things must be true: either (1) a Congressional staffer, out of the tens of
2  millions of potential candidates, happened to select Daleiden's "great friend" Johnson to leak
3  materials covered by this Court's TRO; or (2) Daleiden forced the overbroad disclosure to
4  Congress and then used it as a smoke screen in order to pass the same materials to Johnson, an
5  individual notorious for publishing on the Internet intimate, private details of people's lives
6  (including, to take one of many abhorrent examples, the names and pictures of rape victims).
7  (Foran Decl. Ex. 10.)

8       The material Johnson posted included things like a 36-minute clip from a ▮▮▮
9  ▮▮▮▮▮▮▮▮▮▮▮▮▮, and an hour-and-a-half panel discussion on ▮▮▮▮▮
10 ▮▮▮▮▮▮▮▮▮▮ (Foran Decl. ¶¶ 17-18, Ex. 11.) Such videos have nothing to do
11 with material sought by the congressional subpoena. Yet the videos, now publicly disclosed,
12 identify multiple physicians by name and show their faces. (*Id*.) Moreover, as explained more
13 fully in NAF's Motion for Preliminary Injunction which is incorporated by reference, Johnson's
14 disclosure of the overbroad materials ▮▮▮▮▮▮▮▮▮▮▮▮▮ notwithstanding this
15 Court's clear and unambiguous order has led directly to further instances of harassment and
16 intimidation against NAF's members. (*See* NAF Mtn. for Prelim. Inj. at 13 (collecting instances
17 of online harassment and death threats as a result of Johnson's disclosures).)

18      Meanwhile, CMP's Facebook page now displays links to the very TRO materials that this
19 Court prohibited Defendants from publishing online. (Foran Decl. Ex. 12.) Counsel for NAF
20 demanded that CMP take these videos down from its own site, and counsel for Daleiden (rather
21 than counsel for CMP) responded, stating that Daleiden would refuse to do so. (Foran Decl. Ex.
22 13.) Daleiden has also commented publically about the content of the TRO materials his "great
23 friend" Charles Johnson has disclosed. On Daleiden's Twitter feed, he commented about
24 Johnson's release of the videos. First, he compliments Johnson "on his potent work and top-
25 notch investigative skills"; second, he claims that the TRO materials posted by Johnson "confirm
26 everything we've been saying for 3 months." (Foran Decl. Ex. 14.)

27 **III.   ARGUMENT**
28      Civil contempt consists of a "'party's disobedience to a specific and definite court order

by failure to take all reasonable steps within the party's power to comply.'" *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014). It does not matter what the party's intent was when the party disobeyed the court's order, and the contempt "need not be willful." *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987) (*citing Perry v. O'Donnell*, 759 F.2d 702, 704-706 (9th Cir. 1985)). A party cannot disobey a court order and later argue that there were "exceptional circumstances" for doing so. *Id*. "[T]here is no good faith exception to the requirement of obedience to a court order." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). To avoid contempt, CMP and Daleiden must establish "categorically and in detail" that compliance with the Court's order was or is impossible. *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1241 (9th Cir. 1999).

The Court's order of October 6, 2015, expressly prohibited CMP and Daleiden from disclosing to "congress any footage, documents or communications that have not been specifically requested by the subpoena." (Dkt. 155 at 3:12-14.) As described above, less than 48 hours after the Court's order, CMP and Daleiden produced to Congress all recordings and documents they gathered at NAF's meetings, in blatant violation of this Court's Orders that only material "specifically requested" by the subpoena be produced. Even a cursory review of the materials disclosed to Congress reveals that the majority of it is completely unrelated to "fetal tissue," much less the sale of it. Not even the broadest reading of the congressional subpoena covers, for example, materials that only discuss the reproductive healthcare needs of transgender patients, or political activism in Mexico City, to take just two of many, many examples. Accordingly, CMP and Daleiden should be held in contempt because they disobeyed "a specific and definite court order by fail[ing] to take all reasonable steps within the party's power to comply." *Inst. of Cetacean Research*, 774 F.3d at 945.

The Court "retains discretion to establish appropriate sanctions." *United States v. Bright*, 596 F.3d 683, 696 (9th Cir. 2010). It must do so in consideration of "the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510,

1  516 (9th Cir. 1992).  NAF has accordingly asked for minimal sanctions that are tailored to reduce
2  the risk of future noncompliance with the TRO.

3  Most importantly, Daleiden should be required to turn over all TRO materials to counsel
4  for CMP, and to certify under oath that he has done so.  This relief is crucial because—whether
5  the recent leak of nonresponsive material came from a congressional staffer, or came from
6  Daleiden or at his behest—it is the direct result of the fact that Daleiden continues to possess and
7  control materials covered by this Court's TRO that do not belong to him.  The Court has twice
8  found that this information belongs to CMP, and not to Daleiden in his personal capacity.  (Dkt.
9  No. 137 at 6 ("The records that NAF seeks are not . . . personal in nature . . . .  Instead, they fall
10 squarely within CMP's claimed function as described in its bylaws, articles of incorporation, and
11 IRS documents"); Dkt. No. 155 at 3 ("[T]he documents, video footage and communications
12 covered by the TRO are CMP's and do not belong to any individual defendant").)  To avoid
13 further unwarranted breaches, at a bare minimum, Daleiden should not be permitted to continue
14 exercising control over these records.

15 The Court should also order Daleiden and CMP to take down posts that they control (on
16 CMP's Facebook account and on Daleiden's Twitter feed, respectively), that link to and discuss
17 the TRO material.  Their promotion of this material following a supposed "leak" is a direct
18 contravention of the Court's TRO.  Given the blatant violation of the Court's Order, the Court
19 should also compel Daleiden and CMP to pay all costs and fees incurred by NAF in bringing this
20 motion.  Finally, the Court should issue any other relief or impose any further sanction that it
21 deems necessary to enforce compliance with its orders going forward.

## **CONCLUSION**

23 For the reasons stated above, NAF respectfully requests that the Court hold David
24 Daleiden and CMP in contempt.

Dated: November 13, 2015         MORRISON & FOERSTER LLP

                                 By:    */s/ Derek F. Foran*
                                        Derek F. Foran

                                 Attorneys for Plaintiff
                                 NATIONAL ABORTION FEDERATION