1  Mark P. Meuser, SBN 231335
   Meuser Law Group, Inc
2  PO Box 5412
3  Walnut Creek, CA 94596
   Telephone: (415) 577-2850
4  Facsimile: (925) 262-4656
5  mark@meuser-law.com

6  Attorney for Charles C. Johnson

7

8              UNITED STATES DISTRICT COURT

9     NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

| NATIONAL ABORTION FEDERATION | Case No.: 15-CV-03522-WHO |
|---|---|
| Plaintiff, | |
| v. | **SECOND MOTION TO QUASH THE SUBPOENA OF CHARLES C. JOHNSON** |
| CENTER FOR MEDICAL PROGRESS, *et al* | |
| Defendants. | **Date: Dec. 23, 2015**<br>**Time: 2:00pm**<br>**Location: Courtroom 2, 17th Floor** |
| | Re: Dkt. Nos. 185, 191 - 194, and 201 |

### JOHNSON'S MOTION TO QUASH SUBPOENA

PLEASE TAKE NOTICE that on December 23, 2015, at 2:00pm, in Courtroom 2, 17th Floor of the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, the undersigned counsel for Charles C. Johnson (hereinafter "Johnson") shall move for an order to Quash the Subpoena served upon Johnson.

Johnson seeks to quash Plaintiff National Abortion Federation's October 30, 2015 subpoena for documents as to request 2 through 4 because it impermissibly seeks the production

1  of documents from Johnson on November 17, 2015 that are privileged under the California
2  Constitution.
3      Johnson therefore respectfully requests that Johnson's Motion to Quash Subpoena be
4  granted.

6  Respectfully submitted this 15th day of November, 2015.

                                Meuser Law Group, Inc.


                                /s/ Mark P. Meuser
                                Mark P. Meuser, SBN 231335
                                Attorney for Charles C. Johnson

**MEMORANDUM OF POINTS AND AUTHORITIES**

On November 1, 2015, Charles C. Johnson ("Johnson") was served a Subpoena to Testify at a Deposition scheduled for November 6, 2015 (See Doc. #192 & #194). This Deposition also requested that Johnson produce documents at his Deposition. (See Exhibit 1 attached to the declaration of Meuser).

Fed. R. Civ. P. 45(d)(3)(A) (iii) requires that a subpoena be quashed "On timely motion" where the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies".

In this case, on November 1, 2015, Plaintiff National Abortion Federation served a subpoena *duces tecum* upon Johnson ordering him to appear on November 6, 2015. Johnson filed his Motion to Quash on November 2, 2015 (See Doc. #193). This Court recognized that Johnson was objecting to the subpoena *duces tecum* "in that the subpoena violated the Federal Rules by providing him insufficient time to raise objections." (See Doc 201). This Court ordered that the subpoena *duces tecum* take place on the week of November 16.

Johnson's counsel meet and conferred with counsel for the Plaintiff and the attorneys agreed that Johnson's deposition be taken on November 17, 2015 at 10:00am at the offices of Morrison & Foester in San Francisco. Plaintiff's counsel informed Johnson's counsel by email that they would not be submitting an amended deposition notice.

Johnson's counsel has now had the ability to examine the documents that are responsive to the subpoena *duces tecum* and pursuant to Federal Rule of Civil Procedure 45(d)(2)(B) Johnson has filed his objection within 14 days after the subpoena was served that some of the documents requested are covered by the Journalist's Privilege (See Exhibit 2 attached to the declaration of Meuser).

Plaintiff's subpoena *duces tecum* requests four categories of documents. Plaintiff has made objection to the 2 - 4 requests:

2. Copies of all communications, including emails, instant messages, telephone records, and text messages, with any person using, or who you believed to use, the username :patriotgeist".

3. A complete copy of all materials allegedly sent to you by the person using the username "patriotgeist".

4. Copies of all communications, including emails, instant messages, telephone records, and text messages, concerning material covered by the Temporary Restraining Order or material created by David Daleiden and/or the Center for Medical Progress from October 8, 2015 through the time of the deposition.

## MOTION TO QUASH

### *California Shield Law*

Journalists have been asserting their right to keep their sources confidential prior to the United States declaring its independence from Great Britain (*See* Benjamin Franklin, Autobiography 69 (Leonard W. Labaree *et al*. Yale Univ. Press 1964) where Franklin writes that his brother was imprisoned in 1732 for refusing to divulge the name of the author of an article in his newspaper to a legislative commission).

In this case, Plaintiff has claimed that this Court has jurisdiction for hearing this case under 28 U.S.C. §1332 (diversity jurisdiction) (See Doc. 1 ¶21). It is a bedrock principle that Federal Courts must use state choice of law rules when they are hearing state law claims. (*See e.g. Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)).

The California Constitution states:

> A publisher, editor, reporter, or other person connected with or employed upon a newspaper, magazine, or other periodical publication, or by a press association or wire service, or any person who has been so connected or employed, shall not be adjudged in contempt by a judicial … for refusing to disclose the source of any information procured while so connected or employed for publication in a newspaper, magazine or other periodical publication, or for refusing to disclose any unpublished information obtained or prepared in gathering, receiving or processing of information for communication to the public.

CA CONST. Art 1, Sec. 2(b)

These rights are further codified in CA Evid. Code §1070.

According to his web site www.gotnews.com, "Gotnews.com founder and editor-in-chief Charles C. Johnson is an investigative journalist, author, and sought after researcher." (See Exhibit 3, attached to the declaration of Meuser).

In this case, Plaintiff is seeking Johnson's confidential source and the material he received from his confidential source for the videos he published involving the controversial audio/video that was recorded by others at the 2014 and 2015 NAF annual meetings.

Charles Johnson is a journalist and under California law, he has an absolute privilege to refuse to disclose his source and the material that he receives in the course and scope of his job as a journalist. The subpoena *duces tecum* must be quashed as to documents that are requesting privileged information.

Respectfully submitted this 15th day of November, 2015.

                                      Meuser Law Group, Inc.

                                      /s/ Mark P. Meuser
                                      Mark P. Meuser, SBN 231335
                                      Attorney for Charles C. Johnson

**Motion to Quash**