Mark P. Meuser, SBN 231335
Meuser Law Group, Inc
PO Box 5412
Walnut Creek, CA 94596
Telephone: (415) 577-2850
Facsimile: (925) 262-4656
mark@meuser-law.com

Attorney for Charles C. Johnson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL ABORTION FEDERATION<br><br>    Plaintiff,<br><br>v.<br><br>CENTER FOR MEDICAL PROGRESS, *et al*<br><br>    Defendants. | Case No.: 15-CV-03522-WHO<br><br>**DECLARATION OF MEUSER IN SUPPORT OF JOHNSON'S SECOND MOTION TO QUASH THE SUBPOENA OF CHARLES C. JOHNSON**<br><br>Date: Dec. 23, 2015<br>Time: 2:00pm<br>Location: Courtroom 2, 17th Floor<br><br>Re: Dkt. Nos. 185, 191 – 194, and 204 |

I, Mark P. Meuser, do hereby declare:

1. I have personal knowledge of the facts set forth herein. If called as a witness, I can and will testify competently to the following:

2. Attached as Exhibit 1 is a true and correct copy of the Subpoena to Testify at A Deposition in a Civil Action given to me by my client Charles C. Johnson.

3. Attached as Exhibit 2 is a true and correct copy of the Objection of Charles C. Johnson to the Subpoena to Testify at a Deposition.

4. Attached as Exhibit 3 is a true and correct copy of the About page of the web site www.gotnews.com.

1

**Declaration of Meuser in Support of Motion to Quash**

1  I declare under penalty of perjury under the laws of the State of California that the foregoing
2  is true and correct. If called to testify to the matters set forth herein, I could and would do so
3  competently.
4  Executed on November 15, 2015 at Walnut Creek California.

                /s/ Mark P. Meuser
                Mark P. Meuser, SBN 231335

Exhibit 1

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| NATIONAL ABORTION FEDERATION ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 3:15-cv-3522-WHO |
| THE CENTER FOR MEDICAL PROGRESS, DAVID DALEIDEN, ET AL ) | |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Charles C. Johnson
270 Mesa Ave., Clovis, CA 93611
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Keleher's Certified Shorthand Reporters<br>1540 E. Shaw Ave., Suite 122<br>Fresno, CA 93710 | Date and Time:<br>11/06/2015 12:00 pm |
|---|---|

The deposition will be recorded by this method:  Video and stenographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/30/2015

CLERK OF COURT

OR  _[signature]_

_Signature of Clerk or Deputy Clerk_       _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* NATIONAL ABORTION FEDERATION , who issues or requests this subpoena, are:

Derek F. Foran, Morrison & Foerster LLP, 425 Market St., San Francisco, CA 94105, DForan@mofo.com; (415) 268-6323

Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

(Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) [Place of] Compliance.**

**(1) [For a] Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) [For Other] Discovery.** A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
 (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

 (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
 (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
 (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
 (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

1. Copies of all communications, including emails, instant messages, telephone records, and text messages, with David Daleiden from July 1, 2015 through the time of the deposition.

2. Copies of all communications, including emails, instant messages, telephone records, and text messages, with any person using, or who you believed to use, the username "patriotgeist."

3. A complete copy of all materials allegedly sent to you by the person using the username "patriotgeist."

4. Copies of all communications, including emails, instant messages, telephone records, and text messages, concerning material covered by the Temporary Restraining Order or material created by David Daleiden and/or the Center for Medical Progress from October 8, 2015 through the time of the deposition.

EXHIBIT A

Exhibit 2

Mark P. Meuser, SBN 231335
Meuser Law Group, Inc
PO Box 5412
Walnut Creek, CA 94596
Telephone: (415) 577-2850
Facsimile: (925) 262-4656
mark@meuser-law.com

Attorney for Charles C. Johnson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL ABORTION FEDERATION<br><br>   Plaintiff,<br><br>v.<br><br>CENTER FOR MEDICAL PROGRESS, *et al*<br><br>   Defendants. | Case No.: 15-CV-03522-WHO<br><br>**OBJECTION TO THE SUBPOENA TO PRODUCE DOCUMENTS AT A DEPOSITION IN A CIVIL ACTION**<br><br>**Date: Nov. 17, 2015**<br>**Time: 10:00am**<br><br>Re: Dkt. Nos. 185, 191 - 194, and 201 |

