Catherine W. Short, Esq.; SBN 117442
LIFE LEGAL DEFENSE FOUNDATION
Post Office Box 1313
Ojai, CA  93024-1313
Tel:  (707) 337-6880
LLDFOjai@earthlink.net

Thomas Brejcha, *pro hac vice*
Peter Breen, *pro hac vice*
Corrine Konczal, *pro hac vice*
Thomas More Society
19 S. La Salle St., Ste. 603
Chicago, IL 60603
(312) 782-1680
tbrejcha@thomasmoresociety.org

Attorneys for Defendant
DAVID DALEIDEN

(Additional counsel listed on signature page)

**UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATIONAL ABORTION FEDERATION (NAF),<br><br>Plaintiff,<br><br>vs.<br><br>THE CENTER FOR MEDICAL PROGRESS; BIOMAX PROCUREMENT SERVICES, LLC; DAVID DALEIDEN (aka "ROBERT SARKIS"); and TROY NEWMAN,<br><br>Defendants. | Case No. 3:15-cv-3522 (WHO)<br><br>Judge William H. Orrick, III<br><br>DEFENDANTS' OPPOSITION TO NATIONAL ABORTION FEDERATION (NAF)'S SUPPLEMENTAL ADMINISTRATIVE MOTION TO FILE UNDER SEAL NAF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>Hearing Date:<br>Time: |

Def.s' Opp. to NAF's Supp. Admin. Mot. to File Under Seal Mot. for
Prelim Inj. – 3:15-CV-3522 (WHO)

Defendants David Daleiden and the Center for Medical Progress file this Opposition to NAF's Supplemental Administrative Motion To File Under Seal to assert the preeminence of the public policy favoring public access to court documents as stated in this Court's Standing Order on Administrative Motions to File Under Seal and the relevant cases, and for that reason to object to the substantive briefing on the Motion for Preliminary Injunction, or any part thereof, being filed under seal.

Defendants further seek clarification from the court as to the procedure for filing their Opposition to the Preliminary Injunction so as to comply with both the Local Rules and this Court's Standing Order, as well as with the Protective Order and the Temporary Restraining Order.

**ARGUMENT**

This Court's Standing Order on Administrative Motions to File Under Seal states that there is a "strong presumption in favor of public access that applies to all documents other than grand jury transcripts and pre-indictment warrant materials" (citing *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). Reflecting that strong presumption, the Court requires that parties seeking to seal material must articulate reasons supported by specific factual findings to warrant sealing. In keeping with N.D. Local Rule 79-5(d)(1)(A), this Court's Standing Order also states that reference to a protective order is not sufficient grounds to seal a document. Moreover, conclusory assertions of harm are also insufficient.

On November 13, 2015, Plaintiff National Abortion Federation (NAF) filed its Motion for Preliminary Injunction in this matter and accompanying exhibits. While portions of the motion were filed under seal, many more citations to Protected Material in the motion were left unredacted and available to the public.

On November 18, 2015, Catherine Short, counsel for David Daleiden, e-mailed Derek Foran, counsel for NAF, pointing out that the motion contained many instances of Protected Material not being redacted, mostly relating to deposition testimony which, pursuant to terms of the protective order, was automatically designated "Highly Confidential."

Of more concern to the defendants, however, were citations to and incomplete quotations from Mr. Daleiden's recordings of the NAF meetings, produced to NAF in discovery. These partial quotations and NAF's own representations about these conversations gave a false picture of the contents of the videos, a picture that Defendants would be unable to correct, due to the constrictions of the Protective Order. (Declaration of Catherine Short, Ex. A.)

Having set forth the problem, Ms. Short stated, "The defendants intend to seek leave of the court to include in their opposition, not under seal, any Protected Material that defendants believe necessary and appropriate to respond to NAF's citation of material in violation of the Protective Order. Please let us know if you oppose this application." *Id*.  NAF's counsel promptly objected. Declaration of Catherine Short, Ex B.

NAF then proceeded to file this supplemental motion to file under seal. The memorandum in support of the motion states that the reason for placing additional contents of the motion under seal is that "NAF, its staff, its members, and affiliates will suffer harassment, intimidation, invasion of privacy, injury to reputation, and threats of violence if the documents and materials identified in this motion are publicly released." Motion at 2:20-22.

This claim is demonstrably meritless. In reviewing the portions of NAF's Preliminary Injunction Motion that NAF seeks in this supplemental administrative motion to seal, the Court will see that there is nothing that could expose NAF, its members, or anyone else to any harm.  The only one harmed by NAF's unredacted motion is the defendants, because NAF has already put out in public its erroneous rendition of the contents of the videos, which under the terms of the Protective Order, Defendants may not correct.

More significantly, Defendants submit that NAF's request to file under seal is inappropriate for the briefs on the Preliminary Injunction in this case, which all parties admit to be of great public interest.  Nothing in Plaintiff's Motion warrants being kept from the public.  No "compelling reason" justifies it.

Further, this issue will come up again with respect to Defendants' Opposition to the Preliminary Injunction, in that material designated as Confidential or Highly Confidential under the

Protective Order and/or arguably covered by the Temporary Restraining Order will be cited. Defendants submit there will be no compelling reason for the Opposition to be sealed on account of these citations.

Further confusion arises in that N.D. Local Rule 79-5 appears to provide that only parties seeking to file material under seal may initially file documents with portions redacted.

Under these circumstances, Defendants request guidance from the Court as to the procedure it should follow in filing its Opposition, in order to comply with the Protective Order, the Temporary Restraining Order, Northern District Local Rule 79-5, and this Court's Standing Order Regarding Administrative Motions to File Under Seal.

## CONCLUSION

For the above reasons, Defendants oppose NAF's supplemental motion to seal portions of the Preliminary Injunction Motion. Defendants further seek clarification and direction from the court on how to proceed when filing their Opposition.

Date: November 19, 2015

Respectfully submitted,

/s/ Catherine Short

Catherine W. Short, Esq.; SBN 117442
Life Legal Defense Foundation
Post Office Box 1313
Ojai, CA  93024-1313
Tel: (707) 337-6880
Fax: (805) 640-1940
LLDFOjai@earthlink.net

Thomas Brejcha, *pro hac vice*
Peter Breen, *pro hac vice*
Corrine Konczal, *pro hac vice*
Thomas More Society
19 S. La Salle St., Ste. 603
Chicago, IL 60603
Tel: (312) 782-1680
tbrejcha@thomasmoresociety.org
pbreen@thomasmoresociety.org
ckonczal@thomasmoresociety.org

*Attorneys for Defendant* DAVID DALEIDEN

Steven N.H. Wood (CA SBN 161291)
Bruce A. McIntosh (CA SBN 175607)
Stephen C. Seto (CA SBN 175458)
Christopher J. Schweickert (CA SBN 225942)
BERGQUIST WOOD McINTOSH SETO LLP
1470 Maria Lane, Suite 300
Walnut Creek, CA 94596
Tel: (925) 938-6100; Fax: (925) 938-4354
wood@wcjuris.com
bmcintosh@wcjuris.com
sseto@wcjuris.com
cjs@wcjuris.coom

*Attorneys for Defendants*,
THE CENTER FOR MEDICAL PROGRESS, BIOMAX PROCUREMENT SERVICES, LLC