UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ABORTION FEDERATION,<br><br>    Plaintiff,<br><br>    v.<br><br>CENTER FOR MEDICAL PROGRESS, et al.,<br><br>    Defendants. | Case No. 15-cv-03522-WHO<br><br>**ORDER ON CONTESTED ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 228-1, 228-2, 234-1, 234-2, 238, 243 |

    Currently before me are NAF's initial and supplemental administrative motions to file under seal portions of their Motion for Preliminary Injunction, portions of the Declaration of Derek F. Foran, and exhibits thereto. Dkt. Nos. 228 1-2, 234 1-2. Defendant Daleidin opposes these administrative motions, arguing that while NAF has sought to seal some of the materials covered by the Court's TRO and Protective Order, NAF fails to redact all references to Daleidin's deposition testimony and recordings. Those public portions, Daleidin argues, give a "false picture" of the contents of the recordings and deposition that Daleidin will not be able to publicly dispute without potentially running afoul of the Court's TRO and Protective Order. Dkt. No. 238. Daleidin also seeks guidance about how to treat materials that are arguably covered by the TRO and Protective Order in his Opposition to the Motion for Preliminary Injunction.

    I GRANT NAF's Administrative Motions (Dkt. Nos. 228-1, 228-2, 234-1, 234-2). Until I have ruled on the Motion for Preliminary Injunction, references to information covered by the TRO or Protective Order SHALL be filed under seal under Civil Local Rule 79-5. With respect to Daleidin's concern about how his Opposition motion should be filed, Daleidin shall redact from the publicly filed version of his Opposition (and any associated declarations and exhibits) any materials arguably covered by the TRO and Protective Order. He shall also e-file unredacted

1  versions of those documents under seal, along with an Administrative Motion to File Under Seal
2  and Declaration in Support thereof.  As explained in Civil Local Rule 79-5, if Daleidin believes
3  any particular materials redacted in his papers should *not* remain under seal, he should indicate
4  that in the Declaration filed with the Administrative Motion, and then the burden will shift to NAF
5  to file a supplemental declaration explaining why those specific materials merit continued sealing.
6  Civil Local Rule 79-5(e)(1).

**IT IS SO ORDERED**.

Dated: November 25, 2015



WILLIAM H. ORRICK
United States District Judge