Catherine W. Short, Esq.; SBN 117442
LIFE LEGAL DEFENSE FOUNDATION
Post Office Box 1313
Ojai, California 93024-1313
Tel: (707) 337-6880
LLDFOjai@earthlink.net

Thomas Brejcha, *pro hac vice*
Peter Breen, *pro hac vice*
Corrine Konczal, *pro hac vice*
Thomas More Society
19 S. La Salle St., Ste. 603
Chicago, IL 60603
(312) 782-1680
tbrejcha@thomasmoresociety.org
*Attorneys for Defendant David Daleiden*

James Bopp, Jr., Ind. No. 2838-84, *pro hac vice*
Corrine L. Purvis, Ind. No. 32725-49, *pro hac vice*
THE BOPP LAW FIRM, P.C.
1 South Sixth Street
Terre Haute, IN 47807
Telephone (812) 232-2434
JBoppjr@aol.com
*Attorneys for Defendant The Center for Medical Progress and BioMax Procurement Services, LLC*
(Additional counsel listed on signature page)

UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ABORTION FEDERATION (NAF), <br><br> Plaintiff, <br><br> vs. <br><br> THE CENTER FOR MEDICAL PROGRESS; BIOMAX PROCUREMENT SERVICES, LLC; DAVID DALEIDEN (aka "ROBERT SARKIS"); and TROY NEWMAN, <br><br> Defendants. | Case No. 3:15-cv-3522 (WHO) <br><br> Judge William H. Orrick, III <br><br> REPLY OF DAVID DALEIDEN, CMP AND BIOMAX TO PLAINTIFF'S OPPOSITION TO JOHNSON'S MOTION TO QUASH <br><br> Hearing Date: December 23, 2015 <br> Time: 10:00 a.m. <br> Location: Courtroom 2 |

**PUBLIC VERSION**

## INTRODUCTION

NAF's Opposition to Second Motion to Quash the Subpoena of Charles C. Johnson, Doc. 255-3 ("NAF Opp."), is replete with misrepresentations and misleading innuendo concerning the procedural history of this case, the known facts surrounding Mr. Johnson's leak of recordings, and the ethics of defense counsel. Daleiden and CMP take no position on the whether the motion should be granted, but file this Reply to correct the record.

## RESPONSE TO NAF'S STATEMENT OF FACTUAL BACKGROUND

NAF begins by suggesting that Daleiden's counsel reneged on a promise made to NAF concerning responding to the congressional subpoena. (NAF Opp., at 1:22 – 2:5.) Daleiden's and CMP's counsel said that the defendants would "await the Court's ruling on the pending motion to clarify re subpoenas before providing material by the TRO in response to the subpoena." NAF fails to note in its chronology of these events that on September 28, 2015, this Court did rule on the motion to clarify re subpoenas. (Doc. 145.) Moreover, on September 30, Daleiden's counsel received a letter from Chairman Chaffetz demanding immediate compliance with the subpoena. (Doc. 152.) It was after these events that Daleiden's counsel informed the Court of the intent to comply with the subpoena unless otherwise instructed by the Court. (Doc. 152.) Contrary to NAF's imputation, Defendants fully complied with their representation that they would not comply with the Congressional Subpoena until the Court ruled on the motion to clarify re subpoenas.

NAF next suggests that Daleiden's counsel attempted to mislead the court in its letter of October 22, which stated that Daleiden and CMP "were not involved in this disclosure and have no idea how this happened." (Doc. 169.) As is clear from the following sentence regarding media reports that the leak was from Congress, which sentence NAF omits, this letter conveyed simply that Daleiden and CMP were not responsible for the leak itself and did not know who was. "How this happened" referred to how the material got into the hands of the persons who were putting it on the Internet. (*See id.*)

At pages 3 and 4 of NAF's Opposition, NAF describes a document (Ex 4) and notes, "Neither Daleiden nor CMP produced this memo in discovery." (NAF Opp. at 3:24-4:1 & n.1.) NAF does not specify any discovery request to which this document was supposedly responsive, because there was

