Mark P. Meuser, SBN 231335
Meuser Law Group, Inc
PO Box 5412
Walnut Creek, CA 94596
Telephone: (415) 577-2850
Facsimile: (925) 262-4656
mark@meuser-law.com

Attorney for Charles C. Johnson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| NATIONAL ABORTION FEDERATION<br><br>    Plaintiff,<br><br>v.<br><br>CENTER FOR MEDICAL PROGRESS, *et al*<br><br>    Defendants. | Case No.: 15-CV-03522-WHO<br><br>**JOHNSON'S REPLY TO NAF'S OBJECTION TO SECOND MOTION TO QUASH THE SUBPOENA OF CHARLES C. JOHNSON**<br><br>Date: Dec. 23, 2015<br>Time: 2:00pm<br>Location: Courtroom 2, 17th Floor<br><br>Re: Dkt. Nos. 185, 191 - 194, and 201 |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Charles C. Johnson raised in his Second Motion to Quash that several documents requests attached to the subpoena *duces tecum* must be quashed.

The Ninth Circuit has found in non-grand jury journalist privilege cases, "that the claimed First Amendment privilege and the opposing need for disclosure be judicially weighed in light of the surrounding facts and balance struck to determine where lies the paramount interest." *Farr v. Pitchess*, 522 F.2d 464, 468-469 (9th Cir. 1975).

1

**Reply Motion re Motion to Quash**

The 9th Circuit has found that there is a qualified journalist privilege in civil cases. *Shoen v. Shoen*, 5 F.3d 1289 (9th Cir. 1993) (*Shoen I*). The Court ruled that the privilege protects non-confidential sources and materials. *Shoen v. Shoen*, 48 F.3d 412, 414 (9th Cir. 1995) (*Shoen II*). *Shoen II* required that the seeking party demonstrate "a sufficiently compelling need for the requested materials to overcome [journalist] assertion of the journalist's privilege. We noted that, at a minimum, this requires a showing that the information sought is not obtainable from another source." *Shoen II* at 1296.

*Shoen II* found a three part test for when a civil litigant is entitled to requested discovery. This three part test is "(1) unavailable despite exhaustion of all reasonable alternative sources; (2) noncumulative; and (3) clearly relevant to an important issue in the case.". *Shoen II*, at 416.

In this case, Charles Johnson has raised his journalist's privilege not to produce certain privileged documents. This is a civil case, and Johnson is a non-party to this litigation. It is well established law that the burden falls on plaintiff NAF to prove that they are entitled to the requested discovery.

At no point in the 11 paragraph declaration of Derek F. Foran (Doc 155-5 and 156-1) does the plaintiff NAF present any evidence that plaintiff NAF has exhausted all reasonable alternative sources. Plaintiff NAF did not file along with their Opposition any other evidence other than the declaration of Foran.

Furthermore, as is address in Daleiden's Objections (Doc 280-2), Attorney Foran has failed to file his declaration under penalty of perjury as is required by 28 U.S.C. §1746.

Federal Law requires that any declaration state "I declare … under penalty of perjury that the foregoing is true and correct." 28 U.S.C. §1746. Since the Declaration of Derek F. Foran failed to state that they were made under penalty of perjury, this Declaration violates 28 U.S.C. §1746. Courts have held that when a declaration fails to be filed under "penalty of perjury", that the declaration must be disregarded. *See e.g.*, *Davenport v. Board of Trustees*, 654 F.Supp2d 1073, 1083 (E.D.CA 2009); *Chao v. Westside Drywall, Inc.*, 709 F.Supp.2d 1037, 1052 (D.C. OR 2010); *Nissho-IWAI American Corp. v. Kline*, 845 F.2d 1300, 1305-1306 (5th Cir. 1988); and *Davis v. Solid Waste Services, Inc.*, 20 F.Supp.3d 519, 529-530 (E.D. PN 2014).

Since NAF has failed to put any evidence before this Court that they have exhausted all reasonable alternative sources and since the Declaration of Foran was not filed under penalty of perjury, this Court must grant Charles Johnson's Motion to Quash.

Respectfully submitted this 7th day of December, 2015.

                                              Meuser Law Group, Inc.

                                              /s/ Mark P. Meuser
                                              Mark P. Meuser, SBN 231335
                                              Attorney for Charles C. Johnson

**Reply Motion re Motion to Quash**