FILED

DEC 03 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIONAL ABORTION FEDERATION, NAF,<br><br>　　　　Plaintiff - Appellee,<br><br>　v.<br><br>CENTER FOR MEDICAL PROGRESS; et al.,<br><br>　　　　Defendants - Appellants. | No. 15-17318<br><br>D.C. No. 3:15-cv-03522-WHO<br>Northern District of California,<br>San Francisco<br><br>ORDER |
| In re: CENTER FOR MEDICAL PROGRESS; et al.,<br><br>CENTER FOR MEDICAL PROGRESS; et al.,<br><br>　　　　Petitioners,<br><br>　v.<br><br>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO,<br><br>　　　　Respondent,<br><br>NATIONAL ABORTION FEDERATION, NAF, | No. 15-73617<br><br>D.C. No. 3:15-cv-03522-WHO<br>Northern District of California,<br>San Francisco |

<div style="border: 1px solid black; padding: 10px; display: inline-block;">
Real Party in Interest.
</div>

Before: REINHARDT, TASHIMA, and RAWLINSON, Circuit Judges.

Before us is a second petition for a writ of mandamus and a motion for a stay of discovery from Petitioners/Defendants-Appellants Center for Medical Progress et al. ("the Center") in the above titled action. We described that proceeding in our previous order, and need not repeat here the facts in the underlying case. *See* Case No. 15-72844, Dkt. No. 13. Previously, we denied the Center's petition for a writ of mandamus to stay all discovery in the district court until it ruled on the Center's anti-SLAPP motion to strike.[1] *Id.* At issue in this matter is a subsequent discovery order regarding a series of emails that Petitioner/Defendant David Daleiden sent to individuals and organizations with some connection to the Center. Attached to these emails was a report that included information gleaned from the Center's infiltration and surreptitious recording at conferences held by real party in interest the National Abortion Federation ("the Federation"). The Center produced the emails but redacted the names of the

---

[1] "California law provides for the pre-trial dismissal of certain actions, known as Strategic Lawsuits Against Public Participation, or SLAPPs.

2

recipients. The district court then ordered the Center to produce unredacted copies. It is that order that is now before us.[2]

As we stated in our previous order, mandamus "is a 'drastic and extraordinary remedy' reserved for 'only exceptional circumstances.'" *In re Perez*, 749 F.3d 849, 854 (9th Cir. 2014) (quoting *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380, 124 S. Ct. 2576, 159 L. Ed.2d 459 (2004)). "This limit on our mandamus power is particularly salient in the discovery context because the courts of appeals cannot afford to become involved with the daily details of discovery." *In re Anonymous Online Speakers*, 661 F.3d 1168, 1174 (9th Cir. 2011) (internal quotation marks omitted).

We consider five factors when reviewing a mandamus petition: "(1) whether the petitioner has no other means, such as a direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in any way not correctable on appeal; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order is an oft repeated error or manifests a persistent disregard of the federal rules; and (5) whether the district court's order raises new and important problems or issues of first impression." *Bauman v. United States Dist. Ct.*, 557 F.2d 650, 654–55 (9th Cir. 1977). Here,

---

[2] Order on Motion to Stay, Certify, or Reconsider. D.Ct. Dkt. 244.

the Center has failed to demonstrate that the district court's discovery ruling was clearly erroneous, a factor that "is a necessary prerequisite for the writ to issue," *In re Perez*, 749 F.3d at 855.

The two-step framework of *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2009), governs claims of First Amendment associational privilege in the discovery context. Under *Perry*, the "party asserting the privilege must demonstrate . . . a prima facie showing of arguable First Amendment infringement." *Id.* (ellipsis in original and internal quotation marks omitted). If the party claiming the privilege establishes such a prima facie showing, the party seeking the contested information bears the burden of demonstrating that it has "an interest in obtaining the disclosures it seeks . . . which is sufficient to justify the deterrent effect . . . on the free exercise . . . of [the] constitutionally protected right of association." *Id.* at 1161 (ellipsis and alteration in original). We conclude that the district court did not clearly err at either step of the *Perry* framework.

The Center relies on *National Ass'n for the Advancement of Colored People v. Alabama*, 357 U.S. 449 (1958), in which the Supreme Court prohibited the state's attempt to compel disclosure of the NAACP's membership and contribution lists, *id.* at 472, and *Perry*, in which the Ninth Circuit barred the request for disclosure of all internal communications of a political campaign, 591 F.3d at

4

1153-54. We have reviewed the emails at issue in their redacted form,[3] however, and conclude that the district court did not clearly err in distinguishing this case from the First Amendment harms recognized in *NAACP* and *Perry*. First, contrary to the Center's contention that the district court's order will require it to disclose the "identities of [its] members, supporters, and donors" as in *NAACP*, Pet. for Writ of Mandamus at 18, the emails in question were sent to "only a handful of supporters" intimately involved in the planning and funding of the Center's alleged conspiracy, not general lists of the Center's rank-and-file membership, D.Ct. Dkt.244 at 5.

    Second, even if CMP had established a prima facie showing of First Amendment harm, its petition would fail at the second step. The district court ordered discovery pursuant to "a carefully tailored request for the production of highly relevant information"—exactly the sort of request that *Perry* noted fell outside the scope of its holding. 591 F.3d at 1165 at n.13. The district court did not clearly err in concluding that NAF had met its burden of demonstrating that the identities of the recipients who received confidential information are highly relevant to the scope of any preliminary injunction, should one issue.

---

[3] The emails were filed under seal with the district court and with our court.

5

Finally, the district court further limited the potential for First Amendment infringement by ordering that the unredacted copies of the emails be subject to a protective order limited to "Attorneys Eyes Only."[4] The district court therefore did not clearly err in concluding that the disclosures would not infringe on the Center's First Amendment rights under *NAACP* and *Perry*.

The Center has also filed a motion to stay discovery pending appeal of the district court's discovery order and pending our ruling on the petition for a writ of mandamus. Because we deny the petition for a writ of mandamus, we dismiss the motion for a stay pending its disposition as moot. As for the stay pending appeal, the Center is required to demonstrate "a strong showing that [it] is likely to succeed on the merits" of the appeal. *Nken v. Holder*, 556 U.S. 418, 434 (2009). For the reasons discussed in this order, the Center is unlikely to succeed in its appeal. Accordingly, we deny that motion as well.

---

[4] We do not suggest that the district court will be required to maintain the protective order covering these documents throughout the litigation. The court retains its discretion to modify or lift the order if and when appropriate.