1  Catherine W. Short, Esq.; SBN 117442
   LIFE LEGAL DEFENSE FOUNDATION
   Post Office Box 1313
2  Ojai, CA 93024-1313
   Tel: (707) 337-6880
3  LLDFOjai@earthlink.net

4  Thomas Brejcha, *pro hac vice*
   Peter Breen, *pro hac vice*
5  Corrine Konczal, *pro hac vice*
   THOMAS MORE SOCIETY
6  19 S. La Salle St., Ste. 603
   Chicago, IL 60603
7  Tel: (312) 782-1680
   tbrejcha@thomasmoresociety.org
8  *Attorneys for Defendant David Daleiden*

9  Steven N.H. Wood, SBN 161291
   Bruce A. McIntosh, SBN 175607
10 Stephen C. Seto, SBN 175458
11 Christopher J. Schweickert, SBN 225942
   BERGQUIST WOOD MCINTOSH SETO LLP
12 1470 Maria Ln., Ste. 300
   Walnut Creek, CA 94596
13 Tel: (925) 938-6100
14 wood@wcjuris.com
   *Attorneys for Defendant The Center for Medical Progress*

15 (Additional counsel listed on signature page)

16                **UNITED STATES DISTRICT COURT,**
17                **NORTHERN DISTRICT OF CALIFORNIA**

18 NATIONAL ABORTION FEDERATION         ) Case No. 3:15-cv-3522 (WHO)
19 (NAF),                                )
                                         ) Judge William H. Orrick, III
20        Plaintiff,                     )
                                         ) Defendants David Daleiden and Center
21     vs.                               ) for Medical Progress's Motion to Modify
                                         ) TRO to Allow Specified Recordings to be
22 THE CENTER FOR MEDICAL                ) Filed as Part of Amicus Brief
   PROGRESS; BIOMAX PROCUREMENT          )
23 SERVICES, LLC; DAVID DALEIDEN (aka    )
24 "ROBERT SARKIS"); and TROY            )
   NEWMAN,                               )
25                                       )
                                         )
26        Defendants.                    )

27                        **PUBLIC VERSION**

28

———————————————————————————
DEF.S' MOT. TO MODIFY TRO – 3:15-CV-3522 (WHO)

# **NOTICE OF MOTION**

TO PLAINTIFF, DEFENDANT TROY NEWMAN, DEFENDANT BIOMAX PROCUREMENT SERVICES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on _____, 2016, at _____ m., or as soon thereafter as the matter may be heard in Courtroom 2 of the Honorable William H. Orrick, at the United States District Court for the Northern District of California, 17th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, Defendants David Daleiden and Center for Medical Progress (hereinafter "Defendants") shall and hereby do respectfully move the Court pursuant Civil Local Rule 7-2 to modify the temporary restraining order to allow specified recordings to be filed with, served, and discussed in Defendants' amicus brief in the United States Supreme Court. This request is narrowly tailored to afford Defendants the opportunity to fully present their arguments before the Supreme Court in *Whole Woman's Health v. Cole*, No. 15-274, dealing with abortion clinic regulations.

Counsel for Newman supports the granting of the motion. Counsel for NAF opposes it.

Respectfully submitted,

/s/ Catherine Short
*Counsel for Defendant David Daleiden*

## MOTION TO MODIFY TRO

Pursuant to Local Rule 7-2, Defendants respectfully move this Court to modify the temporary restraining order ("TRO") to allow certain recordings covered by the TRO to be filed with, served on the parties, and discussed in an amicus brief that Defendants Daleiden and Center for Medical Progress ("CMP") intend to file in the United States Supreme Court in the case of *Whole Woman's Health v. Cole*, No 15-274.

