UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ABORTION FEDERATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CENTER FOR MEDICAL PROGRESS, et al., <br><br> Defendants. | Case No. 15-cv-03522-WHO <br><br> **ORDER RE SECOND MOTION TO QUASH** <br><br> Re: Dkt. No. 230 |

On November 15, 2015, third-party Charles Johnson filed a second motion to quash in part a deposition subpoena. Mr. Johnson objected to producing documents responsive to three requests (Request Nos. 2-4), because those requests sought documents that Mr. Johnson contends are protected from disclosure under the California Reporter's Shield. Cal. Evid. Code § 1070. Mr. Johnson claimed that he qualified as a journalist under California law and, as such, was entitled to refuse to produce documents that might disclose unpublished information and/or his source. Dkt. No. 230.

Mr. Johnson's deposition took place on November 17, 2015. Dkt. No. 255-11. At the deposition, Mr. Johnson refused to produce documents pursuant to Requests 2-4 and also refused to respond to deposition questions about his source. *Id*.

The deposition subpoena was issued by NAF, as part of its efforts to identify who leaked copies of the recordings defendants made at NAF's Annual Meetings. NAF wanted to identify the source of the leak in order to determine whether it came from parties or counsel in this case and, therefore, was in violation of my TRO protecting that material from disclosure. Dkt. Nos. 255-4, 279-4.

Because the limited relevance of Mr. Johnson's testimony to this case is whether someone

before me violated the TRO, I ordered all parties, their lawyers, and the employees or agents of the parties and lawyers who have had access to the video or audio recordings covered by the temporary restraining order to execute declarations under penalty of perjury answering the following questions:

> 1. Did you disclose any audio or video recordings covered by the TRO on or after July 31, 2015 to Mr. Johnson and if so, what did you disclose?
>
> 2. Do you know the identity of "Patriotgeist," and if so, who is or are he/she/they?
>
> 3. Do you have any information concerning (i) the disclosure of audio or video recordings to Mr. Johnson on or after July 31, 2015 or (ii) who "Patriotgeist" is? If your answer is yes to either or both questions, what is that information?

Dkt. No. 325. The parties filed the responsive declarations on January 12, 15, and 19, 2016. Dkt. Nos. 327, 329, 330, 334.

Having reviewed those declarations, I am satisfied for the time being by the parties' and their counsels' responses. Everyone has denied knowledge of the leak, under pain of penalty of perjury. Absent further evidence that the leak of the NAF Materials came from a party or counsel before me, at this time I will take no further action.[1]

Mr. Johnson's motion to quash is GRANTED without prejudice. If new evidence is presented that would necessitate revisiting this issue, with Mr. Johnson or anyone else, I will review it at that time.

**IT IS SO ORDERED**.

Dated: February 16, 2016

WILLIAM H. ORRICK
United States District Judge

---

[1] I note that Mr. Johnson has indicated that his source was likely a Congressional staffer. I expect that the committee in the House of Representatives that subpoenaed the records is doing what it believes is necessary to insure the security of the TRO materials.

2