UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ABORTION FEDERATION, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CENTER FOR MEDICAL PROGRESS, et al.,<br><br>    Defendants. | Case No. 15-cv-03522-WHO<br><br>**ORDER ON STIPULATION TO EXTEND DEADLINE TO CHALLENGE STATE SUBPOENAS**<br><br>Re: Dkt. No. 371 |

I initiated a telephonic status conference on June 14, 2016 to insure that the Arizona Attorney General and the Louisiana Inspector General were apprised of and agreed to the parties' stipulation (Dkt. No. 371) deferring completion of the meet and confer efforts regarding the subpoenas the state entities issued until after the Ninth Circuit rules on the pending appeal regarding the preliminary injunction. Having been assured during the status conference that the Arizona Attorney General and the Louisiana Inspector General are aware of the stipulation and support its entry, I ORDER that:

1. NAF may have until September 30, 2016 or thirty (30) days after the Ninth Circuit's ruling regarding the preliminary injunction, whichever comes first, to either (1) complete its meet-and-confer discussions with the Arizona Attorney General and/or the Louisiana Inspector General, or (2) initiate litigation concerning the subpoenas issued by the Arizona Attorney General and/or Louisiana Inspector General in the appropriate fora.

2. No audio or video footage, documents, or any other material covered by this Court's Preliminary Injunction Order may be produced in response to the subpoenas issued by the Arizona Attorney General and Louisiana Inspector General unless and until: (1) NAF and representatives of either or both the Arizona Attorney General and Louisiana Inspector General reach agreement

concerning the scope, terms, and conditions of any production in response to their respective subpoenas.  An agreement with one state does not authorize a response with respect to the other state; or (2) If NAF initiates litigation in accordance with Paragraph 1 above, and disputes concerning the particular subpoena are resolved by the court in which that litigation is filed.  In the event that NAF does not reach an agreement or initiate litigation with respect to either or both subpoenas, CMP may respond to the particular subpoena or subpoenas for which there is no agreement or litigation pending after the applicable deadline as set forth in Paragraph 1 above.

**IT IS SO ORDERED**.

Dated: June 15, 2016



WILLIAM H. ORRICK
United States District Judge