Charles S. LiMandri (CA Bar No. 110841)
Paul M. Jonna (CA Bar No. 265389)
Jeffrey M. Trissell (CA Bar No. 292480)
B. Dean Wilson (CA Bar No. 305844)
FREEDOM OF CONSCIENCE DEFENSE FUND
P.O. Box 9520
Rancho Santa Fe, CA 92067
Tel:  (858) 759-9948
cslimandri@limandri.com
pjonna@limandri.com
jtrissell@limandri.com
dwilson@limandri.com

*Attorneys for Defendants the Center for
Medical Progress, BioMax
Procurement Services, LLC
and David Daleiden*

Thomas Brejcha, *pro hac vice*
Peter Breen, *pro hac vice*
THOMAS MORE SOCIETY
19 S. La Salle St., Ste. 603
Chicago, IL 60603
Tel: (312) 782-1680
tbrejcha@thomasmoresociety.org
pbreen@thomasmoresociety.org

Matthew F. Heffron, *pro hac vice*
THOMAS MORE SOCIETY
C/O BROWN & BROWN LLC
501 Scoular Building
2027 Dodge Street
Omaha, NE 68102
Tel: (402) 346-5010
mheffron@bblaw.us

*Attorneys for Defendant David Daleiden*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ABORTION FEDERATION (NAF), <br><br> Plaintiff, <br><br> vs. <br><br> THE CENTER FOR MEDICAL PROGRESS; BIOMAX PROCUREMENT SERVICES, LLC; DAVID DALEIDEN (aka "ROBERT SARKIS"); and TROY NEWMAN, <br><br> Defendants. | Case No. 3:15-CV-3522 (WHO) <br><br> Judge William H. Orrick, III <br><br> Defendants the Center for Medical Progress, BioMax Procurement Services, LLC, and David Daleiden's anti-SLAPP Special Motion to Strike Plaintiff's Claims for Fraudulent Misrepresentation, Promissory Fraud, Breach of Contracts, and Civil Conspiracy <br><br> Hearing Date: Oct. 3, 2018, 2:00 p.m. <br> Courtroom 2, 17th Floor |

1

# TABLE OF CONTENTS

INTRODUCTION ..............................................................................................5

LEGAL STANDARD..........................................................................................5

    1.    The moving defendant's burden ................................................. 6

        1.1.    CONDUCT IN FURTHERANCE OF THE CONSTITUTIONAL RIGHT OF FREE SPEECH ................................................ 6

        1.2.    CONDUCT IN CONNECTION WITH AN ISSUE OF PUBLIC INTEREST .................................................................. 6

        1.3.    ANTI-SLAPP DEFENDANTS ONLY HAVE TO ESTABLISH A PRIMA FACIE CASE.........................................................7

    2.    The responding plaintiff's burden ................................................. 8

LEGAL ARGUMENT ........................................................................................9

    1.    Prong 1: Plaintiff's four causes of action are subject to the anti-SLAPP statute......................................................................... 9

    2.    Prong 2: Plaintiff cannot establish a probability of prevailing............................ 11

        2.1.    SUB-PRONG 2.1: MOTION TO DISMISS STYLE BURDEN ................................. 11

        2.2.    SUB-PRONG 2.2: MOTION FOR NONSUIT STYLE BURDEN ............................12

        2.3.    SUB-PRONG 2.3: MOTION FOR SUMMARY JUDGMENT STYLE BURDEN .............................................................. 15

    3.    A stay of discovery is now in effect ....................................... 15

CONCLUSION....................................................................................................16

DEFS. DALEIDEN AND CMPS'S ANTI-SLAPP MOTION
3:15-CV-3522 (WHO)

1

# TABLE OF AUTHORITIES

2

## *Federal Cases:*

3
Batzel v. Smith .......................................................................... 5, 11
   333 F.3d 1018 (9th Cir. 2003)

4

Doe v. Gangland Prods., Inc. ..................................................... 9, 11
5   730 F.3d 946 (9th Cir. 2013)

6
Friedman v. DirecTV ...................................................................... 6
   262 F.Supp.3d 1000 (C.D. Cal. 2015)
7

Graham-Sult v. Clainos ................................................................. 9
8   756 F.3d 724 (9th Cir. 2014)

9
Greater L.A. Agency on Deafness v. CNN, Inc. .......................... 10
   742 F.3d 414 (9th Cir. 2014)
10

Gressett v. Contra Costa Cty. ...................................................... 15
11   No. C-12-3798 EMC, 2013 WL 2156278 (N.D. Cal. May 17, 2013)

12
L. Barber Gems, Inc. v. Brink's Diamond & Jewelry N. Am. ...... 9, 13
   43 F. App'x 164 (9th Cir. 2002)
13

Lee-Tzu Lin v. Dignity Health-Methodist Hosp. of Sacramento ..... 16
14   No. CIV. S-14-0666 KJM, 2014 WL 3401451 (E.D. Cal. July 11, 2014)

15
Metabolife Int'l v. Wornick ......................................................... 16
   264 F.3d 832 (9th Cir. 2001)
16

