Charles S. LiMandri (CA Bar No. 110841)
Paul M. Jonna (CA Bar No. 265389)
Jeffrey M. Trissell (CA Bar No. 292480)
FREEDOM OF CONSCIENCE DEFENSE FUND
P.O. Box 9520
Rancho Santa Fe, CA 92067
Tel: (858) 759-9948
cslimandri@limandri.com

Harmeet K. Dhillon (CA Bar No. 207873)
Mark P. Meuser (CA Bar No. 231335)
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
415-433-1700
415-520-6593 (fax)
harmeet@dhillonlaw.com

*Attorneys for Defendants the Center for Medical Progress, BioMax Procurement Services, LLC, and David Daleiden*

Thomas Brejcha, *pro hac vice*
Peter Breen, *pro hac vice*
Matthew F. Heffron, *pro hac vice*
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680
tbrejcha@thomasmoresociety.org
pbreen@thomasmoresociety.org

*Attorneys for Defendant David Daleiden*

Patrick D. Duplessis (CA Bar No. 265384)
WHITMYER IP GROUP LLC
600 Summer Street
Stamford, CT 06901
Tel: (203) 703-0800
pduplessis@whipgroup. com

*Attorneys for Defendants the Center for Medical Progress and David Daleiden*

**UNITED STATES DISTRICT COURT,**
**NORTHERN DISTRICT OF CALIFORNIA**

NATIONAL ABORTION FEDERATION (NAF),

Plaintiff,

vs.

THE CENTER FOR MEDICAL PROGRESS, BIOMAX PROCUREMENT SERVICES, LLC, DAVID DALEIDEN (aka "ROBERT SARKIS"), and TROY NEWMAN,

Defendants.

Case No. 3:15-cv-3522 (WHO)

Judge William H. Orrick, III

Declaration of Jeffrey M. Trissell, Esq. in Support of Defendants CMP, BioMax, and Daleiden's Opposition to Plaintiff NAF's Motion for Attorneys' Fees

Location: Courtroom 2, 17th Floor

I, Jeffrey M. Trissell, declare and state as follows:

1. I am an attorney at law duly licensed to practice in the State of California and in the Northern District of California, and am counsel for Defendants the Center for Medical Progress, BioMax Procurement Services, LLC and David Daleiden in this action. As such, I have personal knowledge of the matters set forth below and could and would testify thereto if called upon to do so.

2. On September 17, Defendants asked NAF to unredact several different types of entries that were redacted baselessly. NAF agreed to unredact some entries because it said they had been "inadvertently" redacted but refused to remove the many hundreds of wholesale redactions of descriptions of intrafirm communications, on the blanket generic assertion that they "were redacted on privilege and work product grounds." NAF did not specify what "privilege" applied. A true and correct copy of the email chain between counsel documenting this, along with the unredacted entries provided by NAF, is attached hereto as **Exhibit A**.

I declare until penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on October 5, 2021.

Jeffrey M. Trissell

**EXHIBIT A**

| | |
|---|---|
| **From:** | Leung, Karen |
| **To:** | pbreen@thomasmoresociety.org |
| **Cc:** | Foran, Derek F.; Zack, Randall D.; Dierolf, Christina E.; Willis, Mason; Jeffrey Trissell; Mark Meuser (Dhillon Law); Charles Limandri; Paul Jonna; Milan Brandon; mheffron@thomasmoresociety.org; Harmeet K. Dhillon (DhillonLaw); pduplessis@whipgroup.com; tbrejcha@thomasmoresociety.org; adam@hochschildlaw.com |
| **Subject:** | RE: NAF v. CMP fee records |
| **Date:** | Tuesday, September 21, 2021 5:29:50 PM |
| **Attachments:** | REDACTED - SAN_FRANCISCO-#4575863-v3-NAF_-_Select_time_entries.pdf |

Peter,

Attached are the updated redactions for the time entries noted below.

Thanks,


**KAREN LEUNG**
Associate | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-7904
mofo.com | LinkedIn | Twitter


---

**From:** Leung, Karen
**Sent:** Monday, September 20, 2021 6:47 PM
**To:** 'Peter Breen' <pbreen@thomasmoresociety.org>
**Cc:** Foran, Derek F. <DForan@mofo.com>; Zack, Randall D. <RZack@mofo.com>; Dierolf, Christina E. <CDierolf@mofo.com>; Willis, Mason <MWillis@mofo.com>; Jeffrey Trissell <jtrissell@limandri.com>; Mark Meuser (Dhillon Law) <mmeuser@dhillonlaw.com>; Charles Limandri <climandri@limandri.com>; Paul Jonna <pjonna@limandri.com>; Milan Brandon <mbrandon@limandri.com>; mheffron@thomasmoresociety.org; Harmeet K. Dhillon (DhillonLaw) <harmeet@dhillonlaw.com>; pduplessis@whipgroup.com; tbrejcha@thomasmoresociety.org; adam@hochschildlaw.com
**Subject:** RE: NAF v. CMP fee records

