Charles S. LiMandri (CA Bar No. 110841)
Paul M. Jonna (CA Bar No. 265389)
Jeffrey M. Trissell (CA Bar No. 292480)
FREEDOM OF CONSCIENCE DEFENSE FUND
P.O. Box 9520
Rancho Santa Fe, CA 92067
Tel: (858) 759-9948
cslimandri@limandri.com

Harmeet K. Dhillon (CA Bar No. 207873)
Mark P. Meuser (CA Bar No. 231335)
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
415-433-1700
415-520-6593 (fax)
harmeet@dhillonlaw.com

*Attorneys for Defendants the Center for Medical Progress, BioMax Procurement Services, LLC, and David Daleiden*

Thomas Brejcha, *pro hac vice*
Peter Breen, *pro hac vice*
Matthew F. Heffron, *pro hac vice*
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680
tbrejcha@thomasmoresociety.org
pbreen@thomasmoresociety.org

*Attorneys for Defendant David Daleiden*

Patrick D. Duplessis (CA Bar No. 265384)
WHITMYER IP GROUP LLC
600 Summer Street
Stamford, CT 06901
Tel: (203) 703-0800
pduplessis@whipgroup. com

*Attorneys for Defendants the Center for Medical Progress and David Daleiden*

# UNITED STATES DISTRICT COURT,
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ABORTION FEDERATION (NAF),<br><br>Plaintiff,<br>vs.<br><br>THE CENTER FOR MEDICAL PROGRESS, BIOMAX PROCUREMENT SERVICES, LLC, DAVID DALEIDEN (aka "ROBERT SARKIS"), and TROY NEWMAN,<br><br>Defendants. | Case No. 3:15-cv-3522 (WHO)<br><br>Judge William H. Orrick, III<br><br>Defendants CMP, BioMax, and Daleiden's Objection to Plaintiff NAF's Bill of Taxable Costs<br><br>Location: Courtroom 2, 17th Floor |

## INTRODUCTION

Pursuant to Local Rule 54-2 and the Order Granting Second Stipulation re: Plaintiff's Bill of Costs (Dkt. 745), Defendants the Center for Medical Progress, BioMax Procurement Services, LLC and David Daleiden hereby object to Plaintiff National Abortion Federation's (NAF) Bill of Costs filed on September 18, 2020. (Dkt. 728.) Plaintiff requests $26,564.07 in costs. Plaintiff's Bill of Costs is objectionable for several reasons:

First, in reviewing Plaintiff's supporting documentation, numerous requested items are not recoverable as a matter of law or insufficiently justified. Second, Plaintiff has made no effort to apportion costs in light of its settlement with Defendant Newman. That settlement requires apportionment. Third, Plaintiff's limited success, and other equitable considerations, justifies a significant reduction of its requested costs. Accordingly, the Clerk should either deny Plaintiff's requests in toto or, in the alternative, only award those costs that are reasonable, necessary, and accurate.

## ARGUMENT

**1. Specific Cost Items Should Be Denied**

### 1.1.    Service of Process Costs

NAF is seeking $2,663.88 in service of process costs. *See* Dkt. 728, § 8.a (total); Dkt. 728-1, § a (chart); Dkt. 728-3 (invoices). However, "service of process" costs are only "allowable to the extent reasonably required[.]" (Civ. L.R. 54-3(a)(2).) Three invoices for service of process were canceled before service was attempted, totaling $872. *See* Dkt. 728-3 at 2 (A-1: $274), 4 (A-3: $384) 5 (A-4: $214). Service of process orders canceled before service was attempted cannot possibly be "reasonably required." Thus, at least $872 should be stricken.

Further, one of those orders is NAF seeking $274.00 for the abortive service of the complaint on Defendant Newman. *See* Dkt. 728-3 at 2 (A-1: $274). However, NAF settled with Defendant Newman and each side agreed to bear their own costs. *See* Dkt. 641. Thus, even if the Court does not strike 25% of NAF's costs as apportionable to Defendant Newman (*see*, *infra*, § 2), it should at least strike the cost of serving Defendant Newman. *See Ibrahim v. Dep't of Homeland Sec.*, No. C 06-00545 WHA, 2014 WL 1493541, at *3 (N.D. Cal. Apr. 16, 2014).

More problematically for NAF, the burden of establishing that these costs of service were "reasonably required" is its burden. *See, e.g.*, *Phoenix Techs. Ltd. v. VMWare, Inc.*, No. 15-CV-01414-HSG, 2018 WL 4700347, at *2 (N.D. Cal. Sept. 30, 2018). Thus, in *Saba*, this Court denied service of process costs "because Unisys has not presented adequate evidence that the fees for service of the Aetna subpoena were 'reasonably required[.]' " *Saba v. Unisys Corp.*, No. 14-CV-01310-WHO, 2015 WL 5357577, at *2–3 (Orrick, J.) (N.D. Cal. Sept. 14, 2015). The same result should occur here, denying all of the costs for NAF's failure to show they were "reasonably required." Thus, all $2,663.88 in service costs should be denied.

