**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONAL ABORTION FEDERATION,<br><br>            Plaintiff-Appellee,<br><br> v.<br><br>CENTER FOR MEDICAL PROGRESS;<br>BIOMAX PROCUREMENT SERVICES,<br>LLC; DAVID DALEIDEN, AKA Robert<br>Daoud Sarkis,<br><br>            Defendants-Appellants,<br><br> and<br><br>TROY NEWMAN,<br><br>            Defendant. | No.    21-15953<br><br>D.C. No. 3:15-cv-03522-WHO<br><br><br>MEMORANDUM* |
| NATIONAL ABORTION FEDERATION,<br><br>            Plaintiff-Appellee,<br><br> v.<br><br>STEVEN COOLEY; BRENTFORD J.<br>FERREIRA, | No.    21-15955<br><br>D.C. No. 3:15-cv-03522-WHO |

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellants,

CENTER FOR MEDICAL PROGRESS;
BIOMAX PROCUREMENT SERVICES,
LLC; DAVID DALEIDEN, AKA Robert
Daoud Sarkis; TROY NEWMAN,

Defendants.

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted August 9, 2022
Anchorage, Alaska

Before:  S.R. THOMAS, McKEOWN, and CLIFTON, Circuit Judges.

The Center for Medical Progress ("CMP"), Biomax Procurement Services,

LLC ("Biomax"), and David Daleiden (aka "Robert Sarkis") (collectively

"Defendants") appeal from the district court's final judgment granting summary

judgment to the National Abortion Federation ("NAF") and entering a permanent

injunction in favor of NAF.  CMP and Daleiden, along with appellants Steven

Cooley and Brentford J. Ferreira, who represent Daleiden in a related state criminal

case, also appeal from the district court's orders holding them in civil contempt for

violation of the preliminary injunction and setting the civil contempt sanctions

amount.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  Because the parties

are familiar with the factual and procedural history of the case, we need not recount it here.  We affirm.[1]

1.    There is subject matter jurisdiction over NAF's state law claims under 28 U.S.C. § 1332.  A prior panel has already considered and rejected Appellants' argument that NAF lacks complete diversity.  *Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, 793 F. App'x 482, 484 n.1 (9th Cir. 2019) (noting that it had "considered the issue and conclude[d] that diversity jurisdiction properly existed"). This determination is the law of the case.  *See Hanna Boys Ctr. v. Miller*, 853 F.2d 682, 686 (9th Cir. 1988).

2.    NAF's breach of contract claim is not barred by claim preclusion because NAF is not in privity with the plaintiffs in *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 214 F. Supp. 3d 808 (N.D. Cal. 2016), *aff'd*, 890 F.3d 828 (9th Cir. 2018), *amended*, 897 F.3d 1224 (9th Cir. 2018), *and aff'd*, 735 F. App'x 241 (9th Cir. 2018), for purposes of res judicata.[2] *See United States v. Schimmels* (*In re* Schimmels), 127 F.3d 875, 881 (9th Cir. 1997).

---

[1] Defendants' motion to supplement the record and motion for judicial notice are granted (Case No. 21-15953, Docket No. 21).

[2] By failing to specifically and distinctly argue that the district court incorrectly applied issue preclusion, Defendants forfeited this argument.  *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

3.     The district court did not err in entering a permanent injunction in favor of NAF.[3]

a.     The Supreme Court has held that First Amendment rights may be waived upon clear and convincing evidence that the waiver is knowing, voluntary, and intelligent.  *See Janus v. Am. Fed'n of State, Cnty., & Mun. Emps. Council 31*, 138 S. Ct. 2448, 2486 (2018); *see also Leonard v. Clark*, 12 F.3d 885, 889–90 (9th Cir. 1993), *as amended* (Mar. 8, 1994). Defendants knowingly, voluntarily, and intelligently waived any First Amendment rights in disclosing the information they obtained at the NAF conferences by signing the agreements with NAF.  Daleiden voluntarily signed the agreements, and testified that he was familiar with the contents. The agreements unambiguously prohibited him from making records, disclosing recordings, and from disclosing any information he received from NAF.  His waiver of First Amendment rights was demonstrated by clear and convincing evidence.

---

[3] Defendants forfeited any argument that the district court abused its discretion in entering an unjustified permanent injunction in favor of NAF. "We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review." *Greenwood*, 28 F.3d at 977.

   b. The permanent injunction does not interfere with Daleiden's Sixth Amendment rights.  The district court repeatedly stated that the federal court would not interfere with the state court's determinations regarding what information will become publicly available or disclosed in connection with the criminal proceedings.

   c. Daleiden's breach of contract claim and the resulting permanent injunction are not preempted by the Copyright Act.  *See Grosso v. Miramax Film Corp.*, 383 F.3d 965, 968 (9th Cir. 2004), *amended on denial of reh'g*, 400 F.3d 658 (9th Cir. 2005).  The injunction does not conflict with any part of the statute.

  4. The district court did not abuse its discretion by denying Defendants' motion to disqualify the district judge.  Defendants failed to demonstrate that a reasonable person would believe that the district judge's impartiality could be questioned.  *See United States v. Hernandez*, 109 F.3d 1450, 1453–54 (9th Cir. 1997) (per curiam) (setting forth standard of review and discussing standard for recusal under 28 U.S.C. §§ 144 and 455).

  5. The district court did not abuse its discretion by holding Daleiden and CMP in contempt of the preliminary injunction. To do so, a court must find "by clear and convincing evidence that the contemnors violated a specific and definite

5

order of the court." *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (citation omitted).  The district court did not err in finding that Daleiden created a video containing the enjoined footage and uploaded that video to CMP's YouTube channel.

6.      The district court did not err in holding Cooley and Ferreira in contempt.

a.      Cooley and Ferreira were bound by the preliminary injunction, as Daleiden's attorneys, agents, and as parties in active concert or participation with Daleiden.  Fed. R. Civ. P. 65(d)(2)(A)–(C).

b.      Cooley and Ferreira received adequate notice.  *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005).  They were apprised of the possibility of civil sanctions in late May, and the contempt hearing was held in mid-July. They had approximately six weeks to prepare. Shortly before the hearing, they were informed that the district judge was only considering civil sanctions.

c.      Cooley and Ferreira were subject to civil sanctions—not criminal ones. A prior panel determined that the contempt sanctions entered against Cooley and Ferreira were civil contempt sanctions, and that determination is the law of the case.  *Nat'l Abortion Fed'n v. Ctr. for Med.*

6

*Progress*, 926 F.3d 534, 538 (9th Cir. 2019).  Thus, they were not entitled to procedural safeguards beyond notice and an opportunity to be heard.  *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994).

  d. *Younger* abstention is not applicable to this case.  The district court's contempt order has neither the actual nor the practical effect of enjoining the state court prosecution of Daleiden.  *See ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014); *Gilbertson v. Albright*, 381 F.3d 965, 977–78 (9th Cir. 2004) (en banc).

  e. Cooley and Ferreira do not fall within the "narrow circumstances" that would permit them to contest the legality of the underlying injunction by disobeying it.  *Irwin v. Mascott*, 370 F.3d 924, 931 (9th Cir. 2004).

  f. The district court did not err in concluding that Cooley and Ferreira did not have an objectively reasonable basis for believing that the injunction did not apply to them.  *See Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801–02 (2019).

**AFFIRMED**

7