CAITLIN SINCLAIRE BLYTHE (CA SBN 265024)
CBlythe@mofo.com
KAREN LEUNG (CA SBN 323029)
KLeung@mofo.com
MORRISON FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff
NATIONAL ABORTION FEDERATION (NAF)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ABORTION FEDERATION (NAF),<br><br>Plaintiff,<br><br>v.<br><br>THE CENTER FOR MEDICAL PROGRESS, *et al.*,<br><br>Defendants. | Case No. 3:15-cv-03522-WHO<br><br>Judge William H. Orrick<br><br>**NATIONAL ABORTION FEDERATION APPLICATION FOR ATTORNEYS' FEES FROM CONTEMNORS COOLEY & FERREIRA AND MEMORANDUM IN SUPPORT**<br><br>Date:   March 27, 2024<br>Time:   2:00 pm |

# TABLE OF CONTENTS

|  | Page |
|---|---|
| NOTICE OF MOTION AND MOTION | 1 |
| INTRODUCTION | 2 |
| BACKGROUND | 2 |
|   A.  Factual Background | 2 |
|     1.  NAF strives to ensure the security and safety of its members | 2 |
|     2.  Daleiden infiltrates NAF's private meetings and launches a smear campaign against NAF's members | 3 |
|   B.  Procedural History | 3 |
|     1.  NAF files suit and obtains a preliminary injunction | 3 |
|     2.  Cooley and Ferreira violate the preliminary injunction | 4 |
|     3.  This Court issues an order to show cause and holds a contempt hearing | 4 |
|     4.  This Court holds Cooley and Ferreira in civil contempt | 5 |
|     5.  The Ninth Circuit dismisses interlocutory appeals from the contempt and sanctions orders | 6 |
|     6.  The Ninth Circuit affirms the contempt and sanctions orders against Cooley and Ferreira | 6 |
|     7.  The Ninth Circuit refers NAF's request for attorneys' fees to this Court | 8 |
|     8.  The Supreme Court denies Cooley and Ferreira's petition for a writ of certiorari | 8 |
| ARGUMENT | 8 |
| I.  NAF IS ENTITLED TO RECOVER ITS REASONABLE ATTORNEYS' FEES ON APPEAL | 8 |
|   A.  NAF is entitled to recover its reasonable appellate attorneys' fees because it prevailed on appeal from an award of attorneys' fees for civil contempt | 8 |
|   B.  NAF is entitled to its reasonable appellate attorneys' fees because Cooley and Ferreira's appeal was frivolous | 10 |
| II.  NAF INCURRED $239,174 IN REASONABLE ATTORNEYS' FEES IN CONNECTION WITH THE APPEAL | 10 |
|   A.  The rates of NAF's counsel are reasonable | 11 |
|   B.  The hours of NAF's counsel are reasonable | 12 |
| CONCLUSION | 13 |

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Banas v. Volcano Corp.*,
   47 F. Supp. 3d 957 (N.D. Cal. 2014) .................................................................................. 11

*Camacho v. Bridgeport Fin., Inc.*,
   523 F.3d 973 (9th Cir. 2008) ................................................................................................ 8

*Chalmers v. City of L.A.*,
   796 F.2d 1205 (9th Cir. 1986) ............................................................................................ 11

*Close v. Sotheby's Inc.*,
   909 F.3d 1204 (9th Cir. 2018) ............................................................................................ 11

*Crane v. Gas Screw Happy Pappy*,
   367 F.2d 771 (7th Cir. 1966) ................................................................................................ 8

*Democratic Party of Wash. State v. Reed*,
   388 F.3d 1281 (9th Cir. 2004) ............................................................................................ 12

*In re DiBattista*,
   33 F.4th 698 (2d Cir. 2022) ............................................................................................ 9, 10

*Fed. Trade Comm'n v. Enforma Nat. Prods., Inc.*,
   362 F.3d 1204 (9th Cir. 2004) .............................................................................................. 5

*In re General Motors Corp.*,
   110 F.3d 1003 (4th Cir. 1997) .............................................................................................. 9

