Matthew J. Geragos  SBN 153390
GERAGOS LAW GROUP
700 N. Brand Blvd.
Glendale, CA 91203
Telephone: 213.232.1363
Facsimile:  888.800.2949
Email: matthew@geragoslaw.com

Attorneys for STEVE COOLEY
and BRENTFORD J. FERREIRA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ABORTION FEDERATION,<br><br>Plaintiff,<br><br>vs.<br><br>THE CENTER FOR MEDICAL PROGRESS, BIOMAX PROCUREMENT SERVICES LLC, DAVID DALEIDEN AND TROY NEWMAN,<br><br>Defendants. | Case No. 3:15-cv-3522-WHO<br><br>Judge William H. Orrick, III<br><br>**OPPOSITION TO MOTION FOR ATTORNEY'S FEES**<br><br>Hearing Date: March 27, 2024<br>Time:          2:00 p.m.<br>Loc.:          Courtroom 2,<br>               17th Floor |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's motion for an exorbitant $250,000 for attorney's fees on the second appeal should be denied outright or significantly reduced for the following compelling reasons.

**First**, Plaintiff has failed to carry its burden to show that the amount requested and the hours spent was reasonable. It is not enough merely to state that counsel expended a certain number of hours in representing the client. Rather, the motion must affirmatively **demonstrate** that the hours spent were **reasonable and necessary**. (*Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44, 98.) AVC bears the burden of proving the firm's activities at that level were "'**useful and necessary and directly contributed to the resolution of [the action]**.'" [Citation.]" (*National Parks & Conservation Assn. v. County of Riverside* (2000) 81 Cal.App.4th 234.)

Here, shockingly, Plaintiff has done nothing to separate out the hours from their original fees' motion which was granted and paid from this one. This alone is fatal to their motion as it makes the fee request not accurate and excessive. The California Supreme Court has made crystal clear that a party that seeks an unreasonable fee award does so at the risk of forfeiting its right to fees altogether. The Court explained:

> A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether . . . . **If . . . the Court were required to award a reasonable fee when an outrageously unreasonable one has been asked for, claimants would be encouraged to make unreasonable demands, knowing that the only favorable consequence of such misconduct would be reduction of their fee to what they should have asked for in the first place. To discourage such greed, a severer reaction is needful**.

(*Serrano v. Unruh* (1982) 32 Cal. 3d 621, 635 (emphasis added and citations and quotations omitted.)

**Second**, the fees are outright excessive. Plaintiff's timesheets do not provide us with any information to determine whether the hours spent were reasonable and necessary. Hours that are excessive and redundant due to overstaffing or any other reason, should be excluded on the theory that hours not properly billed to one's client are not properly billed to one's adversary. (*Hensley v. Eckerhart* (1983) 461 U.S. 424, 437, 103 S.Ct. 1933, 1941.) The trial court may disregard counsel's time records if they are "padded and vague and therefore noncredible" and include "entries inflated with noncompensable hours [that] destroy an attorney's credibility with the trial court." (*Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1324-1326.) In short, "[t]he trial court is not bound by an attorney's evidence in support of his requested fee." (*Vella v. Hudgins* (1984) 151 Cal.App.3d 515, 524.)

Once again, Plaintiff has demonstrated that its entire strategy on the second appeal was fee-driven. Plaintiff recycled its previous appellate brief and arguments, using new attorneys that were unfamiliar with the issues that were briefed priorly. There are THREE partners on this brief alone. As a highly respected law firm, how come ONE partner is not sufficient? Because that would reduce the billing. There are four associates and two paralegals. You would expect one partner, one associate and one paralegal. Even if you double that for an extraordinary legal issue and complexity, then at best you get two partners, two associates and two paralegals. THREE partners, FOUR associates and TWO paralegals is an absolute overkill of duplicative work. The amounts requested should be reduced by 50% from $239,174 to $120,000.

## II. THE COURT SHOULD DENY FEES BECAUSE THE FEES MOTION SEEKS AN UNREASONABLE FEE AWARD

Plaintiff is requesting nearly a quarter million in fees for a motion that should not have even taken close to 250 hours, given the fact that nearly all of the issues were previously briefed. This alone is fatal to their motion as it makes the fee request not accurate and excessive.

The California Supreme Court has made crystal clear that a party that seeks an unreasonable fee award does so at the risk of forfeiting its right to fees altogether. The Court explained:

> A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether . . . . **If . . . the Court were required to award a reasonable fee when an outrageously unreasonable one has been asked for, claimants would be encouraged to make unreasonable demands, knowing that the only favorable consequence of such misconduct would be reduction of their fee to what they should have asked for in the first place. To discourage such greed, a severer reaction is needful**.

(*Serrano v. Unruh* (1982) 32 Cal.3d 621, 635, emphasis added, citations and quotations omitted.)

Given the unreasonable fee request, the Court should rule that Plaintiff has forfeited its right to fees altogether.

## III. THE AMOUNT OF FEES REQUESTED SHOULD BE REDUCED DRASTICALLY

Plaintiff is seeking nearly 242 hours of fees. Ironically, this is very close to the amount of hours previously spent on the first appeal. Very similar if not identical issues were brief in the first appeal. The trial court is not bound to award the attorney

fees requested by a prevailing defendant and the court's role is not merely to rubber stamp the defendant's request, but rather, to ascertain whether the amount sought is reasonable. (*Robertson v.* Rodriguez (1995) 36 Cal.App.4th 347, 361.) In fact, it is quite common for courts to reduce the amount of requested fees and costs where they appear excessive. (See, e.g. *Levy v. Toyota Motor Sales, U.S.A., Inc.* (1992) 4 Cal.App.4th 807 (1992) [trial court did not abuse its discretion where it awarded $30,000 in attorney fees rather than requested fees of $137,459 where the itemized statement of plaintiff's counsel requesting attorney fees included duplicative charges and unnecessary or unsuccessful motions, and excessive hourly charges.]

    Here, Plaintiff is seeking a windfall. Either Plaintiff has been remarkably inefficient in the 240 hours for an appeal brief largely duplicative of a prior brief or has padded its hours. For these reasons, Plaintiff's fee request should be denied outright or, in the alternative, reduced drastically to a reasonable figure.

## IV. CONCLUSION

    For the reasons delineated above, the motion should be denied entirely. In the alternative, the Court should grant $120,000 in fees which Plaintiff believes to be the reasonable amount.

Dated: March 6, 2024                                  GERAGOS LAW GROUP

                                                              By:   */s/ Matthew J. Geragos*
                                                                        MATTHEW J. GERAGOS
                                                                        Attorneys for Third Parties
                                                                        STEVE COOLEY and
                                                                        BRENTFORD J. FERREIRA