1  Harmeet K. Dhillon (SBN 207873)
Mark P. Meuser (SBN 231335)
2  DHILLON LAW GROUP INC.
177 Post Street, Suite 700
3  San Francisco, CA 94108
Tel. 415-433-1700; Fax. 415-520-6593
4  harmeet@dhillonlaw.com
mmeuser@dhillon.law.com
5

6
John M. Reeves*
7  Reeves Law LLC
7733 Forsyth Blvd., Suite 1100-1192
8  St. Louis, MO 63105
Tel. 314-775-6985
9  reeves@appealsfirm.com
10

11  *Attorneys for Defendants the Center for
Medical Progress, BioMax Procurement
12  Services, LLC, and David Daleiden*

13  *Admitted pro hac vice*

14                          **UNITED STATES DISTRICT COURT**

15
                           **NORTHERN DISTRICT OF CALIFORNIA**
16

| | |
|---|---|
| 17  NATIONAL ABORTION FEDERATION (NAF), | Case No. 3:15-cv-3522 (WHO) |
| 18 | |
| 19              Plaintiff, | **DEFENDANTS THE CENTER FOR MEDICAL PROGRESS, BIOMAX PROCUREMENT SERVICES, LLC, AND** |
| 20       vs. | **DAVID DALEIDEN'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR** |
| 21 | **ATTORNEYS' FEES FROM DEFENDANTS** |
| 22  THE CENTER FOR MEDICAL PROGRESS, BIOMAX PROCUREMENT SERVICES, LLC, | **[ECF #807]** |
| 23  DAVID DALEIDEN (aka "ROBERT SARKIS"), and TROY NEWMAN, | |
| 24 | Hon. Judge William H. Orrick, III |
| 25              Defendants. | Date:    March 27, 2024 |
| 26 | Time:    2:00 pm |
| 27 | |
| 28 | |



---

Opp. Mtn. for Attorney Fees                                     Case No. 3:15-cv-3522 (WHO)

## I. NAF's evidence in support of its application contains inadmissible hearsay.

It is a bedrock principle that when a party seeks an award of attorney fees, they have an obligation to "submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Federal Rules of Evidence requires that "the proponent [of an item of evidence] must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Such evidence, furthermore, must be based on personal knowledge. *See* Fed. R. Evid. 602.

"Declarations in support of attorney fee awards should be based upon personal knowledge." *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 222 (9th Cir. 2013). It is abuse of discretion for a trial court to award attorneys' fees based on hearsay testimony. *European Beverage Co., v. Manning*, 70 F.3d 1278 (9th Cir. 1995) (lack of "direct testimony"). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly. *Hensley*, 461 U.S. at 433.

In support of its application for attorneys' fees, NAF submits a single declaration of Caitlin Sinclaire Blythe. (ECF #807-1.) Attorney Blythe's declaration does not suggest that she has personal knowledge regarding the reasonableness of the hours worked or how the particular timekeepers maintained their records. Further, Attorney Blythe does not personally seek reimbursement for any time spent associated with work performed at either the Ninth Circuit or the Supreme Court. As she lacks personal knowledge of the fees sought, her declaration fails to satisfy NAF's burden of proffering admissible evidence reflecting the fees allegedly incurred. (Blythe Decl. p. 3.); *See Yeager v. AT & T Mobility, LLC*, No. CIV S 07-2517 KJM, 2012 WL 6629434, *3 (E.D. Cal. Dec. 19, 2012).

Attorney Blythe lacks sufficient personal knowledge to authenticate the time spent by attorneys at her firm for a matter that she was not yet involved in. Thus, this Court should deny the entire award for attorneys' fees.

