CAITLIN SINCLAIRE BLYTHE (CA SBN 265024)
CBlythe@mofo.com
KAREN LEUNG (CA SBN 323029)
KLeung@mofo.com
MORRISON FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff
NATIONAL ABORTION FEDERATION (NAF)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ABORTION FEDERATION (NAF),<br><br>Plaintiff,<br><br>v.<br><br>THE CENTER FOR MEDICAL PROGRESS, *et al.*,<br><br>Defendants. | Case No. 3:15-cv-03522-WHO<br><br>Judge William H. Orrick<br><br>**PLAINTIFF NATIONAL ABORTION FEDERATION'S REPLY IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES FROM CONTEMNORS COOLEY AND FERREIRA**<br><br>Date: March 27, 2024<br>Time: 2:00 pm |

## INTRODUCTION

In response to plaintiff National Abortion Federation's ("NAF") well-supported application for attorneys' fees for hours spent defending the Court's civil contempt sanctions on appeal, Contemnors offer only one argument: that NAF's attorneys spent too much time on the appeal. But this ignores the content of NAF's application (ECF No. 808) and the Blythe Declaration (ECF No. 808-1) and misconstrues the complexity of the relevant appellate proceedings. For these reasons, Contemnors' arguments should be rejected, and NAF's fee application should be granted.

## ARGUMENT

### I. CONTEMNORS FAIL TO REFUTE THAT THE HOURS NAF'S COUNSEL SPENT WERE WARRANTED

Contemnors argue that NAF's fee request is inflated due to excessive attorney hours. But those arguments are easily disposed of by simply reading the fee application and the Blythe Declaration submitted in support thereof (ECF Nos. 808, 808-1).

First, Contemnors insist—inaccurately—that NAF is seeking to recover for time and work expended "from their original fees' motion." (ECF No. 813, at 1.) To the extent the Contemnors mean that NAF is seeking to recover for work for which NAF has already been awarded and paid fees, Contemnors are wrong. The Ninth Circuit referred NAF's fee application for work performed on appeal to this Court for resolution (9th Cir. No. 21-15955, ECF No. 74), which is why NAF filed the present motion. As the Blythe Declaration explains, Exhibit 1 contains timenotes "that were billed to this matter *from December 2021 through November 2022*," a period which encompasses only the pendency of Contemnors' most recent appeal. (ECF No. 808-1 ¶ 6 (emphasis added); *id*. Ex. 1.)

Contemnors next insist that hours spent must be "useful and necessary" to the resolution of the matter, and that NAF's somehow were not. Again, Contemnors are wrong. As an initial matter, Contemnors misstate the holding of *National Parks & Conservation Assn. v. County of Riverside*, 81 Cal. App. 4th 234 (Cal. Ct. App. 2000), which dealt with the meaning of "successful party" under a statute allowing attorneys fees in actions to enforce important public

1  rights; the case says nothing about the necessary content of a fee application. *See id*. at 242. But
2  in any event, Contemnors fail to explain how NAF's counsel's work was somehow not useful or
3  necessary to resolution of the appeal. NAF's success on both the appeal and motion for rehearing
4  demonstrates, unequivocally, that these hours were both.

5  Furthermore, as explained in NAF's fee application, Contemnors have themselves to
6  blame for the necessary cost of responding to their own voluminous, but ultimately meritless,
7  appeal. These hours were necessitated by Contemnors' kitchen-sink, 60-page opening brief
8  pressing six grounds that were all ultimately rejected by the Ninth Circuit. They then followed
9  with a rehearing petition that NAF also had to oppose. (*See* ECF No. 808, at 12.) Contemnors
10 provide no authority to support their proposed reductions, much less their assessment of the
11 appropriate number of attorneys (and the identity of specific attorneys) they believe NAF should
12 have staffed. Indeed, courts generally "defer to the winning lawyer's professional judgment as to
13 how much time he was required to spend on the case; after all, he won, and might not have, had
14 he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).
15 This applies as well to Contemnors' apparent argument that it should have taken NAF less time
16 given that NAF was responding to similar arguments across Contemnors' appeals (presumably
17 referring to their appeal and rehearing petition, both of which NAF had to oppose). *Id*. ("When a
18 case goes on for many years, a lot of legal work product will grow stale; a competent lawyer
19 won't rely entirely on last year's, or even last month's, research[.] . . . All this is duplication, of
20 course, but it's *necessary* duplication; it is inherent in the process of litigating over time.").
21 Moreover, beyond that surface argument, Contemnors fail to "point to the specific items
22 challenged, with a sufficient argument and citations to the evidence," necessary to show the
23 requested fee is "excessive because too many hours or work are claimed." *Premier Med. Mgmt.*
24 *Sys., Inc. v. Cal. Ins. Guar. Ass'n*, 163 Cal. App. 4th 550, 564 (Cal. Ct. App. 2008).

25 In addition, NAF is not seeking fees related to Contemnors' interlocutory appeal, nor for
26 the costs associated with this fee application, and has made other discretionary reductions as
27 described in the Blythe Declaration to reduce any redundancies. (*See* ECF No. 808, at 13; ECF
28 No. 808-1 ¶ 27.) NAF has thus taken appropriate steps to ensure that its request is reasonable.

## II. CONTEMNORS FAIL TO REFUTE THAT THE HOURLY RATES NAF SEEKS ARE REASONABLE

Contemnors also cite to *Gorman v. Tassajara Development Corp.*, 178 Cal. App. 4th 44, 98 (Cal. Ct. App. 2009), for the proposition that a motion for fees must "affirmatively **demonstrate** that the hours spent were **reasonable and necessary**." (ECF No. 813, at 1 (Contemnors' emphasis).)  The *Gorman* court held that the moving party must "prove that the fees it seeks are reasonable," a quotation that appears in a discussion of the reasonableness of rates under the loadstar approach.  178 Cal. App. 4th at 98.  To the extent Contemnors are also challenging the reasonableness of Morrison's hourly rates, that challenge also fails.  As this Court has already recognized when assessing NAF's request for an award of attorney fees for proceedings before the district court, Morrison's hourly rates are reasonable given the market in which it operates and the complexity of the case.  (*See* ECF No. 765, at 9.)  The Court should reach the same conclusion here as to the appeal.

## CONCLUSION

For the reasons stated above, NAF's application for attorneys' fees from Contemnors (ECF No. 808) should be granted.

Dated: March 20, 2024    MORRISON FOERSTER LLP

By: */s/ Caitlin Sinclaire Blythe*
      CAITLIN SINCLAIRE BLYTHE

Attorneys for Plaintiff
NATIONAL ABORTION FEDERATION

# CERTIFICATE OF SERVICE

I certify that the foregoing PLAINTIFF NATIONAL ABORTION FEDERATION'S REPLY IN SUPPORT OF ITS APPLICATION FOR ATTORNEYS' FEES FROM CONTEMNORS is being served via the Court's ECF system on March 20, 2024, to all counsel of record who are deemed to have consented to electronic service.

Date: March 20, 2024                    Morrison & Foerster LLP

By: /s/ Caitlin Sinclaire Blythe
     CAITLIN SINCLAIRE BLYTHE

CAITLIN SINCLAIRE BLYTHE (SBN 265024)
CBlythe@mofo.com
KAREN LEUNG (SBN 323029)
KLeung@mofo.com
MORRISON FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff
NATIONAL ABORTION FEDERATION