1  CAITLIN SINCLAIRE BLYTHE (CA SBN 265024)
   CBlythe@mofo.com
2  KAREN LEUNG (CA SBN 323029)
   KLeung@mofo.com
3  MORRISON FOERSTER LLP
   425 Market Street
4  San Francisco, California 94105-2482
   Telephone: 415.268.7000
5  Facsimile: 415.268.7522

6  Attorneys for Plaintiff
   NATIONAL ABORTION FEDERATION (NAF)

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 NATIONAL ABORTION FEDERATION          Case No. 3:15-cv-03522-WHO
   (NAF),
12                                        Judge William H. Orrick
                Plaintiff,
13                                        **PLAINTIFF NATIONAL ABORTION
        v.                                FEDERATION'S REPLY IN SUPPORT
14                                        OF APPLICATION FOR ATTORNEYS'
   THE CENTER FOR MEDICAL PROGRESS,       FEES FROM DEFENDANTS**
15 *et al.*,
                                          Date:  March 27, 2024
16              Defendants.               Time:  2:00 pm

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

In response to plaintiff National Abortion Federation's ("NAF") application for attorneys' fees, Defendants The Center for Medical Progress, Biomax Procurement Services, LLC, and David Daleiden offer only a combination of unsupported evidentiary objections and legal arguments this Court previously rejected when it granted NAF's prior motion to recover attorneys' fees. Because their evidentiary objections are unfounded, and Defendants provide no explanation for why their recycled arguments should now be successful, this Court should grant NAF's fee application for the reasonable attorney hours expended to successfully defend on appeal the permanent injunction this Court entered.

**ARGUMENT**

## I.   DEFENDANTS' OPPOSITION REPEATS ARGUMENTS THIS COURT PREVIOUSLY REJECTED

Despite this Court's prior ruling rejecting many of the same arguments Defendants make now to oppose NAF's motion to recover attorney fees on appeal (ECF No. 765), Defendants attempt to resurrect some of these same failed challenges, in large part copying the same text from opposition briefs opposing NAF's original motion to recover attorney fees before this Court, prior to appeal. (ECF No. 759.) These arguments are as misplaced now as they were when Defendants first made them and should again be rejected.

### A.   Defendants Fail To Refute That NAF Is Entitled To Recover Fees Incurred by Pro Bono Counsel on Appeal

As this Court held in its prior order, both statute and caselaw "compel the conclusion" that NAF is entitled to attorney fees even though it secured pro bono representation. (ECF No. 765, at 6-7.) Defendants, however, continue to insist that this Court rely on the same "out-of-state and out-of-circuit authorities" the Court already found unpersuasive. (*Id*. at 6; *see* ECF No. 814, at 2-3.) This Court correctly rejected Defendants' assertion that "the losing party on a contract with an attorney fees provision should receive a windfall and avoid paying fees" simply because NAF was "fortunate enough to secure pro bono counsel." (*See* ECF No. 765, at 6-7 (*citing Intl. Billing Services, Inc. v. Emigh*, 84 Cal. App. 4th 1175, 1193 (Cal. App. 3d Dist. 2000) and *Beverly Hills*

*Properties v. Marcolino*, 221 Cal. App. 3d Supp. 7, 11 (Cal. Ct. App. 1990)).)  Defendants have

provided no reason to abandon that reasoning now, simply because the fees NAF seeks here relate

to defending the permanent injunction on appeal.

### B.    Defendants Fail To Refute That They Have A Contractual Obligation to Pay Attorney Fees

This Court also previously "easily disposed of" Defendants' argument, which they

reassert here, that NAF is not entitled to fees under the Exhibitor Agreements ("EAs").  (ECF No.

765, at 8.)  As this Court already held, the "EAs provided for both recovery of reasonable

attorney fees to enforce the contract and for specific performance or injunctive relief."  (*Id*. (citing

ECF Nos. 225-6, 225-7).)  Defendants offer no new argument or rationale for why the Court's

prior ruling was wrong.  It was not.  This recycled argument fails as well.

## II.    THE FEES SOUGHT ARE NOT EXCESSIVE

In the Opposition, Defendants offer no objection to any particular line-item or billing

method, limiting their challenge to the average hourly rates for partners and associates that NAF

is requesting.  (*See* ECF No. 814, at 4-5.)  This Court, however, previously concluded that

Morrison's rates were reasonable "based on experience and prior billing rates."  (ECF No. 765, at

9.)  It should do so again.

Defendants also do not address the case law NAF cited in its brief, where numerous courts

awarded attorney fees to comparable firms in this market where lawyers billed at comparable

rates to Morrison's attorneys.  In fact, one of the cases on which Defendants rely, *Banas v.

Volcano Corporation*, approved comparable rates for one of Morrison's peer law firms in the

market.  47 F. Supp. 3d 957, 966 (N.D. Cal. 2014).

The other cases Defendants present are readily distinguishable and in no way suggest that

Morrison's rates are somehow above market or excessive.  Those cases involved matters with

different procedural histories and complexities and different types of firms.  Moreover, some of

the cases on which Defendants rely dealt with rates from nearly a decade ago.  In two cases, the

court simply accepted that the requested rates—which in some cases the court recognized were at

the lower end of the market—were reasonable; they did not define the appropriate market rate or

