CAITLIN SINCLAIRE BLYTHE (CA SBN 265024)
CBlythe@mofo.com
CHRISTINA DIEROLF (CA SBN 335258)
CDierolf@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff
NATIONAL ABORTION FEDERATION (NAF)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ABORTION FEDERATION (NAF),<br><br>Plaintiff,<br><br>v.<br><br>THE CENTER FOR MEDICAL PROGRESS, *et al.*,<br><br>Defendants. | Case No. 3:15-cv-03522-WHO<br><br>**PLAINTIFF NATIONAL ABORTION FEDERATION'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO STAY ENFORCEMENT OF SURETY LIABILITY PENDING APPEAL**<br><br>Hon. Judge William H. Orrick, III |

## INTRODUCTION

For close to seven years, Defendants have sought to avoid paying the civil contempt sanctions this Court issued, pursuing multiple appeals before the Ninth Circuit and the United States Supreme Court. Defendants lost, at every level. Defendants now seek to stay the Court's March 25, 2024 Order, which granted NAF the right to enforce surety liability and ordered SureTec Insurance Company ("SureTec") to release the $210,000 bond by April 4, 2024. (ECF No. 821.) Defendants' sole argument is that a stay on enforcement of surety liability is necessary to protect Defendants' interests as Defendants pursue yet another fruitless appeal, this time of the Court's Order denying Defendant's Rule 60(b)(5) motion for relief from the Permanent Injunction. (ECF No. 823.) As the Court recently held, Defendants' Rule 60(b)(5) motion failed, for numerous independent reasons. Defendants' request for a stay also lacks merit and should be denied.

## BACKGROUND

After Defendants Daleiden and Center for Medical Progress ("CMP") violated the preliminary injunction this Court entered, NAF sought and was awarded sanctions to recover its costs. (ECF No. 482.) After Defendants exhausted their appeals at the Ninth Circuit and the Supreme Court, NAF then filed a motion seeking to recover the surety bond. (ECF No. 800.) Defendants opposed that motion, relying solely on their recent Rule 60(b)(5) motion as justification for delaying release of the bond even longer. (ECF No. 811.) On March 25, 2024, this Court denied Defendants' motion and ordered the release of the $210,000 bond to NAF. (ECF No. 821.) Defendants have now appealed that order, which will be reviewed for abuse of discretion. (ECF No. 822); *see Mitchell v. United States*, 958 F.3d 775, 783-84 (9th Cir. 2020). Defendants filed the instant motion on March 29, 2024, in which they seek a stay of the portion of the Court's order directing SureTec to release the contempt bond. As of the date of this filing, the amount owed under the Court's contempt sanctions order has accrued to $211,753.62, which, as the Court recently recognized in its order, already exceeds the posted amount.

## ARGUMENT

The sole basis for Defendants' motion is that "[t]he Court's permanent injunction against

Defendants, and, by extension, the contempt sanctions it issued, all flow from the conclusion that Defendants waived their First Amendment rights in their dealings with Plaintiff." (Mot. at 2.) According to Defendants, "[t]his conclusion is untenable following the Court's decision in *Project Veritas*, which extended the powerful protections granted to unannounced recordings as core First Amendment activity." (*Id.*) Defendants are wrong, both on the law and the import of *Project Veritas* in the context of this case. Simply put, Defendants have not, nor can they, "ma[ke] a strong showing that [they are] likely to succeed on the merits" as is required to warrant a stay pending appeal. *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).[1]

As this Court recently held, "Defendants are not entitled to relief under Rule 60(b)(5) for three independent reasons." (ECF No. 821 at 6.) Defendants' Motion offers nothing to change that analysis. To the contrary, Defendants offer little more than hypotheticals and arguments that this Court has already rejected. For example, according to Defendants, "[e]nforcing surety liability would therefore allow Plaintiff to seize the bond when the Ninth Circuit has already, and may very well once more, decide *Project Veritas* in a way that vitiates Plaintiff's basis for an injunction and the Court's imposition of contempt sanctions." (Mot. at 2-3.) Yet, as this Court concluded, "even if *Project Veritas* could be considered to have created a significant change in the law *and* the *en banc* court reaches the same or a similar conclusion nullifying the Oregon recording statute, the issues under consideration in *Project Veritas* have *no bearing* on the injunction in this case." (*Id.* at 6-7 (emphasis in original).)

Further, as both this Court and the Ninth Circuit have recognized, "[t]he liability supporting the Permanent Injunction was defendants' knowing breach of contracts and their knowing waiver of any First Amendment rights they might otherwise have had to publish the illegally secured NAF recordings." (ECF No. 821 at 7; *see also* ECF Nos. 354, 720, 776.) Even if, as Defendants contend, *Project Veritas* "strengthened the public policy supporting the right of

---

[1] In evaluating a motion to stay pending appeal, Courts also consider whether the applicant will be irreparably injured without a stay; whether issuing the stay will substantially injure the other parties interested in the proceeding; and where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). All factors favor NAF.

NAF's Opp. to Defs.' Mot. to Stay Enforcement of Surety Liability Pending Appeal
Case No. 3:15-cv-03522-WHO

2

journalists and all other citizens to engage in free speech by creating unannounced recordings," the Court said nothing whatsoever to suggest a party cannot knowingly and voluntarily waive First Amendment rights simply because the "right" involved is to make unannounced recordings. (Mot. at 5; *see also* ECF No. 821 at 7 ("The *Project Veritas* decision is not on point with respect to defendants' liability here or to the propriety of the Permanent Injunction.")) Defendants simply overread Ninth Circuit's original opinion in *Project Veritas*, which in all events *has been vacated*.

Defendants also repeat their argument that the Permanent Injunction imposes a content-based restriction, but once again they are wrong. As this Court already recognized, the carveout allowing the state-court to make orders about how covered materials can be used is, "at most a content-neutral distinction meant to preserve Daleiden's Sixth Amendment rights." (ECF No. 821 at 7 n.3.)

Finally, Defendants ignore that contempt sanctions were awarded jointly and severally against Defendants and contemnors Cooley and Ferreira, neither of whom joined Defendants' motion seeking a stay. The fact that only two of four parties responsible for paying the award are even seeking a stay also strongly counsels against granting one.

For all of these reasons, Defendants' Motion should be denied.[2]

## CONCLUSION

For the foregoing reasons, Defendants' Administrative Motion to Stay Enforcement of Surety Liability Pending Appeal should be denied.

Dated: April 2, 2024                    MORRISON FOERSTER LLP

By:   */s/ Caitlin Sinclaire Blythe*
         CAITLIN SINCLAIRE BLYTHE

         Attorneys for Plaintiff
         NATIONAL ABORTION FEDERATION

---

[2] Further, Defendants assert that the existing $210,000 bond will secure NAF's interest. (ECF No. 823 at 5.) As of the date of this filing, the amount owed under the Court's contempt sanctions order has accrued to $211,753.62, which already exceeds the posted amount. If the Court enters a stay, that interest owed to NAF will only increase, with no promise that NAF will ever be paid additional interest owed to it.

NAF's Opp. to Defs.' Mot. to Stay Enforcement of Surety Liability Pending Appeal
Case No. 3:15-cv-03522-WHO

3