Harmeet K. Dhillon (SBN 207873)
Mark P. Meuser (SBN 231335)
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
Tel. 415-433-1700; Fax. 415-520-6593
harmeet@dhillonlaw.com
mmeuser@dhillonlaw.com

John M. Reeves*
REEVES LAW LLC
7733 Forsyth Blvd., Suite 1100-1192
St. Louis, MO 63105
Tel. 314-775-6985
reeves@appealsfirm.com

*Attorneys for Defendants the Center for Medical Progress, BioMax Procurement Services, LLC, and David Daleiden*

*Admitted pro hac vice

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATIONAL ABORTION FEDERATION (NAF),<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>THE CENTER FOR MEDICAL PROGRESS, BIOMAX PROCUREMENT SERVICES, LLC, DAVID DALEIDEN (aka "ROBERT SARKIS"), and TROY NEWMAN,<br><br>　　　　　Defendants. | Case No. 3:15-cv-3522 (WHO)<br><br>**MOTION FOR CLARIFICATION**<br><br>Hon. Judge William H. Orrick, III |

1  On April 3, 2024, this Court issued a Minute Order in which this Court ordered defendants Biomax Procurement Services, LLC, the Center for Medical Progress, and David Daleiden ("Defendants") "to undertake all efforts and remove or block non-parties' access to recordings or other information covered by the Permanent Injunction from all websites … by 8:00 p.m. April 3, 2024". After careful review of Defendants' YouTube channels and other social media platforms, counsel for Defendants do not believe that any of the videos displayed there are covered by this Court's Permanent Injunction. Instead, the videos on Defendants' YouTube channels and other social media platforms that were the subject of yesterday's hearing before this Court appear to be republications of material made public during a Congressional hearing that took place on March 19, 2024, and subsequently published by at least one member of Congress on social media prior to their publication by Defendants.

A careful review of Defendants' YouTube channels and social media platforms by Defendants' counsel reveals that all of the videos that were discussed at yesterday's hearing before this Court, appear to be a republication of videos downloaded from the publicly available March 19, 2024 Congressional hearing led by Congresswoman Marjorie Taylor Greene. A publicly available video of the Congressional hearing can be seen at https://www.youtube.com/live/yXIYGBMoIsc?si=Ab3KKwnKHx3J5sMP.

The four types of videos most recently posted on Defendants' YouTube channel and other social media platforms, and that were discussed at yesterday's hearing before this Court, are as follows:

1. Defendants appear to have downloaded the entire publicly available March 19, 2024 Congressional hearing and republished it on their social media platforms. An example of Defendants republishing the entire Congressional hearing can be seen at https://youtu.be/ufcY_nN3NXs?si=-CvGXMj7WOyvzpue.

2. Defendants appear to have made clips of Mr. Daleiden's March 19, 2024 Congressional testimony and republished these clips. An example of Defendants sharing an excerpt of Mr. Daleiden's opening statements at the March 19, 2024

1

1  Congressional hearing can be seen at
2  https://youtu.be/RNeQ7kf1CFg?si=7yHaf5F2yU5tZYI0.

3. Defendants appear to have downloaded the publicly available video of the Congressional hearing and made clips of videos displayed publicly during the Congressional hearing and republished these clips. There appears to be five main clips of videos that were shown during the Congressional hearing:

   A. At minute 41 of the Congressional hearing, a video was shown regarding the revenue from tissue sales. An example of Defendants republishing this clip can be found at https://youtu.be/tlxEwxKNf7I?si=wTBi2Wmx2sPNk_Ov.

   B. At minute 43 of the Congressional hearing, a video was shown regarding the sale of a liver for $1,500. An example of Defendants republishing this clip can be found at https://youtu.be/_h9PVygESCQ?si=XZcjGU_DpsnjG6Nm.

   C. At minute 44 of the Congressional hearing, a video was shown regarding an individual talking about pulling off a leg during an abortion procedure. An example of Defendants republishing this clip can be found at https://youtu.be/FcjvP7NUmXs?si=TeTGi5T84OZsv5xo.

   D. At minute 51 of the Congressional hearing, a video was shown regarding an individual describing an incident of an eyeball falling into her lap during an abortion procedure. An example of Defendants republishing this clip can be found at https://youtu.be/8QPSNujRmKk?si=8N6VwRmY14A9c_jS.

   E. At minute 54 of the Congressional hearing, a video was shown regarding an individual talking about the opportunity to sell fetal organs. An example of Defendants republishing this clip can be found at https://youtu.be/FcjvP7NUmXs?si=WaY1jZANGCuRX9h5.

4. Defendants appear to have taken clips of the videos shown during the Congressional hearing and added some editorial context about how Defendants have been unable to share these videos because this Court had issued an injunction prohibiting Defendants

from sharing such footage. An example of one of these videos taking publicly available video from the Congressional hearing and Defendants adding their own editorial context to the videos can be found at https://youtu.be/MsAIedyf7es?si=PQgnJeUCL4TDBGQP.

In order for Defendants to comply with this Court's order, they seek clarification as to exactly what type of videos this Court believes are covered by the Court's Permanent Injunction of May 4, 2021 (Dkt. 723). Throughout this long history of litigation, this Court has indicated that videos that are already in the public record, are not subject to this Court's injunctions. (*See, e.g.*, Transcript of Proceedings from September 1, 2015 hearing p. 23:10 – 24:10, where this Court stated that it would not require Defendants to take down the alleged NAF information discussed therein, because the statements were "publicly available").

All of the videos recently posted and discussed in general or specifically at the hearing before this Court yesterday, are or derive directly from public testimony in Congress on March 19, 2024, and as such, none of them are covered by the Court's injunction, in the view of Defendants and their counsel. Nonetheless, should this Court order that any of these videos, described for the Court's convenience above, should be taken down pending the outcome of the briefing and show cause hearing ordered by this Court for April 15, 2024, Defense counsel stands ready to comply with this Court's clarifying order.

Defendants are concerned that if they were to remove any videos at this point, without any further clarification from this Court as to what videos this Court wishes for them to remove, it would amount to a judicial admission on their part that the removed videos are, in fact, covered by the permanent injunction, and that they would be foreclosed from disputing this in their merits filing due on Wednesday, April 10.

///

///

| | |
|---|---|
| DATED: April 4, 2024 | By: /s/ Mark P. Meuser<br>MARK P. MEUSER |

Harmeet K. Dhillon (SBN 207873)
Mark P. Meuser (SBN 231335)
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
Tel. 415-433-1700; Fax. 415-520-6593
harmeet@dhillonlaw.com
mmeuser@dhillonlaw.com

John M. Reeves, *pro hac vice*
REEVES LAW LLC
7733 Forsyth Blvd., Suite 1100-1192
St. Louis, MO 63105
Tel. 314-775-6985
reeves@appealsfirm.com

*Attorneys for Defendants the Center for Medical Progress, BioMax Procurement Services, LLC, and David Daleiden*