UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ABORTION FEDERATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CENTER FOR MEDICAL PROGRESS, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-03522-WHO<br><br>**CLARIFICATION OF APRIL 3, 2024 ORDER**<br><br>Re: Dkt. No. 832 |

　　　　Defendants seek clarification of my April 3, 2024 Order requiring them to take down from websites and social media channels, or prevent public access to if materials cannot be taken down, *all materials* covered by the Permanent Injunction. Dkt. No. 831 ("April 3, 2024 Order").

　　　　The Order was, apparently, not clear enough for defendants. This should provide the clarity defendants require:

　　　　The April 3, 2024 Order covers all recordings and information that defendants secured from the 2014 and 2015 NAF Conferences, or secured as a result of their presence at those conferences, hereafter "Covered Materials." Even if the recordings or materials that defendants are now publishing or otherwise sharing were produced to Congress in 2015, and even if some quantity of the recordings or materials were published by Congress or have otherwise been publicly disclosed, **those are Covered Materials under the Permanent Injunction and defendants must remove them from websites and social media channels over which they have control or posting access for**. Covered Materials extend beyond recordings or other information "most recently" posted by defendants to their media channels. *See* Dkt. No. 832. It

does not matter *when* defendants posted recordings or other information; all Covered Materials must come down by **4:00 p.m. April 4, 2024**.

Defendants will have an opportunity to argue that some quantum of the Covered Materials should no longer be considered covered by the Permanent Injunction because those materials have been publicly disclosed by Congress. That is why I set the Order to Show Cause hearing on an expedited basis; so that defendants quickly get the process that they are due. Complying with this Order and the April 3rd order will not be construed as an admission.

However, defendants are not entitled to make those determinations on their own without first seeking clarification from the Court. This is at least the *second* time defendants have decided to publicly post materials covered by an injunction issued by me based on their personal beliefs that their actions were not in violation of my orders. Whether that conduct subjects them or those acting in concert with them to civil sanctions or other remedies will be determined at the Order to Show Cause Hearing on April 15, 2024 at 2:30 p.m.

Defense counsel shall file a declaration by confirming that defendants have complied with this clarified Order by **5:00 p.m. April 4, 2024**.

**IT IS SO ORDERED.**

Dated: April 4, 2024

William H. Orrick
United States District Judge