**JOHNSON'S MOTION TO QUASH SUBPOENA**

PLEASE TAKE NOTICE that third party witness Charles C. Johnson is hereby objecting to producing certain documents requested of him by the subpoena *duces tecum. Johnson was served with the subpoena duces tecum* on November 1, 2015.

| **Request:** | **Objection** |
|---|---|
| 2. Copies of all communications, including emails, instant messages, telephone records, and text messages, with any person using, or who you believed to use, the username "patriotgeist." | Objection. Charles C. Johnson is an investigative reporter and he objects to producing any documents responsive to this request under the Journalist Privilege as defined by the California Constitution and California Evidence Code §1170. |

1

**Objection to the Subpoena to Testify at a Deposition in a Civil Action**

| | |
|---|---|
| 3. A complete copy of all materials allegedly sent to you by the person using the username "patriotgeist." | Objection. Charles C. Johnson is an investigative reporter and he objects to producing any documents responsive to this request under the Journalist Privilege as defined by the California Constitution and California Evidence Code §1170. |
| 4. Copies of all communications, including emails, instant messages, telephone records, and text messages, concerning material covered by the Temporary Restraining Order or material created by David Daleiden and/or the Center for Medical Progress from October 8, 2015 through the time of the deposition | Objection. Charles C. Johnson is an investigative reporter and he objects to producing any documents responsive to this request that are covered by the Journalist Privilege as defined by the California Constitution and California Evidence Code §1170. |

Federal Rule of Civil Procedure 45(d)(2)(B) states that "objection must be served before … 14 days after the subpoena is served."

The California Constitution states:

> A publisher, editor, reporter, or other person connected with or employed upon a newspaper, magazine, or other periodical publication, or by a press association or wire service, or any person who has been so connected or employed, shall not be adjudged in contempt by a judicial … for refusing to disclose the source of any information procured while so connected or employed for publication in a newspaper, magazine or other periodical publication, or for refusing to disclose any unpublished information obtained or prepared in gathering, receiving or processing of information for communication to the public.

CA CONST. Art 1, Sec. 2(b)

As an investigative journalist, Johnson has a complete privilege not to disclose his source or the material obtained from that source. As such, Johnson is asserting his constitutional right and will not be producing any documents at his deposition pursuant to the above listed objections.

Respectfully submitted this 15th day of November, 2015.

                              Meuser Law Group, Inc.

                              /s/ Mark P. Meuser
                              Mark P. Meuser, SBN 231335
                              Attorney for Charles C. Johnson

**Objection to the Subpoena to Testify at a Deposition in a Civil Action**

Exhibit 3

| ALL NEWS | OPINION | FRAUD | POLITICS | RACE | HOLLYWOOD | WAR | EDUCATION | SNAFU | SPORTS |

CLICK HERE TO REINSTATE @CHUCKCJOHNSON TO TWITTER

| CONTACT US | ABOUT | SUBMIT A TIP TO GOTNEWS |

## Founder and Editor-in-Chief Charles C. Johnson

Gotnews.com founder and editor-in-chief Charles C. Johnson is an investigative journalist, author, and sought after researcher. He was a contributor to the Daily Caller and the Blaze, and his work is frequently featured on Drudge Report. He is author of Why Coolidge Matters: Leadership Lessons from America's Most Underrated President and The Truth About the IRS Scandal. Charles is an award-winning journalist who has also written for Wall Street Journal, New York Post, Los Angeles Times, American Spectator, Daily Beast, National Review Online, PJ Media, and Weekly Standard. Charles has appeared on Fox News with Megyn Kelly, Sean Hannity, and Lou Dobbs and numerous radio programs, including Rusty Humphries, Dennis Prager, Larry Elder, and Mark Levin. He is at work on a new book about the researcher community for St. Martin's Press.

### We now take Paypal and Bitcoin!

Research takes time and money. Anything you can do to help out is sincerely appreciated!

Donate Bitcoins



### GET GOTNEWS DELIVERED BY EMAIL

E-Mail Address

GO

## BREAKING: 2011 Video From Cruz Senate Campaign Proves He Opposed Amnesty

NOVEMBER 13, 2015 BY CHARLES C. JOHNSON — 8 COMMENTS