1  no such request. The document does not contain any "NAF Confidential Information" or anything
2  else that would make it responsive to any of NAF's discovery requests. (*See* NAF Opp. Ex. 4.)
3  Moreover, on a meet-and-confer call between counsel on October 2, 2015, Daleiden's counsel asked
4  for and received clarification from NAF counsel that NAF's requests regarding documents
5  concerning the disclosure or transmission of "NAF Confidential Information" did not include videos
6  already released by CMP to the public. Declaration of Catherine Short in Response to NAF's
7  Opposition to Johnson's Motion to Quash, ¶ 2.
8      NAF next cites ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
9  ▉▉▉▉▉▉▉▉▉▉▉▉▉NAF fails to note that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
10 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
11 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
12 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉(Foran Dec. Ex 7.)
13    NAF's reference ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
14 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉is similarly misleading. ▉▉▉▉▉▉▉▉▉▉▉
15 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
16 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
17 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
18 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
19 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
20    At his deposition, Daleiden ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
21 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
22 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
23 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
24 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
25 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
26 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
27 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
28 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

1
2
3
4
5  Johnson's testimony was consistent with Daleiden's
6
7
8  Johnson also testified that
9
10  This is consistent with Daleiden's testimony.
11  As to the (Opp. at 4:13-14,
12  original emphasis),
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3
DALEIDEN, CMP, & BIOMAX REPLY TO PLAINTIFF'S OPP. TO
JOHNSON MOTION TO QUASH– 3:15-CV-3522 (WHO)



[lines 1-8 redacted]

NAF also relies on an article published in the Washington Post as evidence that Johnson "backed off" his story of a leak from a source on Capitol Hill. Opp at 4: 17-19. At his deposition, Johnson [redacted]

Finally, NAF states definitively that [redacted] Opp. at 4:21–24; 5:6-7. However, the cited testimony of Daleiden only shows that [redacted] Johnson's privilege log states that [redacted]

████████████████████████████████████████

████████████████████████████████████[2])

In suggesting that Daleiden violated the TRO in concert with Johnson, NAF relies almost exclusively on innuendo and guilt-by-association, repeatedly noting that the two knew each other in college, maintained some contact, and both oppose abortion. NAF fails to observe, however, that there is a logical alternative explanation for why the leaker sent the videos to Johnson. Soon after the Human Capital Project became public in July, Johnson published a lengthy online article entitled "The Man Behind the #Planned Parenthood Videos and Me" (Doc. 221-9), publicly identifying himself as a longtime friend of Daleiden. In light of this public identification, it would be logical for a congressional source who wished to place the videos in the hands of a journalist sympathetic with Daleiden's project to direct the leak to Johnson. Thus, the very public fact that Daleiden and Johnson have known each other for years does not imply that Daleiden must have been the source of the leak to Johnson, but rather, suggests a reason why Johnson may have been the chosen recipient of the leak.

Date: December 7, 2015

Respectfully submitted,

\_\_/s/_____

Catherine Short

Catherine W. Short, Esq.; SBN 117442
LIFE LEGAL DEFENSE FOUNDATION
Post Office Box 1313
Ojai, California  93024-1313
Tel:  (707) 337-6880
Fax: (805) 640-1940
LLDFOjai@earthlink.net

---

[2] NAF also tries to suggest that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Thomas Brejcha, *pro hac vice*
Peter Breen *pro hac vice*
Corrine Konczal *pro hac vice*
Thomas More Society
19 S. La Salle St., Ste. 603
Chicago, IL 60603
(312) 782-1680
tbrejcha@thomasmoresociety.org
pbreen@thomasmoresociety.org
ckonczal@thomasmoresociety.org

*Attorneys for Defendant* DAVID DALEIDEN

James Bopp, Jr., Ind. No. 2838-84
Corrine Purvis, Ind. No. 32725-49
THE BOPP LAW FIRM, P.C.
1 South Sixth Street
Terre Haute, Ind. 47807
Telephone (812) 232-2434
Facsimile (812) 235-3685
JBoppjr@aol.com

Steven N.H. Wood (CA SBN 161291)
Bruce A. McIntosh (CA SBN 175607)
Stephen C. Seto (CA SBN 175458)
Christopher J. Schweickert (CA SBN 225942)
BERGQUIST WOOD McINTOSH SETO LLP
1470 Maria Lane, Suite 300
Walnut Creek, CA 94596
Tel: (925) 938-6100; Fax: (925) 938-4354
wood@wcjuris.com
bmcintosh@wcjuris.com
sseto@wcjuris.com
cjs@wcjuris.coom

*Attorneys for Defendants,*
THE CENTER FOR MEDICAL PROGRESS, BIOMAX PROCUREMENT SERVICES, LLC