The *ex parte* TRO was entered in this case on July 31, 2015, the same date the case itself was filed. (Doc. 15). This Order enjoined all Defendants in this matter as well as "your officers, agents, servants, employees, and attorneys" from, among other things not relevant to the instant Motion, "publishing or otherwise disclosing to any third party any video, audio, photographic, or other recordings taken, or any confidential information learned, at any NAF annual meetings." (Doc. 15 at 2: 16, 20-22). The duration of the Order was later extended by stipulation until the Court issues its ruling on NAF's Motion for Preliminary Injunction. (Docs. 27, 34). Arguments were heard on the Motion for Preliminary Injunction on December 18, 2015, but no ruling on the motion has yet issued, leaving the TRO in effect.

In 2013, Texas passed HB2, a law that, *inter alia*, required clinics that provide abortions to meet the standards of all other ambulatory surgical centers. Abortion rights advocates call laws like these "TRAP laws," an acronym for Targeted Regulation of Abortion Providers. Various abortion providers, both corporate and individual, sued to prevent HB2 from going into effect. Currently, parts of the law are enjoined and other parts in effect or in effect in certain localities in Texas. The suit is currently pending at the United States Supreme Court, where argument will be heard on March 2, 2016. *Whole Woman's Health v. Cole*, Docket No. 15-274. One of the two questions presented in the case is whether, under the "undue burden" standard of *Planned Parenthood v. Casey*, 505 U.S. 833 (1992), a state may enforce laws that cause a significant reduction in the availability of abortion services in the interests of promoting maternal health.

Defendants David Daleiden and CMP propose to file an amicus curiae brief in support of the State of Texas and HB2. The parties have consented to the filing of the brief, which is due on February 3, 2016.

Defendants' proposed brief ("CMP Amicus Brief") responds to the arguments made in the Opening Brief in *Whole Woman's Health* (filed December 28, 2015) and the briefs of amici Planned Parenthood Federation of America, et al., and National Abortion Federation (filed January 4, 2016). The CMP Amicus Brief provides insight into opposition of abortion providers to clinic regulations like those found in HB2.

Daleiden and CMP are uniquely qualified to file an amicus brief in *Whole Woman's Health* given the depth of their knowledge regarding the abortion industry gained as a result of the multi-year investigative journalism venture, the Human Capital Project. Piecing together the information learned from various sources, including, for example, the staffing and number of abortions performed daily at one Texas abortion facility Defendants visited, they can speak directly to Amici's contention that the demand for abortion services in Texas cannot be met if HB2 takes full effect. *See* Brief for National Abortion Federation et al. in Support of Petitioners, at 16 ("The notion that the handful of remaining providers could meet the demand of all Texas women . . . is absurd on its face").[1]

Some of Defendants' information comes from the NAF Annual Meetings, particularly the 2015 meeting, which had a session entitled ███████████████████████████████ ████████████████████████ In that session, one presenter employed by ███████████ █████████████████████████████████████████████████████████████████████ ████████████ the dire predictions made by abortion industry representatives (including Planned Parenthood) made in their filings in the Supreme Court. ████████████████ ████████████████████████████████████████████████████████████████████ ████ benefits that are never mentioned by the Petitioners and their Amici in *Whole Woman's*

---

[1] Available at: http://www.scotusblog.com/wp-content/uploads/2016/01/National-Abortion-Federation-Fried-Frank.pdf

1 *Health*. Yet another presenter ▮
2 ▮
3 ▮ This discussion demonstrates the many market forces at
4 work in the availability of abortions, of which clinic regulations such as HB2 are only one piece.
5 ▮
6 ▮
7 ▮
8 ▮
9 ▮ Again, these remarks undercut Planned
10 Parenthood's arguments urging the Court to strike down HB2 "in light of the real-world contexts in
11 which women live and providers operate." Brief of Amici Curiae Planned Parenthood Federation of
12 America, et al., in support of Petitioners, *Whole Woman's Health v. Cole*, No, 15-274, at 21.[2]
13   Lifting the TRO to allow these limited materials to be included in and discussed in the CMP
14 Amicus Brief will not endanger or violate the privacy of any NAF members or attendees. First,
15 Defendants are asking only to modify the TRO as regards to two portions of audio recordings. This
16 request is as narrowly tailored as possible to allow Defendants to make the points they need to
17 make while still protecting the anonymity of all non-presenters at the conference whose faces might
18 be captured on the videos that were taken contemporaneously with the audio files.
19   Second, the presenters whose voices are on the two recordings are publicly identifiable as
20 supporters of abortion rights. ▮
21 ▮ have previously been publicly identified
22 as being associated with Planned Parenthood and/or abortion advocacy.[3] ▮
23 ▮