Mindys Cosmetics, Inc. v. Dakar .................................................. 9
17   611 F.3d 590 (9th Cir. 2010)

18
Nat'l Abortion Fed'n v. Ctr. for Med. Progress .......................... 15
   No. 15-CV-03522-WHO, 2015 WL 5071977 (N.D. Cal. Aug. 27, 2015)
19

New.Net, Inc. v. Lavasoft ............................................................ 16
20   356 F.Supp.2d 1090 (C.D.Cal. 2004)

21
Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress ..... 12
   214 F. Supp. 3d 808 (N.D. Cal. 2016)
22

Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress ..... 9
23   890 F.3d 828 (9th Cir. 2018)

24

## *California Cases:*
25

Averill v. Superior Court ............................................................... 7
26   42 Cal. App. 4th 1170 (1996)

27
Baral v. Schnitt .................................................................... 5, 11, 12
   1 Cal. 5th 376 (2016)
28

**TABLE OF AUTHORITIES**

*__California Cases:__*

Bently Reserve L.P. v. Papaliolios .......................................................... 8
   218 Cal. App. 4th 418 (2013)

Bernardo v. Planned Parenthood Fed'n of Am. ...................................... 10
   115 Cal. App. 4th 322 (2004)

Birkner v. Lam ........................................................................................ 7
   156 Cal. App. 4th 275 (2007)

Briggs v. Eden Council for Hope & Opportunity ................................... 6
   19 Cal. 4th 1106 (1999)

Chicago Title Ins. Co. v. AMZ Ins. Servs., Inc. ................................... 13
   188 Cal. App. 4th 401 (2010)

Christian Research Inst. v. Alnor ........................................................... 9
   165 Cal. App. 4th 1315 (2008)

City of Cotati v. Cashman ...................................................................... 7
   29 Cal. 4th 69 (2002)

Commonwealth Energy Corp. v. Inv'r Data Exch., Inc. ......................... 6
   110 Cal. App. 4th 26 (2003)

Contreras v. Dowling .......................................................................... 7, 8
   5 Cal. App. 5th 394 (2016)

Daimler Chrysler Motors Co. v. Lew Williams, Inc. ......................... 8, 10
   142 Cal. App. 4th 344 (2006)

Delois v. Barrett Block Partners ............................................................. 8
   177 Cal. App. 4th 940 (2009)

Hunter v. CBS Broad. Inc. .................................................................. 6, 7
   221 Cal. App. 4th 1510 (2013)

Kronemyer v. Internet Movie Database Inc. ........................................... 6
   150 Cal. App. 4th 941 (2007)

Lam v. Ngo ......................................................................................... 5, 12
   91 Cal. App. 4th 832 (2001)

Levy v. State Farm Mut. Auto. Ins. Co. .............................................. 12, 13
   150 Cal. App. 4th 1 (2007)

Lieberman v. KCOP Television, Inc. .................................................. 6, 10
   110 Cal. App. 4th 156 (2003)

Maganini v. Quinn .................................................................................. 7
   99 Cal. App. 2d 1 (1950)

# TABLE OF AUTHORITIES

***California Cases:***

Navellier v. Sletten ............................................................................................... 7, 8, 10, 11
    29 Cal. 4th 82 (2002)

Nygard, Inc. v. Uusi-Kerttula .............................................................................................. 6
    159 Cal. App. 4th 1027 (2008)

Oasis W. Realty, LLC v. Goldman ................................................................................... 6, 12
    51 Cal. 4th 811 (2011)

Park v. Bd. of Trustees of California State Univ. ................................................................... 11
    2 Cal. 5th 1057 (2017)

Rivero v. Am. Fed'n of State, Cty., & Mun. Employees, AFL-CIO ............................................ 6
    105 Cal. App. 4th 913 (2003)

Stewart v. Rolling Stone LLC .............................................................................................. 7
    181 Cal. App. 4th 664 (2010)

Summit Bank v. Rogers ...................................................................................................... 6
    206 Cal. App. 4th 669 (2012)

Tuchscher Dev. Enterprises, Inc. v. San Diego Unified Port Dist. ......................................... 9, 13
    106 Cal. App. 4th 1219 (2003)

Vaca Val. & C.L.R. Co. v. Mansfield .................................................................................... 7
    84 Cal. 560 (1890)

Weinberg v. Feisel ............................................................................................................. 6
    110 Cal. App. 4th 1122 (2003)

Wilson v. Parker, Covert & Chidester .................................................................................. 8
    28 Cal. 4th 811 (2002)

***Federal Statutes:***

Fed. R. Civ. P. 56(d) ......................................................................................................... 15

***California Statutes:***

Cal. Code of Civ. Proc. § 425.16(b) ..................................................................................... 7

Cal. Code of Civ. Proc. § 425.16(b)(1) ............................................................................. 5, 10

Cal. Code of Civ. Proc. § 425.16(e)(4) ................................................................................. 5

Cal. Code of Civ. Proc. § 425.16(g) .................................................................................... 15