Peter:

NAF has reviewed the entries that you highlighted and concluded that the majority were inadvertently redacted. Without waiver of any of our rights, we will provide you with the following unredacted entries (as applicable) by tomorrow:

- Entries referring to communications with opposing counsel, numbers:
  - 1659
  - 1672
  - 1720
  - 1727
  - 2970
  - 3059
  - 3064
  - 3226
  - 3723
  - 3746
  - 3850
  - 3933
- Entries referring to communications with Troy Newman's counsel, numbers:
  - 2668
  - 3098

    - 4151
    - 4155
    - 4184
    - 4188
    - 4285
    - 4295
- Entries referring to communications with the California Attorney General's office or another state or governmental office or officer, numbers:
    - 1811
    - 1819
    - 1829
    - 1837
    - 1261
    - 1232
- Entry referring to communication with counsel for Good Samaritan Family Resource Center, number:
    - 2612
- Entries referring to communications with, to, or with counsel for, numbers:
    - 1586
    - 3746
    - 4312

References to internal communications were properly redacted on privilege and work product grounds.

Thanks,

**KAREN LEUNG**
Associate | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-7904
mofo.com | LinkedIn | Twitter

**From:** Peter Breen <pbreen@thomasmoresociety.org>
**Sent:** Friday, September 17, 2021 2:04 PM
**To:** Foran, Derek F. <DForan@mofo.com>
**Cc:** Jeffrey Trissell <jtrissell@limandri.com>; Leung, Karen <KLeung@mofo.com>; Mark Meuser (Dhillon Law) <mmeuser@dhillonlaw.com>; Charles Limandri <climandri@limandri.com>; Paul Jonna <pjonna@limandri.com>; Milan Brandon <mbrandon@limandri.com>; mheffron@thomasmoresociety.org; Harmeet K. Dhillon (DhillonLaw) <harmeet@dhillonlaw.com>; pduplessis@whipgroup.com; tbrejcha@thomasmoresociety.org; adam@hochschildlaw.com; Zack, Randall D. <RZack@mofo.com>; Dierolf, Christina E. <CDierolf@mofo.com>; Willis, Mason <MWillis@mofo.com>
**Subject:** NAF v. CMP fee records

**External Email**

---

Dear Derek,

In reviewing the time records filed by NAF, we respectfully contend that a substantial number of the over 2,000 redactions therein are unsupported and unreasonably burden Defendants' ability to review the records. For example:

· Numerous entries refer to communications with opposing counsel "regarding [redacted]." See, e.g., entries 1659, 1672, 1720, 1727, 2970, 3059, 3064, 3226, 3723, 3746, 3850, 3933. We believe there's no basis for these redactions.

· Numerous entries refer to communications with Troy Newman's counsel "regarding [redacted]." See, e.g., entries 2668, 3098, 4151, 4155, 4184, 4188, 4285, 4295. We believe there's no basis for these redactions.

· Numerous entries refer to communications with the California Attorney General's office or another state or governmental office or officer "regarding [redacted]." See, e.g., entries 1811, 1819, 1829, 1837, 1261, 1232. We believe there's no basis for these redactions.

· At least one entry refers to communication with counsel for Good Samaritan Family Resource Center "regarding [redacted]." See entry 2612. We believe there's no basis for this redaction.

· Several entries refer to communications "with [redacted]," "to [redacted]" or "with counsel for [redacted]." See, e.g., entries 1586, 3746, 4312. We believe there's no basis for these redactions.

· Hundreds of entries, throughout the time records, refer to a "weekly team meeting," "team meeting," "team" communication, "meeting," email, call, or other intrafirm communication, "regarding [redacted]" or to "discuss [redacted]" or the like. There is insufficient information to determine the extent to which such entries were related to NAF's claims against Defendants, what entries reflect duplicative or unnecessary work, or what entries relate to which "phase" of the case, or to otherwise show the entries are compensable. We assume NAF claims the work product doctrine justifies these redactions, but we believe the wholesale redaction of nearly every such entry is unjustified. It also appears NAF generally waived the claim (assuming its validity in the first place) by virtue of not redacting some such entries. See, e.g., entries 577, 985, 4148.

Will NAF agree to remove these redactions? If not, I'd appreciate hearing back by Tuesday, so we can prepare our portion of a joint discovery letter, etc.