### 1.2. Deposition Transcription & Exhibit Costs

NAF is seeking $21,426.14 in deposition transcript/video recordings. NAF is also seeking $854.60 in costs for reproducing exhibits. *See* Dkt. 728, § 8.c. (total); Dkt. 728-1, § c. (chart); Dkt. 728-4 (invoices). Defendants do not object to these costs beyond the objections above that (1) costs should be denied or lowered to 1/11th due to limited success; and (2) costs should be lowered by 25% due to Defendant Newman's settlement. (*See*, *infra*, §§ 2, 3.)

### 1.3. Reproduction/exemplification Costs

NAF is seeking $1,620.45 in reproduction/exemplification costs under Civil Local Rule 54-3, subdivision (d)(2). *See* Dkt. 728, § 8.d. (total); Dkt. 728-1, § d. (chart); Dkt. 728-5 (invoices). The invoices reveal that NAF uniformly seeks costs of producing chambers copies for this Court. Dkt. 728-5. Subdivision (d)(2) provides that "[t]he cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable." (Civ. L.R. 54-3(d)(2).) However, under subdivision (d)(3), "[t]he cost of reproducing copies of motions, pleadings, notices, and other routine case papers is not allowable." (*Id.* at subd. (d)(3).) Thus, subdivision (d)(3) specifically preludes costs for reproduction or delivery of chambers copies. *Parrish v. Manatt, Phelps & Phillips, LLP*, No. C 10-03200 WHA, 2011 WL 1362112, at *1–2 (N.D. Cal. Apr. 11, 2011). All $1,620.45 should be denied.

### 2. Plaintiff's Costs Must Be Apportioned for Those They Agreed to Bear

On July 10, 2020, Plaintiff NAF and Defendant Newman moved to have him dismissed from this case, with "each bearing their own attorneys' fees and costs." Dkt. 641 at 2:9, 3:6, 4:18–19. On

July 21, 2020, this Court granted their motion, noting that "NAF and Newman will each bear their own attorneys' fees and costs." Dkt. 646 at 2:6–7.

Now, instead, NAF seeks to impose the costs it agreed to bear on the remaining Defendants instead. This Court should not allow that. *See Sheffer v. Experian Info. Sols., Inc.*, 290 F. Supp. 2d 538, 545 (E.D. Pa. 2003) (apportioning costs for which settling defendant would be liable, and reducing costs award accordingly); *Ortho-McNeil Pharm., Inc. v. Mylan Lab'ys Inc.*, 569 F.3d 1353, 1358 (Fed. Cir. 2009) ("Although Teva did not actually pay costs to Daiichi in cash, the taxable costs in the New Jersey action (including deposition costs) were unquestionably taken into account by the parties' settlement, in which Daiichi agreed not to seek actual payment of costs as consideration for Teva foregoing its appeal. Having recovered the value of those costs in the form of the foregone appeal, Daiichi cannot now recover more than its total entitlement by obtaining those same costs again from Mylan."); *Ibrahim*, 2014 WL 1493541, at *3 (N.D. Cal. Apr. 16, 2014) ("Costs for serving these individuals and entities are not taxable herein because these individuals settled out long ago. Plaintiff and the settling defendants *agreed* to bear their own costs.")

This Court should lower NAF's cost request by 25% to approximate the costs for which Defendant Newman would be liable, and which NAF expressly agreed to bear on its own.

### 3. Plaintiff's Costs Should Be Denied Due to Equitable Factors

The Ninth Circuit has held that "it is within the discretion of a district court to require each party to bear its own costs," when there is a mix of successful and unsuccessful claims. *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir.1996). Additionally, "like non-taxable litigation expenses, the Court may reduce an award of taxable costs to reflect only partial success." *Pierce v. Cty. of Orange*, 905 F. Supp. 2d 1017, 1049 (C.D. Cal. 2012) (citation omitted). *See Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 902 (9th Cir. 1995) ("[A] plaintiff's failure to prevail on a particular claim is no less a failure because it results from a dismissal on the law, rather than on the facts, or when it is the plaintiff, rather than the court, who dismisses the claim"). In this case, Plaintiff's costs should be reduced to reflect Plaintiff's limited success.

As discussed in detail in Defendants' accompanying Opposition to Plaintiff's Fee Motion, incorporated expressly herein, Plaintiff's costs are disproportionate to its degree of success.