*Hiken v. Dep't of Def.*,
   836 F.3d 1037 (9th Cir. 2016) ............................................................................................ 10

*Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*,
   774 F.3d 935 (9th Cir. 2014) ................................................................................................ 9

*Kerr v. Screen Extras Guild, Inc.*,
   526 F.2d 67 (9th Cir. 1975) ................................................................................................ 11

*Legal Voice v. Stormans Inc.*,
   757 F.3d 1015 (9th Cir. 2014) .............................................................................................. 8

*Liberis v. Craig*,
   845 F.2d 326, 1988 WL 37450 (6th Cir. 1988) (unpublished) ............................................. 9

*Mickwee v. Hsu*,
   753 F.2d 770 (9th Cir. 1985) ................................................................................................ 9

*Moreno v. City of Sacramento*,
   534 F.3d 1106 (9th Cir. 2008).................................................................................................. 12

*N.L.R.B. v. Catalina Yachts*,
   679 F.2d 180 (9th Cir. 1982)..................................................................................................... 10

*Nat'l Abortion Fed'n v. Ctr. for Med. Progress*,
   685 F. App'x 623 (9th Cir. 2017), *cert. denied*,
   Nos. 17-202, 17-482 (U.S. Apr. 2, 2018).................................................................................... 3

*Nat'l Abortion Fed'n v. Ctr. For Med. Progress*,
   926 F.3d 534 (9th Cir. 2019)............................................................................................ 6, 7, 10

*Nat'l Abortion Fed'n v. Ctr. for Med. Progress*,
   Nos. 21-15953, 21-15955, 2022 WL 3572943 (9th Cir. Aug. 19, 2022).............................. 7, 9

*Nat'l Fam. Farm Coal. v. U.S. Env't Prot. Agency*,
   29 F.4th 509 (9th Cir. 2022) ..................................................................................................... 11

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
   613 F. Supp. 3d 1190 (2020).................................................................................................... 11

*Taggart v. Lorenzen*,
   139 S. Ct. 1795 (2019)................................................................................................................ 7

*Twin City Sportservice, Inc. v. Charles O. Finley & Co.*,
   676 F.2d 1291 (9th Cir. 1982).................................................................................................. 12

*United States v. Bright*,
   596 F.3d 683 (9th Cir. 2010)...................................................................................................... 9

*Weitzman v. Stein*,
   98 F.3d 717 (2d Cir. 1996).......................................................................................................... 9

**Rules**

Fed. R. Civ. P. 65(d)(2)(A)-(C)......................................................................................................... 7

Fed. R. App. P. 38 ........................................................................................................................... 10

**NOTICE OF MOTION AND MOTION**

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 27, 2024 at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 2 of the Honorable William H. Orrick III at the United States District Court for the Northern District of California, 17th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, Plaintiff National Abortion Federation (NAF) will and hereby move for an order awarding them their reasonable attorneys' fees. This motion is based on the following memorandum of points and authorities, the accompanying declaration of Caitlin Sinclaire Blythe, and all pleadings and records on file in this action.

In this motion, Plaintiff requests that the Court award Plaintiff a total of $239,174 in reasonable attorneys' fees incurred on its behalf.

As required by Civil Local Rule 54-5(a), the parties met and conferred regarding this request on February 20, 2021, but were unable to agree on the amount of fees NAF should be awarded.

Dated: February 21, 2024                     MORRISON FOERSTER LLP

                                             By: /s/ Caitlin Sinclaire Blythe
                                                 CAITLIN SINCLAIRE BLYTHE

                                             Attorneys for Plaintiff
                                             NATIONAL ABORTION FEDERATION

# INTRODUCTION

Plaintiff National Abortion Federation ("NAF") prevailed on appeal by showing that this Court properly imposed civil contempt sanctions against appellants Steven Cooley and Brentford Ferreira after they flagrantly violated a preliminary injunction. As NAF showed, and as the Ninth Circuit held, this Court properly awarded civil sanctions to compensate NAF for its out-of-pocket expenses and attorneys' fees incurred on its behalf as a direct result of the violation of the injunction. NAF now seeks to recover the reasonable attorneys' fees incurred on its behalf on appeal. These fees were incurred as a direct result of a violation of a preliminary injunction. It is well settled that a prevailing party may obtain appellate fees in just these circumstances.