## II. NAF "incurred" no fees or costs to be "reimbursed."

As argued in Defendants' Opposition to NAF's initial motion for attorney fees (ECF #759), NAF is not entitled to an award of attorneys' fees because the contractual provision on which NAF relies provides that "Exhibitors agree to **reimburse** NAF for all costs **incurred** by NAF, including

1

---

Opp. Mtn. for Attorney Fees                                                    Case No. 3:15-cv-3522 (WHO)

1    reasonable attorneys' fees" (emphasis added), and NAF, represented *pro bono*, did not "incur" any fees

2    or costs to be "reimbursed." By its plain terms, the contract provides no basis for NAF's motion. The

3    Tenth Circuit, in an opinion written by then-Judge Neil Gorsuch, denied fees under a substantially

4    identical contractual provision where, as here, the clients were not obligated to pay anything to their

5    attorneys:

6            By its plain terms, the contract allows only *reimbursement* of fees and
         costs *incurred.* Meanwhile, under a deal the employees penned with their
7        new employer, *that* company assumed sole liability for all of the
         employees' litigation fees and costs. So it is that, as a matter of plain
8        language, the employees have *incurred* no fees or costs in this
         litigation—the bills in this case do not "run, flow, fall ... devolve [or]
9        accrue" to them but to someone else entirely. VII *The Oxford English
         Dictionary* 834–35 (2d ed.1989). And there is, quite literally, nothing to
10       *reimburse* them for—nothing to "*return* to their purse."
11

12   *TruGreen Companies, LLC v. Mower Bros.*, 570 F. App'x 775, 777 (10th Cir. 2014) (Gorsuch, J.)

13   (emphasis in original).

14           While *pro bono* attorneys are sometimes entitled to fees under certain statutory provisions or

15   federal rules, they are not entitled to fees under a contractual provision awarding "reimbursement" of

16   fees "incurred" by the client, as Judge Gorsuch recognized. *Id.* at 778. Likewise, in *Deitz v. Univ. of*

17   *Denver, Colorado Seminary*, No. 95-CV-02756-WDM-OES, 2011 WL 2559829, *4–5 (D. Colo. June

18   28, 2011), the district court held *pro bono* attorneys were not entitled to fees under a contractual

19   provision requiring the opposing party to "pay or reimburse" fees and costs "incurred" by the party, a

20   provision substantially similar to language used here. The court expressly distinguished *Gotro v. R &*

21   *B Realty Grp.*, 69 F.3d 1485 (9th Cir.1995), because *Gotro* involved a statutory, not a contractual,

22   provision, 28 U.S.C. § 1447(c). *Dietz*, 2011 WL 2559829, at *4; *see also Scion Breckenridge Managing*

23   *Member, LLC v. ASB Allegiance Real Est. Fund*, 68 A.3d 665 (Del. 2013) (following *Deitz*;

24   "'Reimburse' and 'incur' clearly and unambiguously indicate that ASB must have been liable for a

25   payment at some point").

26           Treating statutory and contractual fee provisions differently aligns with policy considerations.

27   Statutes express general governmental policy, while contracts serve private interests. *See TruGreen*,

28
                                            2

Opp. Mtn. for Attorney Fees                                          Case No. 3:15-cv-3522 (WHO)

1   570 F. App'x at 778 ("[O]ne might make a plausible case that Rule 37's sanctions provisions and the

2   civil rights statutes embody a punitive policy—an intent to punish the wrongdoer—that warrants an

3   especially broad reading of their terms. But it's hard to see why we should impute a parallel policy to

4   a routine employment contract"); *Deitz,* 2011 WL 2559829, at *5 ("[T]he attorneys' fee provision

5   serves only a private interest and not a public purpose as in fee-shifting statutes"); *Lincoln St. Realty*

6   *Co. v. Green*, 374 Mass. 630, 631–32 (1978) (statutory "public policy considerations are absent when

7   an award of fees is sought pursuant to a contractual provision authorizing the recovery of 'attorney's

8   fees incurred' "); *Scion Breckenridge*, 68 A.3d at 684 n.89 ("We distinguish this case from scenarios

9   where public policy or other considerations might control, for example, in the case of fee awards based

10  on statutory provisions where public policy might color the meaning of 'incurred' to encompass pro

11  bono representation"). Here too, there is no policy reason to award NAF attorneys' fees.