reduce awards that they determined were too high.  *See Blue Growth Holdings Ltd. v. Mainstreet Ltd. Ventures, LLC*, No. CV 13–1452 CRB, 2014 WL 3518885, at *3 n.7 (N.D. Cal. Jul. 16, 2014) (concluding that fees sought were "below or at the low-end" of the typical range; court noted rates over $1,000/hour in a comparable major market, and recognized that "California courts have long relied on market values to determine reasonable attorneys' fees"); *Vargas v. Berkeley Unified Sch. District*, No. 16-cv-06634-WHO, 2017 WL 5991857, at *2 (N.D. Cal. Dec. 4, 2017) (court simply accepted the requested rates, which it noted were "heavily discounted" by that firm).  The other two cases Defendants cite are similarly inapposite.  *See Ward v. United Airlines, Inc.*, Case No. C 15-02309 WHA, 2024 WL 269149 *7 (N.D. Cal. Jan. 24, 2024) (court approved a *higher* rate than counsel would have charged, using a percentage-of-recovery method of calculation, and calculated loadstar merely for "rough" comparison to that rate); *Aguilar v. Zep Inc.*, 13–cv–00563–WHO, 2014 WL 4063144, at *4 (N.D. Cal. Aug. 15, 2014) (court noted that this was an employment case of "moderate complexity").  Defendants do not offer any compelling reason to reduce NAF's fee application, let alone demonstrate why their disagreement with Morrison's requested hourly rates would justify denying NAF's fee request altogether, which is what Defendants ask the Court to do.  (ECF No. 814, at 5.)

## III.   DEFENDANTS' EVIDENTIARY OBJECTION SHOULD BE OVERRULED

Defendants object to the Blythe Declaration as "hearsay" but that objection lacks merit.  First, not one case Defendants cite supports their assertion that the Blythe Declaration is hearsay and insufficient to support NAF's fee application.  For example, in *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214 (9th Cir. 2013), the issue was the use of a reconstructed set of hours, rather than contemporaneous billing records.  That issue does not exist here, where Morrison's records were entered at the time the work was performed, as the declaration explains.  (ECF No. 807-1 ¶ 5.)  Similarly, in *European Beverage Co., v. Manning*, 70 F.3d 1278 (9th Cir. 1995), the issue was not, as Defendants state, a "lack of 'direct testimony,'" (ECF No. 814, at 1), but rather that the firm offered *neither* detailed direct testimony *nor* specific documentation of time expended, or costs incurred.  The records submitted with the Blythe Declaration, by contrast, sufficiently document the hours worked by Morrison attorneys.  (*See* ECF No. 807-1, Ex. 1.)  Similarly,

*Hensley v. Eckhart*, 461 U.S. 424, 433 (1983), merely stated that "[t]he party seeking an award of fees should submit evidence supporting the hours worked and rates claimed," which the Blythe Declaration plainly does.  (*See* ECF No. 807-1, Ex. 1.)  Finally, *Yeager v. AT&T Mobility, LLC*, No. CIV S 07-2517 KJM GGH, 2012 U.S. Dist. LEXIS 179842 (E.D. Cal. Dec. 19, 2012), dealt with the very different situation where an attorney submitted a declaration concerning work done by a *prior* law firm, not other attorneys within the same firm.

Second, Defendants' argument ignores the content of the Blythe Declaration.  As set forth in the Declaration, as part of Ms. Blythe's process for reviewing the fee request, she first asked the partner who supervised the appellate work to review all of Morrison's time entries and do a "first cut."  (ECF No. 807-1 ¶ 4.)  Ms. Blythe then performed a second and final review applying her own judgment as to the reasonableness of the request, as the partner who ultimately is overseeing the litigation before this Court.  (*Id.*)  The Declaration describes the method by which Morrison attorneys record their time (*id*. ¶ 5), and explains that Ms. Blythe reviewed all time notes selected for inclusion and, in her capacity as the most senior partner responsible for the overall litigation, ensured that the fees requested were reasonable (*id*. ¶ 4).  As set forth in the declaration, Morrison's actual fees were reduced appropriately, "to ensure that the present fee application represents only those efficient legal service hours reasonably expended on this appeal."  (*Id*. ¶¶ 4-5, 8.)  The Blythe Declaration sufficiently demonstrates personal knowledge of timekeeping in this matter and provides adequate support for NAF's fee application.  Defendants' objection lacks merit and should be overruled.[1]

## CONCLUSION

For the reasons stated above, NAF's application for attorneys' fees from Defendants (ECF No. 807) should be granted.

---

[1] While NAF does not believe it is necessary, should the Court have any concerns, NAF is happy to submit a supplemental declaration from an attorney on Morrison's appellate team.

1    Dated:  March 20, 2024                    MORRISON FOERSTER LLP

2

3                                             By:   /s/ Caitlin Sinclaire Blythe
                                                    CAITLIN SINCLAIRE BLYTHE
4
                                             Attorneys for Plaintiff
5                                            NATIONAL ABORTION FEDERATION

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NAF's Reply in Support of Application for Attorneys' Fees from defs.
Case No. 3:15-cv-03522-WHO

5

1

**CERTIFICATE OF SERVICE**

2     I certify that the foregoing PLAINTIFF NATIONAL ABORTION FEDERATION'S

3 REPLY IN SUPPORT OF ITS APPLICATION FOR ATTORNEYS' FEES FROM

4 DEFENDANTS is being served via the Court's ECF system on March 20, 2024, to all counsel of

5 record who are deemed to have consented to electronic service.

6 Date: March 20, 2024            Morrison & Foerster LLP

7

8                         By:   /s/ Caitlin Sinclaire Blythe
                                CAITLIN SINCLAIRE BLYTHE

9
                                CAITLIN SINCLAIRE BLYTHE (SBN 265024)
10                              CBlythe@mofo.com
                                KAREN LEUNG (SBN 323029)
11                              KLeung@mofo.com
                                MORRISON FOERSTER LLP
12                              425 Market Street
                                San Francisco, California 94105-2482
13                              Telephone:  415.268.7000
                                Facsimile:  415.268.7522
14

15                              Attorneys for Plaintiff
                                NATIONAL ABORTION FEDERATION
16

17

18

19

20

21

22

23

24

25

26

27

28