---

[2] *Available at* http://www.scotusblog.com/wp-content/uploads/2016/01/Planned-Parenthood-Federation-of-America.pdf

[3] *Available at* ▮

[lines 1-5 redacted]

In light of the public interest in these materials and the insubstantial privacy interests at issue for NAF or its members who have already made public their support for abortion rights, Defendants Daleiden and CMP respectfully request this Court to modify its TRO in this matter, allowing Defendants to file with the Supreme Court and serve on the parties in *Whole Woman's Health v. Cole* the following portions of audio files, as well as to discuss them in their brief:

1) [redacted] and

2) [redacted][6]

Respectfully submitted,

Catherine W. Short, Esq.; SBN 117442  
LIFE LEGAL DEFENSE FOUNDATION  
Post Office Box 1313  
Ojai, California 93024-1313  
Tel: (707) 337-6880  
LLDFOjai@earthlink.net  

/s/ Catherine Short  
*Counsel for Defendant David Daleiden*

---

[4] *Available at* [redacted]

[5] *Available at* [redacted]

[6] These audio recordings were cross-designated confidential by NAF under the terms of the Protective Order. However, this Court's ruling that the TRO should be modified to allow their use should preclude any invocation by NAF of the provisions of the Protective Order to prevent Defendants from using them as described herein.

1  Thomas Brejcha, *pro hac vice*
2  Peter Breen, *pro hac vice*
   Corrine Konczal, *pro hac vice*
3  THOMAS MORE SOCIETY
   19 S. La Salle St., Ste. 603
4  Chicago, IL 60603
   Tel: (312) 782-1680
5  Facsimile: (312) 782-1887
6  tbrejcha@thomasmoresociety.org
   pbreen@thomasmoresociety.org
7  ckonczal@thomasmoresociety.org

8  *Attorneys for Defendant David Daleiden*

9  Steven N.H. Wood, SBN 161291              /s/ Steven N.H. Wood
10 Bruce A. McIntosh, SBN 175607             *Counsel for Defendants The Center for*
   Stephen C. Seto, SBN 175458               *Medical Progress and BioMax Procurement*
11 Christopher J. Schweickert, SBN 225942    *Services*
   BERGQUIST WOOD MCINTOSH SETO LLP
12 1470 Maria Ln., Ste. 300
   Walnut Creek, CA 94596
13 Tel: (925) 938-6100
14 Facsimile: (925) 938-4354
   wood@wcjuris.com
15 bmcintosh@wcjuris.com
   sseto@wcjuris.com
16 cjs@wcjuris.coom

17
   James Bopp, Jr., *pro hac vice*
18 Corrine Purvis, *pro hac vice*
   THE BOPP LAW FIRM, P.C.
19 1 South Sixth St.
   Terre Haute, IN 47807
20 Tel: (812) 232-2434
21 Facsimile: (812) 235-3685
   JBoppjr@aol.com
22
   *Attorneys for Defendants*
23 *The Center For Medical Progress and*
   *BioMax Procurement Services*
24

25

26

27

28

5
DEF.S' MOT. TO MODIFY TRO – 3:15-CV-3522 (WHO)

**ATTESTATION PURSUANT TO CIVIL L.R. 5.1(i)(3)**

As the filer of this document, I attest that concurrence in the filing was obtained from the other signatories.

/s/ Catherine Short
*Counsel for Defendant David Daleiden*