***Other***:

Thomas R. Burke, Rutter Grp. Practice Guide: Anti-SLAPP Litigation ...................................... 12
    §§ 2:81-2:82 (2017)

3

# NOTICE OF MOTION

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on October 3, 2018, at 2:00 PM in Courtroom 2 of the Honorable William H. Orrick III at the United States District Court for the Northern District of California, 17th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, Defendants David Daleiden (Daleiden) and the Center for Medical Progress (CMP) will, and hereby do, move to strike Plaintiff National Abortion Federation (NAF)'s claims for Fraudulent Misrepresentation, Promissory Fraud, Breach of Contracts, and Civil Conspiracy from its First Amended Complaint, pursuant to California's anti-SLAPP statute, Cal. Code of Civ. Proc. § 425.16. This motion is based on the grounds that Plaintiff's claims for Fraudulent Misrepresentation, Promissory Fraud, and Civil Conspiracy are inadequately pleaded, and this Court lacks subject-matter jurisdiction over them, as stated in Defendants' concurrently filed Motion to Dismiss. This motion is further based on the grounds that Plaintiff's fourteen distinct claims for Breach of Contract are both inadequately pleaded and evidentially unsupported, as required under Cal. Code of Civ. Proc. § 425.16. This motion will be based upon the attached points and authorities, the concurrently filed motion to dismiss and motion to dissolve the preliminary injunction, the concurrently filed declaration of David Daleiden, all pleadings and records on file in this action, and any argument made at the hearing on this matter.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**INTRODUCTION**

This case is a quintessential SLAPP. Citizen journalists engaged in a daring project to uncover criminal wrongdoing in the fetal tissue procurement industry. Their investigation led to Congressional investigations, prosecutions, admissions of liability, and an ongoing, comprehensive, Federal Department of Justice investigation. In response to those journalists' investigation, Plaintiff National Abortion Federation (NAF) filed a massive eleven count complaint, making numerous allegations that were subsequently proven wrong by the governmental investigations and prosecutions. NAF then dismissed seven of those claims, leaving only four: Fraudulent Misrepresentation, Promissory Fraud, Breach of Contracts, and Civil Conspiracy. Defendants now file an anti-SLAPP motion attacking those four remaining claims under California's anti-SLAPP statute. NAF's lawsuit conflicts with California public policy encouraging the exercise of First Amendment rights, and thus Defendants have a substantive right to put NAF to the test and also have a substantive right to have this Court's adjudication of Defendants' motion tested de novo on appeal. *See Batzel v. Smith*, 333 F.3d 1018, 1025 (9th Cir. 2003); *Lam v. Ngo*, 91 Cal. App. 4th 832, 843 (2001).

**LEGAL STANDARD**

"A cause of action against a person arising from any *act* of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue [is] subject to [an anti-SLAPP] special motion to strike." Cal. Code of Civ. Proc. § 425.16(b)(1). Such acts include "*any . . . conduct in furtherance of . . . the constitutional right of free speech in connection with . . . an issue of public interest.*" *Id*. at subd. (e)(4). "[A]n anti-SLAPP motion, like a conventional motion to strike, may be used to attack *parts* of a count as pleaded." *Baral v. Schnitt*, 1 Cal. 5th 376, 393 (2016) (emphasis added). In other words, if a claim for breach of contract alleges that the contract was breached in multiple ways, a motion to strike can attack any one, or all, of those individual claims for relief. *Id*.

Adjudicating of an anti-SLAPP motion involves shifting burdens on the part of the defendant and the plaintiff. First, the moving defendant has the burden to establish a prima facie showing that the "particular alleged acts giving rise to a claim for relief" are acts undertaken in

support of the right to free speech or the right to petition the government. *Id.* at 384, 395. If the court finds that the moving defendant has made such a showing, it then determines whether the plaintiff has demonstrated a "probability of prevailing" on the claim for relief. *Id.* at 385. Each party's burdens will be discussed below. The California Supreme Court has "emphasized that . . . courts are to proceed in analyzing both prongs of anti-SLAPP motions 'in order.'" *Summit Bank v. Rogers*, 206 Cal. App. 4th 669, 684–85 (2012) (quoting *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 820 (2011)). Each party's burden is discussed below.

## 1.    The moving defendant's burden

### 1.1.    CONDUCT IN FURTHERANCE OF THE CONSTITUTIONAL RIGHT OF FREE SPEECH

Conduct in furtherance of the constitutional right of free speech "is not limited to the exercise of [the] right of free speech, but to all **conduct in furtherance** of the exercise of the right of free speech." *Lieberman v. KCOP Television, Inc.*, 110 Cal. App. 4th 156, 166 (2003) (italics omitted). Thus, the anti-SLAPP statute protects the right not to speak, which includes not speaking by omitting certain information. *Kronemyer v. Internet Movie Database Inc.*, 150 Cal. App. 4th 941, 947 (2007) ("It is, of course, well established that the constitutional right of free speech includes the right not to speak.").