Thanks,
Peter

--
Peter Breen
Vice President & Senior Counsel
Thomas More Society
309 W Washington, Ste 1250
Chicago, IL 60606
(312) 782-1680

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

| | DATE | TIMEKEEPER | HOURS | AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| 1232 | 11/20/2015 | THOMAS E. BEYER | 1.40 | 469.00 | Teleconference with Clovis Police Department regarding incident report 15-66895 (.50) draft e-mail to Quest Legal Services (.20) re-label CDs and prepare documents for service (.70); |
| 1261 | 11/23/2015 | DEREK F. FORAN | 7.30 | 6,205.00 | Revise opposition to motion to quash Charles Johnson subpoena (6.6); email correspondence with Arizona AG's office regarding response to subpoena served on CMP (0.2); conferences with Nicholas Napolitan regarding [redacted] (0.3); revise stipulation extending time to respond to Arizona AG subpoena (0.1). |
| 1586 | 1/11/2016 | NICHOLAS S. NAPOLITAN | 2.30 | 1,713.50 | Review submissions of defendants (.5 hours); research contract issues (.4 hours); conduct factual research into potential defendants (.6 hours); research issues regarding filing procedures (.3 hours); confer with J. Poon regarding background (.5 hours). |
| 1659 | 1/29/2016 | DEREK F. FORAN | 2.10 | 1,837.50 | Conferences with M. Hearron, A. Lawrence, and L. Shostak regarding [redacted] (1.2); review Court's order denying motion to modify TRO to allow filing in Supreme Court (0.7); correspondence with opposing counsel regarding motion to modify TRO (0.2). |
| 1672 | 2/2/2016 | DEREK F. FORAN | 3.20 | 2,800.00 | Correspondence with NAF regarding [redacted] (0.3); meet and confer with opposing counsel regarding |

| | DATE | TIMEKEEPER | HOURS | AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| | | | | | proposed motion to supplement preliminary injunction record (0.3); prepare for and attend phone conference with counsel for NAF regarding [redacted] (1.1); prepare outline for summary judgment motion on contract claims (1.5). |
| 1720 | 2/11/2016 | DEREK F. FORAN | 2.00 | 1,750.00 | Phone calls and emails with client regarding [redacted] (0.6); review Ninth Circuit rules regarding expedited appeals for preliminary injunction orders (0.5); confer with N. Napolitan regarding [redacted] (0.4); phone conference with counsel for CMP regarding appeal and potential stay of trial proceedings (0.4). |
| 1727 | 2/16/2016 | DEREK F. FORAN | 0.20 | 175.00 | Correspondence with opposing counsel regarding stipulation over Ninth Circuit briefing schedule and related matters. |
| 1811 | 3/23/2016 | DEREK F. FORAN | 1.20 | 1,050.00 | Phone conference with California AG's office regarding check in procedures used at San Francisco 2014 meeting (0.5); legal research regarding [redacted] (0.5); conference with N. Roethlisberger regarding same (0.2). |
| 1819 | 3/25/2016 | DEREK F. FORAN | 2.40 | 2,100.00 | Prepare for and attend conference call with Washington AG's office regarding CMP's request for names of abortion providers in Washington |

| | DATE | TIMEKEEPER | HOURS | AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| | | | | | (0.8); conference with counsel for Planned Parenthood regarding (1.6). |
| 1829 | 3/30/2016 | DEREK F. FORAN | 0.80 | 700.00 | Confer with client regarding (0.2); review and revise draft meet and confer correspondence to Louisiana Inspector General's office regarding subpoena served on CMP (0.2); phone call to Louisiana Inspector General's office regarding same (0.1); confer with N. Napolitan regarding (0.3). |
| 1837 | 4/5/2016 | DEREK F. FORAN | 1.00 | 875.00 | Confer with Planned Parenthood counsel regarding (0.3); phone call with L. Brown regarding same (0.2); meet and confer correspondence and phone calls with Louisiana IG and Arizona AG's office regarding outstanding subpoenas served on CMP (0.5). |
| 2612 | 6/10/2017 | DEREK F. FORAN | 0.90 | 819.00 | Confer with counsel for Good Samaritan Family Resource Center regarding disclosure of donor names and addresses in the public record. |
| 2668 | 8/16/2017 | DEREK F. FORAN | 0.10 | 91.00 | Review correspondence from counsel for Newman et al. regarding consent to amici briefs. |
| 2970 | 7/5/2018 | DIANA MARIKO MALTZER | 1.90 | 1,586.50 | Strategize with L. Brown regarding (.5); meet and confer with Defendants regarding case management |