Specifically, over the years, Plaintiff's claims were winnowed down—with Plaintiff dismissing all but one of its claims, and seeking no monetary damages.

In determining whether to reduce or deny costs, the Ninth Circuit has held that the court should consider the following non-exclusive grounds:

> (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing high costs on future civil rights litigants, as well as (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance.

*Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888–89 (9th Cir. 2010) (cleaned up), *abrogated on other grounds by Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 417–419 (2014).

In regards to ground (1)—a losing party's limited financial resources—the Ninth Circuit has held that a factor for consideration was whether "there is great economic disparity between [parties], who are individuals and 'small nonprofit educational organizations,' and the State of California," or a wealthy party. *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 592 (9th Cir. 2000); *see also Nat'l Org. for Women v. Bank of Cal.*, 680 F.2d 1291, 1294 (9th Cir. 1982); *Wrighten v. Metro. Hosps., Inc.*, 726 F.2d 1346, 1358 (9th Cir. 1984); *Moore v. Hughes Helicopters, Inc.*, 708 F.2d 475, 486 (9th Cir. 1983). An opinion from the Northern District recently took into consideration that the prevailing party was "a multi-national corporation that generated $18.6 billion in revenue and pocketed $3.9 billion in profit (after taxes) last year, with comparable revenues and profits in prior years," while the losing parties were individuals with limited resources. *Slaight v. Tata Consultancy Servs.*, No. 15-cv-01696-YGR, 2019 U.S. Dist. LEXIS 141425, at *33-34 (N.D. Ca. Aug. 20, 2019).

As to ground (7)—whether the case presented a landmark issue of national importance—"a case is considered to be of great importance when the claims involved are subject to closer scrutiny or special interest by the court, or the issues raised in the litigation have ramifications beyond the parties and concerns immediately involved in the litigation." *Ayala v. Pac. Mar. Ass'n*, No. C08-0119 TEH, 2011 U.S. Dist. LEXIS 143802, *9-10 (N.D. Ca. Dec. 14, 2011).

Here, the Defendants consist of individuals and non-profit organizations with limited resources. However, Plaintiff National Abortion Federation is an international association of abortion providers. There is a wide economic disparity between the Plaintiff and the Defendants warranting an equitable denial of costs. Additionally, this case presents landmark issues of national importance—it will have ramifications for the First Amendment freedoms of journalists as well as the jurisprudence of free speech in general.

Although the Defendants may not have prevailed in this action, they litigated in good faith to defend their First Amendment rights to journalism and exposure of criminal activity. With these above factors combined, Defendants argue that equitable factors overcome the presumption that costs should be awarded to the Plaintiff. All of Plaintiff's requested costs should be denied or, in the alternative, Plaintiff should be permitted only 1/11th of its costs—representing the sole claim that survived to judgment.

## CONCLUSION

Based on the foregoing objections, Defendants respectfully request that Plaintiff's Bill of Costs be denied in its entirety. In the alternative, Defendants request that it be reduced to reflect Plaintiff's partial success. Defendants further request that any unnecessary, unreasonable, or inaccurate amounts be stricken as described above.

Respectfully submitted,

/s/ Charles S. LiMandri
Charles S. LiMandri (CA Bar No. 110841)
Paul M. Jonna (CA Bar No. 265389)
Jeffrey M. Trissell (CA Bar No. 292480)
FREEDOM OF CONSCIENCE DEFENSE FUND
P.O. Box 9520
Rancho Santa Fe, CA 92067
Tel: (858) 759-9948
Facsimile: (858) 759-9938
cslimandri@limandri.com
pjonna@limandri.com
jtrissell@limandri.com

*Attorneys for Defendants the Center for Medical Progress, BioMax Procurement Services, LLC, and David Daleiden*

Thomas Brejcha, *pro hac vice*
Peter Breen, *pro hac vice*
Matthew F. Heffron, *pro hac vice*
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680
Facsimile: (312) 782-1887
tbrejcha@thomasmoresociety.org
pbreen@thomasmoresociety.org
mheffron@thomasmoresociety.org

*Attorneys for Defendant David Daleiden*

Harmeet K. Dhillon (CA Bar No. 207873)
Mark P. Meuser (CA Bar No. 231335)
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
415-433-1700
415-520-6593 (fax)
harmeet@dhillonlaw.com
mmeuser@dhillonlaw.com

*Attorneys for Defendants the Center for Medical Progress, BioMax Procurement Services, LLC, and David Daleiden*

Patrick D. Duplessis (CA Bar No. 265384)
WHITMYER IP GROUP LLC
600 Summer Street
Stamford, CT 06901
Tel: (203) 703-0800
pduplessis@whipgroup.com

*Attorneys for Defendants the Center for Medical Progress and David Daleiden*