As detailed in the Declaration of Caitlin Sinclaire Blythe and the daily time records attached to that declaration, NAF seeks to recover $239,174 in attorneys' fees incurred on its behalf on the Ninth Circuit appeal. That amount reflects substantial discretionary downward adjustments from the actual fees incurred on NAF's behalf, and represents reasonable fees that are in line with prevailing community standards.

# BACKGROUND

## A. Factual Background

### 1. NAF strives to ensure the security and safety of its members

NAF is a non-profit professional association of abortion providers. (ECF No. 1 at 4.) It holds annual meetings where it provides continuing education and training related to abortion. (*Id.* at 3-4.) Because of a long and well-documented history of harassment, threats, violence, and intimidation against its members, NAF's annual meetings are subject to strict privacy and security measures. (*Id.* at 3-4, 16-18, 54; ECF No. 3-2; ECF No. 354 at 17.)

Among other things, NAF requires all meeting attendees to sign confidentiality agreements as a condition of entry. (ECF No. 1 at 21.) All attendees agree that they "are prohibited from making video, audio, photographic, or other recordings of the meetings or discussions at this conference," may not use any information "distributed or otherwise made available" at the conference "in any manner inconsistent with" the meeting's purpose, and may not disclose any such information to third parties without first obtaining NAF's express written

consent. (*Id.*)

All exhibitors also sign an additional contract, agreeing to hold "in trust and confidence any confidential information received in the course of exhibiting" at NAF's meetings. (*Id.* at 20 (emphasis omitted).) They represent that they have a legitimate "business interest in reaching reproductive-health-care professionals," (*id.* at 19); agree to identify their businesses "truthfully" and "accurately" (*id.* at 20); and promise to keep "any information which is disclosed orally or visually" to exhibitors "confidential" or face "civil and/or criminal penalties," (*id.* (emphasis omitted)). Exhibitors expressly agree that any breach may be remedied by "injunctive relief." (*Id.*)

### 2. Daleiden infiltrates NAF's private meetings and launches a smear campaign against NAF's members

David Daleiden and other members of his anti-abortion advocacy organization, Center for Medical Progress ("CMP"), infiltrated NAF's 2014 and 2015 annual meetings by posing as representatives of a fake tissue procurement company. (ECF No. 27 at 2.) Before entering the meetings, they signed both the attendee confidentiality agreements and exhibitor contracts. (*Id.*) Once inside, they secretly recorded more than 500 hours of footage and stole a variety of confidential materials. (ECF No. 156-6 at 2-3.) On camera, Daleiden and his associates tried to talk attendees into potentially illegal fetal tissue sales but were rebuffed at every turn. (ECF No. 354 at 8-13.) Undeterred, CMP began distributing misleadingly edited videos about meeting attendees, causing an unprecedented spike in harassment and violence against NAF members. (*Id.* at 14-18.)

### B. Procedural History

#### 1. NAF files suit and obtains a preliminary injunction

To protect its members and preserve the integrity of its meetings, NAF filed suit for breach of contract and other causes of action. (ECF No. 1.) This Court granted a preliminary injunction enjoining CMP and Daleiden from disclosing the stolen information, (ECF No. 354 at 1, 42), and the Ninth Circuit affirmed. *Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, 685 F. App'x 623 (9th Cir. 2017), *cert. denied*, Nos. 17-202, 17-482 (U.S. Apr. 2, 2018).