12  ### III.    NAF obtained no relief based on the Exhibitor Agreements containing the fee-
13  shifting provision.

14      Furthermore, as argued in Defendants' Opposition to NAF's initial motion for attorney fees

15  (ECF #759), NAF is not entitled to recovery for attorney fees for another independent reason: the

16  permanent injunctive relief that NAF obtained is not connected to any adjudged breach of the contracts

17  containing the fee-shifting provision—that is, the Exhibitor Agreements. In the related *Planned*

18  *Parenthood* case, the Court found Defendants had breached only the misrepresentation provisions of

19  the Exhibitor Agreements and the recording provisions of the Confidentiality Agreements. The Court

20  here, applying "issue preclusion," entered summary judgment against Defendants, and granted NAF

21  "narrowed" injunctive relief: an injunction against publication of and retention of the recordings

22  adjudged prohibited by the Confidentiality Agreements. Dkt. 720 at 24:6–8.[1]

23      The Court expressly denied NAF's request for permanent injunctive relief connected to the

24  Exhibitor Agreements: specifically, it denied a permanent injunction against entering by

25  misrepresentation. Dkt. 720, 21:3–13. Accordingly, because the permanent injunctive relief is not

26  _____

[1] The permanent injunctive relief (enjoining publication) is not connected to *any* adjudged breach
27  established by issue preclusion of either the Exhibitor Agreements (misrepresentation) or the
Confidentiality Agreements (recording).

28



Opp. Mtn. for Attorney Fees                                     Case No. 3:15-cv-3522 (WHO)

1   connected to any adjudged breach of the contracts containing the fee-shifting provision at issue, NAF

2   should not be awarded fees under the Exhibitor Agreements. *See*, *e.g.*, *In re Marino*, 949 F.3d 483, 489

3   (9th Cir. 2020) ("The BAP did not err in concluding that the deed of trust did not entitle the Marinos

4   to appellate attorney's fees. The Marinos seek to enforce the discharge injunction, not the deed of trust.

5   Accordingly, we will not award fees under the deed of trust."). For this added reason, NAF is entitled

6   to no recovery of attorneys' fees.

7   **IV. Plaintiffs' Proposed Rates Are Inflated.**

8       Here, the relevant community for determining the prevailing market rates is the Northern

9   District, *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997), and courts in this District employ the

10  National Law Journal Survey ("NLJ Survey") to determine the reasonableness of hourly rates. *Blue*

11  *Growth Holdings Ltd. v. Mainstreet Ltd. Ventures, LLC*, No. CV 13–1452 CRB, 2014 WL 3518885,

12  at *3 n.7 (N.D. Cal. Jul. 16, 2014); *see Nemeck & Cole v. Horn*, 208 Cal. App. 4th 641, 651 (2012)

13  (citing *PLCM Group, Inc. v. Drexler*, 22 Cal. 4th 1084, 1096–97 (2000)).

14      Plaintiffs have asked this Court to award fees as high as $1,450 per hour. This year, Judge

15  William Alsup ruled that "$935/hour, while high, is just within the upper limit of rates previously

16  accepted in this district." *Ward v. United Airlines, Inc.*, Case No. C 15-02309 WHA, 2024 WL 269149

17  *7 (N.D. Cal. Jan. 24, 2024). At an average partner[2] billing rate of $1,375 and an average associate[3]

18  billing rate of $941, the billing rates Plaintiffs request *far* exceed the reasonable market rates

19  promulgated by the 2017 NLJ Survey (most recent broad-market report):

| Attorney Rate | Plaintiffs | San Francisco (CPI, Dec. 2023) | Northern District (CPI, Dec. 2023) |
|---|---|---|---|
| Partner | $1,375 | $510 ($644.21) | $468 ($591.16) |
| Associate | $941 | $370 ($467.37) | $392 ($495.16) |

[2] "Partner" is intended to mean Partners and former Partners James Siegel, Derek Foran, and Brian Matsui.