### 1.2.    CONDUCT IN CONNECTION WITH AN ISSUE OF PUBLIC INTEREST

The California Supreme Court has stated that the anti-SLAPP statute's use of the test "an issue of public interest" "amounts to little more than a message to judges and attorneys that no standards are necessary because they will, or should, know a public [issue] when they see it." *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.4th 1106, 1122 & n.9 (1999). Consequently, various courts have identified different tests. *Compare*, *e.g.*, *Rivero v. Am. Fed'n of State, Cty., & Mun. Employees, AFL-CIO*, 105 Cal. App. 4th 913, 924 (2003); *Weinberg v. Feisel*, 110 Cal. App. 4th 1122, 1132–33 (2003); *Commonwealth Energy Corp. v. Inv'r Data Exch., Inc.*, 110 Cal. App. 4th 26, 34 (2003); *Hunter v. CBS Broad. Inc.*, 221 Cal. App. 4th 1510, 1527 (2013).

Generally, however, "'an issue of public interest' . . . is *any issue in which the public is interested.*" *Nygard, Inc. v. Uusi-Kerttula*, 159 Cal. App. 4th 1027, 1042 (2008) (original italics) ("[I]t is enough that it is one in which the public takes an interest."); *see also Friedman v. DirecTV*, 262 F.

Supp. 3d 1000, 1004 (C.D. Cal. 2015) (quoting same). Speech or conduct does not itself have to be a matter of public interest, so long as it was made in connection with such an issue. *Hunter v. CBS Broad. Inc.*, 221 Cal. App. 4th 1510, 1527 (2013) ("[T]he proper inquiry is not whether CBS's selection of a weather anchor was itself a matter of public interest; the question is whether such conduct was 'in connection with' a matter of public interest. . . . CBS's decisions regarding who would present [the news] . . . was necessarily 'in connection' with that public issue."). In fact, even "private [business] conversations[] regarding a public issue [are] protected under the statute." *Averill v. Superior Court*, 42 Cal. App. 4th 1170, 1174 (1996).

### 1.3.   ANTI-SLAPP DEFENDANTS ONLY HAVE TO ESTABLISH A PRIMA FACIE CASE

For anti-SLAPP purposes, the defendant does not have to "first establish her actions are constitutionally protected under the First Amendment as a matter of law." *Navellier v. Sletten*, 29 Cal. 4th 82, 95 (2002). Instead, a defendant only needs to "make [] a **prima facie** showing that plaintiffs' causes of action arise from an act in furtherance of defendant's constitutional rights of petition or free speech." *Birkner v. Lam*, 156 Cal. App. 4th 275, 281 (2007). "[P]rima facie evidence is that which suffices for the proof of a particular fact, until contradicted and overcome by other evidence." *Vaca Val. & C.L.R. Co. v. Mansfield*, 84 Cal. 560, 566 (1890). "The words 'prima facie' mean literally, 'at first view', and a prima facie case is one which is received or continues until the contrary is shown and can be overthrown only by rebutting evidence adduced on the other side." *Maganini v. Quinn*, 99 Cal. App. 2d 1, 8 (1950).

In deciding the first prong, "a court considers 'the **pleadings**, and supporting and opposing **affidavits** stating the facts upon which the liability or defense is based.'" *City of Cotati v. Cashman*, 29 Cal. 4th 69, 79 (2002) (quoting Cal. Code of Civ. Proc. § 425.16(b)). In a SLAPP action, the defendant's act of speech is made to appear as defamation, interference with business relations, breach of contract, fraud, and the like. Thus, a court must look past how the plaintiff characterizes the defendant's conduct to determine, based on evidence presented, whether the plaintiff's claims are based on speech related to an issue of public interest. *See, e.g., Stewart v. Rolling Stone LLC*, 181 Cal. App. 4th 664, 679 (2010) ("[W]e do not evaluate the first prong of the anti-SLAPP test solely through the lens of a plaintiff's cause of action"); *Contreras v. Dowling*, 5 Cal. App. 5th 394, 413 (2016) ("It is

settled that a plaintiff cannot avoid operation of the anti-SLAPP statute by attempting, through artifices of pleading, to characterize an action as a 'garden variety' tort or contract claim when in fact the claim is predicated on protected speech"). Because a defendant only has to establish a prima facie case that his conduct is protected, any waiver argument goes to the second prong of the anti-SLAPP statute, not the first prong. *DaimlerChrysler Motors Co. v. Lew Williams, Inc.*, 142 Cal. App. 4th 344, 351 (2006) (citing *Navellier v. Sletten*, 29 Cal. 4th 82, 94 (2002)).

## 2. The responding plaintiff's burden

In California state court, the anti-SLAPP statute's "probability of prevailing" standard imposes on the plaintiff three separate burdens. First, the plaintiff has to respond to any arguments raised by the defendant that the complaint is legally insufficient. *Delois v. Barrett Block Partners*, 177 Cal. App. 4th 940, 947 (2009). Second, the plaintiff has to respond to any arguments and evidence put forth by the defendant which the defendant contends defeats the plaintiff's case—either by negating an element of the plaintiff's case or establishing an affirmative defense. *Bently Reserve L.P. v. Papaliolios*, 218 Cal. App. 4th 418, 434 (2013). These two burdens are essentially identical to responding to a motion to dismiss and a motion for summary judgment.