| | DATE | TIMEKEEPER | HOURS | AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| | | | | | conference statement (.4); strategize with D. Foran and C. Robinson regarding [redacted] (.4); research case law related to anti-SLAPP and summary judgment motions (.6). |
| 3059 | 8/17/2018 | DIANA MARIKO MALTZER | 7.10 | 5,928.50 | Strategize with team regarding [redacted] (1.2); correspond with Defendants' counsel regarding motion to dissolve injunction (.4); research and revise declaration in support of motion to seal (.6); analyze motions to dismiss (4.9). |
| 3064 | 8/20/2018 | DEREK F. FORAN | 1.00 | 975.00 | Email with opposing counsel regarding schedule for opposition to motion to dissolve preliminary injunction (0.4); review and provide comment on draft declaration in support of sealing documents (0.1); review Ninth Circuit reply brief in support of motion to re-assign case following contempt appeal (0.5). |
| 3098 | 8/28/2018 | DEREK F. FORAN | 1.90 | 1,852.50 | Further revisions to opposition to Newman motion to dismiss (1.6); confer with N. Roethlisberger regarding same (0.2); correspond for meet-and-confer with counsel for Newman regarding discovery issues (0.1). |
| 3226 | 10/22/2018 | DEREK F. FORAN | 0.30 | 292.50 | Review and provide comment on draft meet-and-confer correspondence with opposing counsel regarding discovery. |
| 3723 | 4/30/2019 | DEREK F. FORAN | 6.30 | 6,520.50 | Prepare for and attend CMC (4.0); meet and |

| | DATE | TIMEKEEPER | HOURS | AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| | | | | | confer with opposing counsel regarding N. Davis deposition (0.3); correspondence with opposing counsel regarding request to unseal PI materials (0.5); prepare for N. Davis deposition (1.5). |
| 3746 | 5/8/2019 | DIANA MARIKO MALTZER | 0.60 | 510.00 | Review correspondence with counsel for Planned Parenthood and Defendants regarding deposition schedule (.3); correspondence with counsel for Planned Parenthood regarding (.3). |
| 3850 | 9/10/2019 | DIANA MARIKO MALTZER | 0.70 | 595.00 | Correspondence with M. Martin of Arnold & Porter and defense counsel regarding motion to seal (.5); discussion with K. Leung regarding (.2). |
| 3933 | 1/6/2020 | SPENCER MCMANUS | 0.60 | 384.00 | Review order setting case management conference (0.1); confer with D. Foran about (0.2); confer with opposing counsel regarding continuation of case management conference (0.1); draft stipulation to continue case management conference (0.2). |
| 4151 | 5/29/2020 | DEREK F. FORAN | 1.00 | 1,125.00 | Team conference regarding ; phone call with counsel for T. Newman regarding potential settlement (0.5). |
| 4155 | 6/1/2020 | DEREK F. FORAN | 0.40 | 450.00 | Correspondence with counsel for T. Newman regarding potential settlement (0.1); review and provide comments on draft settlement with T. Newman (0.3). |

| | DATE | TIMEKEEPER | HOURS | AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| 4184 | 6/11/2020 | DEREK F. FORAN | 0.20 | 225.00 | Review correspondence from counsel for T. Newman regarding revisions to proposed settlement agreement and emails with S. McManus regarding same. |
| 4188 | 6/17/2020 | DEREK F. FORAN | 4.50 | 5,062.50 | Correspondence with Newman counsel regarding revisions to settlement agreement (1.0); conferences with S. McManus regarding same (0.5); confer with S. McManus regarding [redacted]; review and provide comment on outline for draft summary judgment (2.7). |
| 4285 | 7/27/2020 | DEREK F. FORAN | 4.80 | 5,400.00 | Prepare and for and attend conference with K. Leung and L. Weekes regarding research for reply in support of motion to dismiss Newman (1.0); conference with counsel for Newman regarding same (0.5); additional research for reply in support of motion to dismiss (2.7); correspondence with client regarding status (0.2); review research notes prepared by K. Leung in connection with opposition to motion to dismiss Newman (0.4). |
| 4295 | 7/30/2020 | KAREN LEUNG | 1.00 | 640.00 | Call with D. Foran and L. Weekes regarding [redacted]; call with D. Foran and E. Zimmerman regarding reply in support of Newman dismissal. |
| 4312 | 8/7/2020 | KAREN LEUNG | 2.80 | 1,792.00 | Call with D. Foran, L. Weekes, S. McManus, and P. Fernandez regarding [redacted]; review Preliminary Injunction and |

| DATE | TIMEKEEPER | HOURS | AMOUNT | DESCRIPTION |
| --- | --- | --- | --- | --- |
| | | | | Protective Order regarding disclosure of confidential materials; draft response letter to P. Duplessis. |