### 2. Cooley and Ferreira violate the preliminary injunction

Less than three weeks after the Ninth Circuit affirmed the preliminary injunction, Cooley and Ferreira—attorneys Daleiden hired to represent him in connection with state criminal proceedings—purposefully violated it. Shortly after midnight on May 25, 2017, a "media" page on Cooley and Ferreira's website, Steve Cooley & Associates ("SCA"), went live. (ECF No. 482 at 5; ECF No. 417-3 at 1.) It stated that NAF's "civil suit resulted in an injunction . . . preventing David from posting any videos taken at the 2014 and 2015 NAF conventions held in San Francisco and preventing David from naming or otherwise identifying anyone he filmed at those conferences." (ECF No. 417-3 at 2.) Cooley and Ferreira's "media" page then disclosed precisely those materials. (ECF No. 417-3.) The materials included a three minute long "Preview" video containing clips recorded at NAF's annual meetings, the names of NAF conference attendees, a link to a CMP YouTube playlist of videos taken at NAF conferences, and a link to a demurrer Cooley and Ferreira had publicly filed on Daleiden's behalf in state court that itself linked to 334 videos covered by the preliminary injunction. (*See* ECF No. 482 at 5; ECF No. 417-3 at 1.)

### 3. This Court issues an order to show cause and holds a contempt hearing

On May 25, 2017, this Court issued an order directing the immediate removal of all enjoined materials. (ECF No. 409.) The same order directed Cooley and Ferreira to show cause why they should not be held in contempt and scheduled a hearing on contempt. (*Id.*)

The following week, NAF filed its response to the order to show cause, requesting, *inter alia*, "compensatory damages flowing from this contumacious breach." (ECF No. 417 at 19-20.) Cooley and Ferreira submitted a written response arguing that because NAF sought both civil and criminal sanctions, this Court would have to hold criminal contempt proceedings. (ECF No. 448 at 6.)

The day before the hearing, this Court issued an order laying out its understanding of the timeline of relevant events as detailed in the parties' briefs and asked that the parties be prepared to "correct any oversights in my understanding of the timeline of events or the facts regarding

NAF APPLICATION FOR ATTORNEYS' FEES FROM CONTEMNORS AND MEM. IN SUPPORT
CASE NO. 3:15-CV-03522-WHO
sf-5688121

4

|   |   |
|---|---|
| 1 | those events." (ECF No. 468 at 3.) The order also stated that the Court was "only considering |
| 2 | civil, not criminal, contempt in this matter at this juncture." (*Id.* at 1.) |
| 3 | On July 11, 2017, the Court held a contempt hearing. (ECF No. 473.) At the hearing, |
| 4 | Cooley and Ferreira refused to answer this Court's questions. (Exhibit 4.) They did not "offer |
| 5 | [any] material disagreement to the timeline or the evidence offered by NAF." (ECF No. 482 at |
| 6 | 8.) Nor did they invoke any Fifth Amendment privilege against self-incrimination. (Ex. 4.) |
| 7 | Instead, laying no foundation, Cooley and Ferreira made a blanket assertion of attorney-client |
| 8 | privilege and work-product protection in response to each of the Court's questions. (*Id.*) |

### 4. This Court holds Cooley and Ferreira in civil contempt

This Court issued a twenty-four-page order holding Cooley, Ferreira, CMP, and Daleiden in contempt. The Court found that "NAF presented clear and convincing direct and circumstantial evidence showing that CMP and Daleiden violated the PI by uploading and disclosing PI materials to CMP's YouTube channel." (ECF No. 482 at 11.) The Court also found that "NAF presented additional clear and convincing evidence that Cooley and Ferreira acting on behalf of Daleiden, violated the PI by posting PI material on the SCA Media Page, and including publicly accessible links to PI materials hosted on CMP's YouTube channel in their court filings." (*Id.*)

Because of NAF's clear and convincing showing, the burden shifted to Cooley and Ferreira "to prove that they did not violate the PI." (*Id.* (citing *Fed. Trade Comm'n v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004)).) Yet, "[i]nstead of addressing [this Court's] specific and narrow questions about their respective roles in the creation, uploading, and posting of the PI materials, each of them refused to answer any of [the court's] questions." (ECF No. 482 at 11.) The Court thus held Cooley and Ferreira "IN CIVIL CONTEMPT for violating the clear mandate of the Preliminary Injunction Order, due to . . . conduct each of them facilitated, conducted, or directed." (*Id.* at 21.)