[3] "Associate" is intended to mean Associates Adam L. Sorensen, Lena H. Hughes, Alexandra Avvocato, Karen Leung, and Samuel Goldstein.

4

1     *See* Exhibit A, 2017 NLJ Survey report; Exhibit B, summary of 2017 Survey for N.D. Cal. firms.

2     Even after applying the Consumer Price Index ("CPI") to account for inflation, the rates Plaintiff

3     requests are approximately 200% higher than the market rates in the Northern District. *Id.*; *see also*

4     *Jones v. Espy*, 10 F.3d 690, 692–93 (9th Cir. 1993) (citing *Harris v. Sullivan*, 968 F.2d 263, 265 (2d

5     Cir. 1992) (holding the Consumer Price Index properly accounts for inflation)).

6         This Court in other similar circumstances has reduced attorneys' fee rates to far below what

7     Plaintiff seeks here. In *Aguilar v. Zep Inc.*, for example, this Court held the reasonable rate for a

8     partner with 28.4 years of experience was $550, and the reasonable rate for an associate who had been

9     practicing for 5.9 years was $300. No. 13–cv–00563–WHO, 2014 WL 4063144, at *2 (N.D. Cal. Aug.

10    15, 2014). In *Vargas v. Berkeley Unified Sch. District*, this Court awarded: (1) a partner with nearly

11    29 years of experience $625 per hour; (2) a senior associate with almost nine years of experience $425

12    per hour; and (3) a junior associate $350 per hour. No. 16-cv-06634-WHO, 2017 WL 5991857, at *2

13    (N.D. Cal. Dec. 4, 2017).

14        Finally, this Court has noted that with a firm's "high hourly rates comes an expectation that it

15    will complete tasks efficiently and that its more senior attorneys will limit their involvement to tasks

16    requiring their level of expertise." *Banas*, 47 F. Supp. 3d at 966. Just as in the *Banas* case, Plaintiffs'

17    application "fails to demonstrate whether it did so in this case." *Id.*

18                                **CONCLUSION**

19       Based on the foregoing, the Court should deny NAF's application for attorneys' fees.

20

21    DATED: March 6, 2024                By: */s/ Mark P. Meuser*
                                              MARK P. MEUSER

22

23                                     Harmeet K. Dhillon (CA Bar No. 207873)
                                    Mark P. Meuser (SBN 231335)

24                                     DHILLON LAW GROUP INC.
                                    177 Post Street, Suite 700

25                                     San Francisco, CA 94108
                                    Tel. 415-433-1700; Fax. 415-520-6593

26                                     harmeet@dhillonlaw.com

27                                     mmeuser@dhillon.law.com

28

                                              5



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

John M. Reeves, *pro hac vice*
Reeves Law LLC
7733 Forsyth Blvd., Suite 1100-1192
St. Louis, MO 63105
Tel. 314-775-6985
reeves@appealsfirm.com

*Attorneys for Defendants the Center for Medical Progress, BioMax Procurement Services, LLC, and David Daleiden*

6



Opp. Mtn. for Attorney Fees                                                    Case No. 3:15-cv-3522 (WHO)

## CERTIFICATE OF SERVICE

I certify that the foregoing OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES FROM DEFENDANTS is being served via the Court's ECF system on March 6, 2024, to all
counsel of record who are deemed to have consented to electronic service.

Date: March 6, 2024                DHILLON LAW GROUP INC.


By:    /s/Mark P. Meuser_____
       Harmeet K. Dhillon (SBN 207873)
       Mark P. Meuser (SBN 231335)
       DHILLON LAW GROUP INC.
       177 Post Street, Suite 700
       San Francisco, CA 94108
       Tel. 415-433-1700; Fax. 415-520-6593
       harmeet@dhillonlaw.com
       mmeuser@dhillon.law.com

       *Attorneys for Defendants the Center for Medical
       Progress, BioMax Procurement Services, LLC, and
       David Daleiden*

7



Opp. Mtn. for Attorney Fees                                    Case No. 3:15-cv-3522 (WHO)