Third—completely independently of any arguments made by the defendant—the plaintiff must "demonstrate that the complaint is . . . supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Wilson v. Parker, Covert & Chidester*, 28 Cal. 4th 811, 821 (2002). This burden is identical to a motion for nonsuit which the defendant makes after the plaintiff rests his case at trial. *Id*. at 824. This burden on the part of the plaintiff is directly akin to a motion for nonsuit in the sense that the defendant has no burden, all he has to do is stand up and state that he is moving for nonsuit:

> [The plaintiff] does not explain how its evidence substantiates the elements of [its] claim; it simply contends [the defendants] failed to establish their [summary judgment style arguments]. But this argument misunderstands the burdens on a section 425.16 motion. In moving for section 425.16 relief, **it was not [the defendants'] burden to show [the plaintiff] *could not* demonstrate a probability of prevailing on its claims; its only burden was to establish that the claims fell within the ambit of the statute.** The fact [the defendants] also made [summary judgment style] arguments directed

toward the second probability-of-prevailing prong does not relieve [the plaintiff] of its own statutory burden, that is, to make a prima facie showing of facts which would, if proved at trial, support a judgment in plaintiff's favor. **In this way section 425.16 differs significantly from the summary judgment statute, which places the initial burden of production on the moving defendant** to demonstrate the opposing plaintiff cannot establish one or more elements of his or her causes of action.

*Tuchscher Dev. Enterprises, Inc. v. San Diego Unified Port Dist.*, 106 Cal. App. 4th 1219, 1239 (2003) (emphasis added).

In federal court, "[i]f a defendant makes an anti-SLAPP motion to strike founded on purely legal arguments" then the plaintiff only has to meet the first burden—the burden akin to responding to a motion to dismiss. *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833 (9th Cir. 2018). If, however, the moving defendant does not limit his motion to "purely legal arguments," then the plaintiff has to meet the second two burdens, i.e., the motion for summary judgment and motion for nonsuit style burdens. *Id.*; *see also Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 599-600 (9th Cir. 2010) ("Mindys has made a sufficient prima facie showing of facts"). If the plaintiff cannot meet its burden, the challenged claim for relief is stricken, and the defendant is awarded his attorneys' fees incurred in bringing the motion. *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1324 (2008); *Graham-Sult v. Clainos*, 756 F.3d 724, 752 (9th Cir. 2014).

## LEGAL ARGUMENT

**1.     Prong 1: Plaintiff's four causes of action are subject to the anti-SLAPP statute**

Here, Plaintiff's four causes of action all arise out of Defendants' undercover investigative filming and/or Defendants' publication of their investigative journalistic efforts, which then gained widespread media attention. Dkt. 131, FAC at ¶¶32-48, 136-141; Declaration of David Daleiden.

Both the Ninth Circuit and California courts have repeatedly held that such conduct falls within the scope of the anti-SLAPP statute. "California courts have held that pre-publication or pre-production acts such as investigating, newsgathering, and conducting interviews constitute conduct that furthers the right of free speech." *Doe v. Gangland Prods., Inc.*, 730 F.3d 946, 953 (9th Cir. 2013). Applying this rule, the Ninth Circuit has held that investigative filming and the

1   publication thereof falls within the scope of the anti-SLAPP statute. *See*, *e.g.*, *id.* ("Plaintiff's claims

2   are based on Defendants' acts of interviewing Plaintiff for a documentary television show and

3   broadcasting that interview. These acts were in furtherance of Defendants' right of free speech.");

4   *Greater L.A. Agency on Deafness v. CNN, Inc.*, 742 F.3d 414, 423 (9th Cir. 2014) (holding that claims

5   implicated protected conduct because plaintiff's "action arises directly from CNN's decision to

6   publish … [and plaintiff] would have no reason to sue CNN absent the news videos on

7   CNN.com").

8       Similarly, California courts have held that allegedly unlawful undercover investigative

9   recordings of a doctor fall within the scope of the anti-SLAPP statute. *Lieberman v. KCOP*

10  *Television, Inc.*, 110 Cal.App.4th 156, 166 (2003). And there can be no meaningful doubt that speech

11  regarding abortion and potentially illegal fetal tissue procurement relates to "an issue of public

12  interest." Cal. Code of Civ. Pro. § 425.16(e)(4); *see Bernardo v. Planned Parenthood Fed'n of Am.*,

13  115 Cal. App.4th 322, 358 (2004) (holding that speech regarding abortion fell within anti-SLAPP

14  statute because "abortion is one of the most controversial political issues in our nation"). Plaintiff

15  cannot seriously dispute that all of its claims arise from Defendants' conduct that falls within the

16  scope of Cal. Code of Civ. Pro. § 425.16(b)(1).