The Court ordered Cooley and Ferreira (along with Daleiden and CMP) to compensate NAF for its security costs, personnel time, and attorneys' fees incurred as a result of the violations. (*Id.* at 22-23.) The Court held all of the contemnors jointly and severally liable for

these monetary sanctions. (*Id.* at 22.)

### 5. The Ninth Circuit dismisses interlocutory appeals from the contempt and sanctions orders

Cooley, Ferreira, CMP, and Daleiden immediately appealed the district court's contempt order. (ECF Nos. 492, 496.) In a published opinion, the Ninth Circuit dismissed the consolidated appeals for lack of jurisdiction. *See Nat'l Abortion Fed'n v. Ctr. For Med. Progress*, 926 F.3d 534 (9th Cir. 2019) ("NAF II").

The Ninth Circuit explained that Daleiden and CMP could not appeal until after final judgment because parties cannot immediately appeal civil contempt sanctions and "the contempt sanctions imposed here are plainly civil in nature." *Id.* at 538. In finding the sanctions to be civil, the court emphasized that they "were made payable to NAF, not the court, and they compensate NAF only for the expenses it incurred as a direct result of Daleiden's and CMP's sanctionable conduct." *Id.*

As for Cooley and Ferreira, the Ninth Circuit acknowledged that, since they "are not parties to the underlying action, a civil contempt sanction imposed against them would ordinarily be deemed a final judgment subject to immediate appeal." *Id.* But because "[t]he interests of Cooley and Ferreira are substantially congruent with those of Daleiden and CMP," they too had to "wait until after entry of final judgment to obtain review of the contempt sanctions imposed against them." *Id.* at 539.

### 6. The Ninth Circuit affirms the contempt and sanctions orders against Cooley and Ferreira

After this Court entered final judgment, Cooley and Ferreira again appealed the contempt order. (ECF No. 737.) Cooley and Ferreira challenged the order on no fewer than six meritless grounds. (9th Cir. No. 21-15955, ECF No. 12 at 27-59.) They argued that they lacked notice that civil contempt sanctions would be imposed (even though both NAF and this Court gave them notice), that they were deprived of procedures required to impose criminal contempt sanctions (even though the Ninth Circuit had already held the sanctions were purely civil), that they were not bound by the preliminary injunction (even though Rule 65 expressly says otherwise), that the

preliminary injunction violates the First and Sixth Amendment (even though the preliminary injunction had already been affirmed), that *Younger* abstention prohibited this Court from holding them in contempt (even though this Court's order does not actually or effectively enjoin any pending state court proceedings), and that they believed in good faith that the injunction did not apply to them (even though subjective good faith is not a defense to civil contempt). (*Id.*)

In a memorandum decision, the Ninth Circuit affirmed. It held that "[t]he district court did not err in holding Cooley and Ferreira in contempt." *Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, Nos. 21-15953, 21-15955, 2022 WL 3572943, at *2 (9th Cir. Aug. 19, 2022).

In doing so, the court rejected Cooley and Ferreira's myriad arguments.

- The court explained that, contrary to their contention, "Cooley and Ferreira were bound by the preliminary injunction, as Daleiden's attorneys, agents, and as parties in active concert or participation with Daleiden." *Id.* (citing Fed. R. Civ. P. 65(d)(2)(A)-(C)).
- The court also held that "Cooley and Ferreira received adequate notice" of the contempt proceedings because "[t]hey were apprised of the possibility of civil sanctions in late May, and the contempt hearing was held in mid-July." *Id.*
- The court rejected Cooley and Ferreira's argument that the sanctions entered against them were criminal in nature because "[a] prior panel determined that the contempt sanctions entered against Cooley and Ferreira were civil contempt sanctions, and that determination is the law of the case." *Id.* (citing *NAF II*, 926 F.3d at 538).
- The court also dismissed Cooley and Ferreira's reliance on *Younger* abstention, explaining that "[t]he district court's contempt order has neither the actual nor the practical effect of enjoining the state court prosecution of Daleiden." *Id.*
- The court further held that appellants could not "contest the legality of the underlying injunction by disobeying it." *Id.*
- And finally, the court held that "[t]he district court did not err in concluding that Cooley and Ferreira did not have an objectively reasonable basis for believing that the injunction did not apply to them." *Id.* (citing *Taggart v. Lorenzen*, 139 S. Ct. 1795,

1801-02 (2019)).