17      Plaintiff has asserted that the anti-SLAPP statute does not apply because Defendants waived

18  their First Amendment rights by executing nondisclosure agreements with Plaintiff. *See* Dkt. 538 at

19  § 4. That is false. Under the anti-SLAPP framework, whether there has been a waiver of anti-

20  SLAPP rights relates to the *merits* prong of the case, not the first prong that addresses whether the

21  statute's protections apply at all. *DaimlerChrysler Motors Co. v. Lew Williams, Inc.*, 142 Cal. App. 4th

22  344, 351 (2006) ("The high court made clear the mere fact the constitutional speech occurred in

23  violation of a contract did not by itself preempt the application of the anti-SLAPP statute. Rather,

24  the issue of breach was to be addressed under the statute's merits prong."); *Navellier v. Sletten*, 29

25  Cal. 4th 82, 94 (2002).

26      Plaintiff fares no better with its false premise that, if the First Amendment would not

27  protect Defendants' conduct (because of waiver), the anti-SLAPP statute would not apply at all. In

28  fact, the anti-SLAPP statute applies more broadly than the First Amendment does. "By its terms,

the anti-SLAPP statute includes not merely actual exercise of free speech rights but also conduct that furthers such rights." *Doe v. Gangland Prods., Inc.*, 730 F.3d 946, 953 (9th Cir. 2013) (internal punctuation omitted). To invoke the anti-SLAPP statute, a defendant need not "first establish her actions are constitutionally protected under the First Amendment as a matter of law." *Navellier*, 29 Cal.4th at 95. Thus, even assuming Defendants waived certain First Amendment rights, that does not preclude them from invoking California's anti-SLAPP statute.[1]

**2.     Prong 2: Plaintiff cannot establish a probability of prevailing**

**2.1.     SUB-PRONG 2.1: MOTION TO DISMISS STYLE BURDEN**

For the reasons stated in Defendants' concurrently filed Motion to Dismiss, Plaintiff's four remaining causes of action are inadequately pleaded, and the Court lacks subject-matter jurisdiction, and so Defendants' anti-SLAPP motion should be granted. In addition, as stated in Defendants' Motion to Dismiss, the breach of contract claim contains fourteen sub-claims for relief, each of which are legally untenable, and are separately subject to being stricken. *See Baral v. Schnitt*, 1 Cal. 5th 376, 393 (2016).

Defendants' Motion to Dismiss, expressly incorporated herein by reference, endeavored to account for this Court's ruling on NAF's motion for a preliminary injunction to the extent possible. *See* Dkt. 354. Nevertheless, some arguments may be similar to arguments addressed in that motion. Defendants re-raise them in their Motion to Dismiss and here because Defendants have a substantive right under the anti-SLAPP statute to have the adjudication of those arguments tested de novo on appeal.

The denial of an anti-SLAPP motion is reviewed de novo on appeal. *Park v. Bd. of Trustees of California State Univ.*, 2 Cal. 5th 1057, 1067 (2017). The right to appeal the denial of an anti-SLAPP motion is a substantive right, and so it applies in federal court. *Batzel v. Smith*, 333 F.3d 1018, 1025-26 (9th Cir. 2003). That substantive right includes the right to have a trial court's conclusions tested de

---

[1] The Superior Court for California, County of Los Angeles, held that the Defendants met the first prong of the anti-SLAPP test in a separate lawsuit based on CMP's Human Capital Project. *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 214 F. Supp. 3d 808, 850 & n.40 (N.D. Cal. 2016).

1    novo. *See* THOMAS R. BURKE, RUTTER GRP. PRACTICE GUIDE: ANTI-SLAPP LITIGATION §§ 2:81-

2    2:82 (2017). For example, in *Lam v. Ngo*, the trial court did not consider the merits of the defendant's

3    anti-SLAPP motion "because it viewed the motion as nothing more than a rerun of the preliminary

4    injunction question." 91 Cal. App. 4th 832, 843 (2001). The appellate court faulted the trial court,

5    holding that the two proceedings have different standards and thus the anti-SLAPP motion should

6    have been evaluated on its own merits. *Id.* The court pointed out that this was especially important

7    because preliminary injunction orders are "tested under an abuse of discretion standard," whereas

8    anti-SLAPP motions are tested de novo on appeal. *Id.* The right to have an anti-SLAPP denial tested

9    de novo is akin to the right to have the adjudication of constitutional rights tested de novo. *See* ANTI-

10   SLAPP LITIGATION § 2:82.

11           **2.2.    SUB-PRONG 2.2: MOTION FOR NONSUIT STYLE BURDEN**

12           As stated above and in Defendants' Motion to Dismiss, Plaintiff's breach of contract claim

13   alleges that Defendants breached two contracts in four distinct ways, and another two contracts in

14   three distinct ways—leading to fourteen distinct alleged breaches. Defendants' anti-SLAPP motion

15   now expressly contests Plaintiff's ability to satisfy the motion for nonsuit style burden imposed on it

16   by the anti-SLAPP statute with respect to each of those fourteen claims for relief. Defendants are

17   raising this burden only with respect to Plaintiff's breach of contract claim; not its other three

18   claims *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 214 F. Supp. 3d 808, 852–

19   53 (N.D. Cal. 2016) (to impose burdens on plaintiff, a moving anti-SLAPP defendant must

20   expressly state the burdens it is imposing).