**7. The Ninth Circuit refers NAF's request for attorneys' fees to this Court**

NAF filed a timely motion in the Ninth Circuit for the reasonable attorney fees it had incurred on appeal. (*See* 9th Cir. No. 21-15955, ECF No. 61.)  The Ninth Circuit then referred that request to this Court.  (*Id.*; ECF No. 74); *see* Ninth Circuit Rule 39-1.8.

**8. The Supreme Court denies Cooley and Ferreira's petition for a writ of certiorari**

While NAF's fee motion was pending in the Ninth Circuit, Cooley and Ferreira filed a petition for a writ of certiorari in the Supreme Court. *Cooley v. Nat'l Abortion Fed'n*, No. 22-1161 (S. Ct. May 18, 2023).  NAF waived its right to file a response, and the Supreme Court did not request one before denying the petition. *Cooley v. Nat'l Abortion Fed'n*, No. 22-1161 (S. Ct. Oct. 2, 2023).

## ARGUMENT

### I. NAF IS ENTITLED TO RECOVER ITS REASONABLE ATTORNEYS' FEES ON APPEAL

**A. NAF is entitled to recover its reasonable appellate attorneys' fees because it prevailed on appeal from an award of attorneys' fees for civil contempt**

"Generally, a party that is entitled to an award of attorneys' fees in the district court is also entitled to an award of attorneys' fees on appeal." *Legal Voice v. Stormans Inc.*, 757 F.3d 1015, 1016 (9th Cir. 2014).  "This is so because it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008).

Consistent with this rule, a party may recover attorneys' fees incurred on appeal for defending a civil contempt award that included a grant of attorneys' fees. *See, e.g.*, *Crane v. Gas Screw Happy Pappy*, 367 F.2d 771, 774-75 (7th Cir. 1966) ("The flagrant and contumacious character of the appellant's defiance of the court's orders makes it appropriate that appellee be reimbursed for items of expenses necessarily incurred on appeal to this Court in defending the contempt adjudication of the District Court.").  This also follows from the purpose of civil

contempt, which is to "compensate the contemnor's adversary for the injuries which result from the noncompliance." *United States v. Bright*, 596 F.3d 683, 695-96 (9th Cir. 2010) (citation omitted). Because fees incurred in a contempt appeal would not have been incurred had the contemnors complied with the court order, they are compensable losses caused by the contumacious conduct. *See, e.g.*, *In re DiBattista*, 33 F.4th 698, 703 (2d Cir. 2022) (the "contempt power encompasses the authority to 'compensate the complainant for losses stemming from the defendant's noncompliance with an injunction,' – even if those losses take the form of appellate litigation fees" (citation omitted)); *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 958 (9th Cir. 2014) ("Plaintiffs are entitled to recover attorney's fees and costs incurred in bringing and prosecuting these contempt proceedings"); *Weitzman v. Stein*, 98 F.3d 717, 720-21 (2d Cir. 1996) (noting that "none of [the appeal] would have been necessary" if the order had been obeyed); *In re Gen. Motors Corp.*, 110 F.3d 1003, 1006 (4th Cir. 1997) (observing that contemnor "may have had to pay less . . . if he had not followed an ill-advised policy of contesting each and every aspect of this contempt proceeding"); *Liberis v. Craig*, 845 F.2d 326, 1988 WL 37450, at *7 (6th Cir. 1988) (unpublished) ("Plaintiffs' unsuccessful appeals of the civil contempt order forced the trustee to incur expenses in defending the court's order. The trustee's appellate expenses stemmed directly from plaintiffs' intentional disregard of the initial order of the bankruptcy court.").