21           Plaintiff's burden now requires it to substantiate each element of breach of contract, with

22   respect to each of the fourteen separate alleged breaches, with substantial admissible evidence, or

23   the alleged breach will be stricken. *Baral*, 1 Cal. 5th at 393. "[T]he elements of a cause of action for

24   breach of contract are (1) the existence of a contract, (2) plaintiff's performance or excuse for

25   nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W.*

26   *Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). "Facts alleging a breach, like all essential

27   elements of a breach of contract cause of action, must be pleaded with specificity." *Levy v. State*

28   *Farm Mut. Auto. Ins. Co.*, 150 Cal. App. 4th 1, 5 (2007).

Defendants specifically dispute Plaintiff's ability to establish that Defendants actually breached the contracts in the ways alleged. Defendants also specifically dispute Plaintiff's ability to establish that specific damages proximately flowed from each of the fourteen distinct breaches. "In actions for breach of contract, it is essential to establish a causal connection between the breach and the damages sought. Proximate cause is that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produced the injury or damage complained of and without which such result would not have occurred." *L. Barber Gems, Inc. v. Brink's Diamond & Jewelry N. Am.*, 43 F. App'x 164, 165-66 (9th Cir. 2002) (citations, quotation marks, and brackets omitted).

Defendants also specifically dispute Plaintiff's ability to establish that the confidentiality agreements are supported by consideration, *Chicago Title Ins. Co. v. AMZ Ins. Servs., Inc.*, 188 Cal. App. 4th 401, 423 (2010) (every contract requires consideration); and that Defendants used NAF Conference Information in a manner inconsistent with enhancing the safety of abortion services. Defendants, however, are not limiting themselves to these arguments because "it [i]s not [Defendants'] burden to show [Plaintiff] *could not* demonstrate a probability of prevailing on its claims; its only burden was to establish that the claims fell within the ambit of the statute." *Tuchscher*, 106 Cal. App. 4th at 1239.

Below are the fourteen breaches of contract that Plaintiff pleads in its First Amended Complaint. *See* Dkt. 131, ¶¶194, 195, 197.

| | Exhibitor Agreement dated 2/5/2014 | Exhibitor Agreement dated 3/25/2015 | Confidentiality Agreement dated 4/5/2014 | Confidentiality Agreement dated 4/18/2015 |
|---|---|---|---|---|
| Defendants allegedly breached promise that BioMax was a biological specimen procurement company | X | X | | |
| Defendants allegedly breached promise that BioMax's exhibit for the annual meetings would be | X | X | | |

| | Exhibitor Agreement dated 2/5/2014 | Exhibitor Agreement dated 3/25/2015 | Confidentiality Agreement dated 4/5/2014 | Confidentiality Agreement dated 4/18/2015 |
|---|---|---|---|---|
| consistent with NAF's purposes | | | | |
| Defendants allegedly breached promise that BioMax would identify and display its services truthfully and accurately | X | X | | |
| Defendants allegedly breached promise that that any information disclosed orally or visually at the annual meeting would not be disclosed to any third party absent NAF's written consent | X | X | | |
| Defendants allegedly breached promise to not make video, audio, photographic, or other recordings at the NAF annual meetings | | | X | X |
| Defendants allegedly breached promise that they would not disclose any information learned at NAF's annual meetings to third parties absent NAF's consent | | | X | X |
| Defendants allegedly breached promise that they would only use information learned at NAF's annual meetings in order to enhance the quality and safety of services provided by NAF members | | | X | X |

1    **2.3.    SUB-PRONG 2.3: MOTION FOR SUMMARY JUDGMENT STYLE BURDEN**

2        Defendants do not make any summary judgment-style arguments in support of their anti-

3    SLAPP motion because they have not had the opportunity to engage in enough of their own

4    discovery to develop such arguments. Defendants expressly reserve their right to file a subsequent

5    motion asserting motion for summary judgment-style arguments.

6    **3.    A stay of discovery is now in effect**

7        "Section 425.16(g) provides that all discovery proceedings should be stayed 'upon the filing

8    of a notice of motion made pursuant to this section.'" *Nat'l Abortion Fed'n v. Ctr. for Med. Progress*,

9    No. 15-CV-03522-WHO, 2015 WL 5071977, at *3 (N.D. Cal. Aug. 27, 2015) (quoting Cal. Code of

10   Civ. Proc. § 425.16(g).) But "[s]ection 425.16 will only apply in federal court if it does not conflict

11   with other federal rules." *Id.* "[S]ection 425.16(g) does not always conflict with the federal rules,

12   and courts engage in a 'threshold inquiry' to determine whether it should apply in each case." *Id.*

13   at *4. "If an anti-SLAPP motion is 'founded on purely legal arguments,' then the analysis of Rules

14   8 and 12 applies, section 425.16(g) does not conflict with the federal rules, and discovery must be