Here, this Court held Cooley and Ferreira in civil contempt, entering an award in NAF's favor that included an award of reasonable attorneys' fees based on Cooley and Ferreira's willful violation of the Court's injunction. (ECF No. 482.) Cooley and Ferreira appealed that award, challenging it on no fewer than six grounds. (9th Cir. No. 21-15955, ECF No. 12 at 27-59.) NAF prevailed on appeal in all respects. *See NAF*, 2022 WL 3572943, at *2. NAF should therefore recover the reasonable attorneys' fees incurred on its behalf on appeal to prevent the appeal from "substantially diminish[ing] the value of the award made in the trial court," *Mickwee v. Hsu*, 753 F.2d 770, 770-71 (9th Cir. 1985), and because none of these appellate fees "would have been necessary" had Cooley and Ferreira obeyed the preliminary injunction, *Weitzman*, 98 F.3d at 720-21.

> **B.   NAF is entitled to its reasonable appellate attorneys' fees because Cooley and Ferreira's appeal was frivolous**

An award of fees in this context does not require a determination that the appellants' appeal was frivolous. A fee award is appropriate regardless of the appeal's frivolousness because it prevents the effective reduction of the original fee award and results from Cooley and Ferreira's own noncompliance with the preliminary injunction. *Cf. In re DiBattista*, 33 F.4th at 704 ("The fact that a court can award attorneys' fees for frivolous appeals pursuant to Rule 38 of the Federal Rules of Appellate Procedure does not prevent a lower court from assessing appellate fees against a willful contemnor who has flouted the lower court's injunction order, even where the contemnor's appeal is non-frivolous.").

But Cooley and Ferreira's appeal was also frivolous—a fact that independently supports a fee award. *See* Fed. R. App. P. 38. "An appeal is frivolous when the result is obvious or the arguments are wholly without merit." *N.L.R.B. v. Catalina Yachts*, 679 F.2d 180, 182 (9th Cir. 1982) (citations omitted). That perfectly describes Cooley and Ferreira's appeal. Cooley and Ferreira raised six attacks against this Court's civil contempt order. Each was foreclosed by the record and well-settled law. (Section I, *supra*.) The Ninth Circuit swiftly rejected each challenge in an unpublished memorandum decision. (Section I, *supra*.).

Indeed, Cooley and Ferreira's appeal was not only legally meritless; it was also misleading. Cooley and Ferreira insisted that this Court's contempt order should be reversed because it imposed *criminal sanctions* without disclosing that the Ninth Circuit had already held the sanctions were purely civil in a published opinion in this case. *Compare* (9th Cir. No. 21-15955, ECF No. 12 at 34-47), *with NAF II*, 926 F.3d at 538.

## II.   NAF INCURRED $239,174 IN REASONABLE ATTORNEYS' FEES IN CONNECTION WITH THE APPEAL

The "customary method" for determining the proper amount of fees to award is the lodestar method, which is "performed by multiplying the number of hours reasonably expended by the prevailing party in the litigation by a 'reasonable hourly rate.'" *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016) (citation omitted). Here, the hours worked by NAF's attorneys

1  and paralegals have been multiplied by their billing rates, resulting in a request for a lodestar
2  recovery of $239,174.  The hours expended, billing rates, and overall requested amount are
3  reasonable in light of the experience and caliber of the attorneys and paralegals and the work
4  necessary to obtain a favorable decision in the Ninth Circuit.

        **A.**       **The rates of NAF's counsel are reasonable**

NAF's application for attorneys' fees reflects the use of reasonable hourly rates based on relevant community standards for the legal work performed.

A reasonable hourly rate is guided by "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210-11 (9th Cir. 1986).  A court can consider factors such as "experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented." *Id.* at 1211 (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).  In cases involving appeals from district court decisions, the "general rule . . . is that the relevant community for calculating market rates is the forum in which the district court sits." *Nat'l Fam. Farm Coal. v. U.S. Env't Prot. Agency*, 29 F.4th 509, 512 (9th Cir. 2022) (citation and brackets omitted).