15   stayed pursuant to that statute." *Id.*

16       Here, Defendants' anti-SLAPP motion is "founded on purely legal arguments," except

17   with respect to Plaintiff's breach of contract claim. But "NAF does not believe any additional

18   discovery is required to resolve . . . NAF's contract claim at this point in the litigation. . . . The

19   parties have already engaged in discovery directed to NAF's contract claim and request for a

20   preliminary injunction. The material facts concerning NAF's breach of contract claim are not

21   disputed." Dkt. 538 at 8:15-20.[2] Because NAF believes it already possesses all of the non-hearsay

22   evidence it needs for entry of a permanent injunction, the discovery stay should apply. *See Gressett*

23   *v. Contra Costa Cty.*, No. C-12-3798 EMC, 2013 WL 2156278, at *35 (N.D. Cal. May 17, 2013) (as

24   with Fed. R. Civ. P. 56(d), court may delay consideration of anti-SLAPP motion "[i]f a nonmovant

25   shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to

26   _____

27   [2] Defendants contend that the material facts are disputed, but since NAF does not, it does not need
     discovery.

28

**DEFS. DALEIDEN AND CMPS'S ANTI-SLAPP MOTION**
3:15-CV-3522 (WHO)

1   justify its opposition"); *Metabolife Int'l v. Wornick*, 264 F.3d 832, 846-47 (9th Cir. 2001) (ordering

2   district court on remand to allow plaintiff to conduct discovery as to specific information "in the

3   defendants' exclusive control" that "may be highly probative to [plaintiff's] burden of showing

4   falsity").[3]

5                                      **CONCLUSION**

6            For the foregoing reasons, including those raised in Defendants' concurrently filed motion

7   to dismiss and motion to dissolve the preliminary injunction, the Court should grant Defendants'

8   anti-SLAPP special motion to strike each and every claim for relief in Plaintiff's First Amended

9   Complaint, since narrowed by Plaintiff's voluntary dismissal of claims.

10  / / /

11  / / /

12  / / /

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21

22  _____

23  [3] *See also Lee-Tzu Lin v. Dignity Health-Methodist Hosp. of Sacramento*, No. CIV. S-14-0666 KJM, 2014 WL 3401451, at *7 (E.D. Cal. July 11, 2014) ("Because plaintiff did not make a timely and

24  proper showing in response to the motion to strike, that a defendant or witness possesses evidence needed by plaintiff to establish a prima facie case, she is not entitled to a reasonable opportunity to

25  obtain that evidence through discovery before the motion to strike is adjudicated") (internal quotations omitted); *New.Net, Inc. v. Lavasoft*, 356 F.Supp.2d 1090, 1102 (C.D.Cal. 2004) ("To the

26  extent that the proposed discovery would contain any relevant information, most of it is already known to Plaintiff. . . In short, Plaintiff has failed to persuade the Court that discovery is essential to

27  its opposition to Defendant's motion.")

28

1  Respectfully submitted,

2  August 15, 2018,

3

4  _____

5  Charles S. LiMandri (CA Bar No. 110841)
   Paul M. Jonna (CA Bar No. 265389)
6  Jeffrey M. Trissell (CA Bar No. 292480)
   B. Dean Wilson (CA Bar No. 305844)
7  FREEDOM OF CONSCIENCE DEFENSE FUND
   P.O. Box 9520
8  Rancho Santa Fe, CA 92067
   Tel:  (858) 759-9948
9  Facsimile:  (858) 759-9938
   cslimandri@limandri.com
10 pjonna@limandri.com
   jtrissell@limandri.com
11 dwilson@limandri.com

12 *Attorneys for Defendants the Center for Medical
   Progress, BioMax Procurement Services, LLC,
13 and David Daleiden*

14

15

16                _____
   Thomas Brejcha, *pro hac vice*
   Peter Breen, *pro hac vice*
   THOMAS MORE SOCIETY
   19 S. La Salle St., Ste. 603
   Chicago, IL 60603
   Tel: (312) 782-1680
   Facsimile: (312) 782-1887
   tbrejcha@thomasmoresociety.org
   pbreen@thomasmoresociety.org

   Matthew F. Heffron, *pro hac vice*
   THOMAS MORE SOCIETY
   C/O BROWN & BROWN LLC
   501 Scoular Building
   2027 Dodge Street
   Omaha, NE 68102
   Tel: (402) 346-5010
   mheffron@bblaw.us

   *Attorneys for Defendant David Daleiden*

16                 **ATTESTATION PURSUANT TO CIVIL L.R. 5.1(i)(3)**

17

18        As the filer of this document, I attest that concurrence in the filing was obtained from the

19 other signatories.

20                                    _____

21                                    Charles S. LiMandri
                                      Counsel for Defendants the Center for Medial
22                                    Progress, BioMax Procurement Services, LLC,
                                      and David Daleiden
23

24

25

26

27

28

                                    17
                     DEFS. DALEIDEN AND CMPS'S ANTI-SLAPP MOTION
                                 3:15-CV-3522 (WHO)