In this fee application, counsel for NAF has used billing rates for the attorneys and paralegals equal to the rates Morrison Foerster LLP ("Morrison") normally charges and that are normally paid by its clients.  (Declaration of Caitlin Sinclaire Blythe in support of National Abortion Federation's Motion for Attorneys' Fees and Costs From Contemnors Cooley & Ferreira ("Blythe Decl.") ¶ 16.)  The Blythe Declaration explains why the rate used for each attorney is reasonable in light of the attorneys' experience and skill and consistent with the rates charged by comparable firms in the Northern California market in complex litigation such as this case. (*Id.* ¶¶ 9-21.)  This Court has previously found reasonable similar hourly rates requested for attorneys at Morrison. (ECF No. 765 at 8); *see also*, *e.g.*, *Close v. Sotheby's Inc.*, 909 F.3d 1204, 1213-14 (9th Cir. 2018); *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 613 F. Supp. 3d 1190, 1226 (2020); *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 965-66 (N.D. Cal. 2014).  In addition, based on surveys of billing rates at Northern California law firms, Morrison's

hourly rates are similar to rates of other Northern California law firms of comparable reputation. (Bythe Decl. ¶¶ 20-21.) Accordingly, the hourly rates of NAF's counsel are reasonable.

## B. The hours of NAF's counsel are reasonable

As set forth in detail in the Blythe Declaration, NAF seeks fees for 242.65 reasonable legal service hours incurred on NAF's behalf by Morrison lawyers and paralegals. (*Id.* ¶ 2.)[1] NAF's claim for attorneys' fees is reasonable in light of the scope of work performed on appeal and incorporates substantial discretionary downward adjustments from the actual hours that Morrison spent defending the civil contempt sanctions on appeal. (Bythe Decl. ¶¶ 22-29.)

A party entitled to attorneys' fees may recover "every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest." *Twin City Sportservice, Inc. v. Charles O. Finley & Co.*, 676 F.2d 1291, 1313 (9th Cir. 1982). To determine the reasonable amount of hours that counsel should have spent on a case, courts "defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

The hours spent in defending against Cooley and Ferreira's appeal were reasonable. Cooley and Ferreira took a kitchen-sink approach to the appeal. They filed a sixty-page brief that challenged the Court's contempt order on no fewer than six separate grounds but omitted significant aspects of the case's procedural history—including the Ninth Circuit decision in Cooley and Ferreira's prior interlocutory appeal. Morrison reasonably expended the time necessary to respond to Cooley and Ferreira's many meritless arguments and to correct Cooley and Ferreira's material omissions. Morrison also reasonably spent time preparing for oral argument—again having to prepare on each of the six meritless challenges it reasonably anticipated Cooley and Ferreira to raise. Cooley and Ferreira also persisted in repeating their meritless arguments in a rehearing petition, which Morrison had to expend resources to oppose.

---

[1] Although some of the information in the billing records has been redacted to protect privileges regarding attorney-client communications and attorney work product, such minimal redactions "do not impair the ability of the court to judge whether the work was an appropriate basis for fees." *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004) (rejecting challenge to equivalent redactions).

The fees requested represent a substantial downward adjustment from the fees actually incurred. In particular, NAF requests *no* fees for defending Cooley and Ferreira's interlocutory appeal of the contempt order even though that appeal caused additional expenses and was ultimately dismissed. (Blythe Decl. ¶ 28.) NAF also requests *no* fees for preparing this fee application before the district court or for the fee application and reply filed in the Ninth Circuit. (*Id.* ¶ 26.) In addition, the Blythe Declaration describes other discretionary reductions intended to eliminate redundancies or inefficiencies. (*Id.* ¶ 27.)

## CONCLUSION

NAF's application for attorneys' fees from Contemnors should be granted.

Dated: February 21, 2024

MORRISON FOERSTER LLP

By: /s/ *Caitlin Sinclaire Blythe*
CAITLIN SINCLAIRE BLYTHE

Attorneys for Plaintiff
NATIONAL ABORTION FEDERATION